| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br><br>**FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Michael J. Viscount, Jr., Esq.<br>Raymond M. Patella, Esq.<br>1301 Atlantic Avenue, Suite 400<br>Atlantic City, NJ 08401<br>(609) 348-4515/fax (609) 348-6834<br>mviscount@foxrothschild.com<br>rpatella@foxrothschild.com<br><br>**WHITE & CASE LLP**<br>John K. Cunningham, Esq. (*pro hac vice* pending)<br>Richard S. Kebrdle, Esq. (*pro hac vice* pending)<br>Kevin M. McGill, Esq. (*pro hac vice* pending)<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>(305) 371-2700/fax (305) 358-5744<br>jcunningham@whitecase.com<br>rkebrdle@whitecase.com<br>kmcgill@whitecase.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>REVEL AC, INC.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 14-22654 (GMB) |
| In re:<br><br>REVEL AC, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 14-22655 (GMB) |

| | |
|---|---|
| In re:<br><br>REVEL ATLANTIC CITY, INC.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 14-22658 (GMB) |
| In re:<br><br>REVEL ENTERTAINMENT GROUP, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 14-22659 (GMB) |
| In re:<br><br>NB ACQUISITION, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 14-22660 (GMB) |
| In re:<br><br>SI LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 14-22661 (GMB) |

## **DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CASES**

Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby file this motion (the "Motion") pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for joint administration of their respective chapter 11 cases.  In support of the Motion, the Debtors submit the Declaration of Shaun Martin in Support of First Day

Motions and Applications (the "Martin Declaration")[1] filed contemporaneously herewith and incorporated herein by reference, and respectfully represent as follows:

### Background

1. The Debtors own and operate a state of the art resort facility unlike any other in Atlantic City, New Jersey. The Debtors' facility consists of 6.2 million square feet, located on approximately 20 acres with 820 feet of boardwalk frontage, and features the tallest building in Atlantic City, the Revel hotel, a sleek 47-story, 710-foot high tower. The Debtors' 130,000 square foot casino features 110 table games and approximately 2,300 slot machines. The Debtors employ approximately 3,140 employees to operate the Revel facility. Additionally, the Debtors' retail, food and beverage partners employ hundreds of employees who also work in the Debtors' facility.

2. On June 19, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), thereby commencing these Chapter 11 Cases. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. To date, no official committee or examiner has been appointed by the Office of the United States Trustee in these Chapter 11 Cases.

4. Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' debt structure and information on the events leading up to the Chapter 11 Cases are contained in the Martin Declaration.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Martin Declaration.

**Jurisdiction**

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.    By this Motion, pursuant to Bankruptcy Rule 1015(b), the Debtors seek the joint administration of their Chapter 11 Cases for procedural purposes only.

**Basis for Relief**

7.    Bankruptcy Rule 1015(b) provides, in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to grant the relief requested herein.

8.    Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.

9.    Each of the Debtors is either a borrower or a guarantor under the prepetition credit facilities being restructured in these Chapter 11 Cases.  As a result, many of the motions, hearings and orders that will arise in these Chapter 11 Cases will affect each Debtor.

10.    Joint administration of the Debtors' chapter 11 cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights.  For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.  The Debtors anticipate that numerous notices,

applications, motions, other pleadings and orders in these cases will affect many or all of the Debtors. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration will also enable parties in interest in each of the above-captioned Chapter 11 Cases to be apprised of the various matters before the Court in all of these cases.

11. Because these cases involve multiple Debtors with numerous potential creditors, the entry of an order of joint administration will: (i) significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court; (ii) simplify for the Office of the United States Trustee the supervision of the administrative aspects of these chapter 11 cases; (iii) render the completion of various administrative tasks less costly and (iv) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases. Additionally, because this is <u>not</u> a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these cases as each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

12. The entry of a joint administration order in multiple related cases is common and generally non-controversial in this district and elsewhere. <u>See, e.g.</u>, <u>In re Newark Grp. Inc.</u>, No. 10-27694 (NLW) (Bankr. D.N.J. June 10, 2010) (order directing joint administration of related chapter 11 cases); <u>In re TCI 2 Holdings, LLC</u>, No. 09-13654 (JHW) (Bankr. D.N.J. Feb. 18, 2009) (same); <u>In re Tarragon Corp.</u>, No 09-10555 (DHS) (Bankr. D.N.J. Jan. 15, 2009) (same); <u>see also</u> <u>In re Majestic Star Casino, LLC</u>, No. 09-14136 (KG) (Bankr. D.

Del. Nov. 23, 2009) (same); In re Tropicana Ent., LLC, No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008) (same).

13. Accordingly, the Debtors submit that joint administration of the above-captioned cases is in their best interests, as well as those of their respective estates, creditors and other parties in interest.

14. In addition, the Debtors request that the Court approve the form of caption set forth on Exhibit "A" attached hereto. The Debtors submit that the use of this caption, without specific reference to every debtor, will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

15. Finally, the Debtors request that a docket entry reflecting the joint administration, in the form set forth in the proposed order attached hereto, be made in each of the Debtors' cases.

## Waiver of Memorandum of Law

16. In accordance with Rule 9013-2 of the District of New Jersey Local Bankruptcy Rules, no brief is being filed in support of this Motion because the legal principles involved are not novel or in dispute and are adequately set forth in the Motion.

## Notice

17. Notice of this Motion has been provided to the (i) Office of the United States Trustee for the District of New Jersey, (ii) counsel to the First Lien Lenders, (iii) counsel to the Second Lien Lenders, (iv) counsel to the DIP Agent, (v) the Debtors' 30 largest unsecured creditors on a consolidated basis (including counsel if known), (vi) all parties requesting notices pursuant to Bankruptcy Rule 2002, (vii) the Office of the Attorney General for the State of New Jersey, (viii) the New Jersey Division of Gaming Enforcement, (ix) the New Jersey Casino Control Commission, (x) the Office of the Governor for the State of New Jersey, (xi) the United

States Attorneys' Office for the District of New Jersey, (xii) the United States Attorney General, (xiii) the Internal Revenue Service and (xiv) the Securities and Exchange Commission. The Debtors submit that no other or further notice need be provided.

18. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: June 19, 2014
       Atlantic City, New Jersey

    FOX ROTHSCHILD LLP

    By: /s/ Michael J. Viscount, Jr.
    Michael J. Viscount, Jr., Esq.
    Raymond M. Patella, Esq.
    1301 Atlantic Avenue, Suite 400
    Atlantic City, NJ 08401
    (609) 348-4515/fax (609) 348-6834
    mviscount@foxrothschild.com
    rpatella@foxrothschild.com

    – and –

    John K. Cunningham, Esq.
    (*pro hac vice* pending)
    Richard S. Kebrdle, Esq.
    (*pro hac vice* pending)
    Kevin M. McGill, Esq.
    (*pro hac vice* pending)
    WHITE & CASE LLP
    Southeast Financial Center
    200 South Biscayne Boulevard, Suite 4900
    Miami, Florida 33131
    (305) 371-2700/fax (305) 358-5744
    jcunningham@whitecase.com
    rkebrdle@whitecase.com
    kmcgill@whitecase.com

    *Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit "A"**

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., et al., | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.