| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br><br>**FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Michael J. Viscount, Jr., Esq.<br>Raymond M. Patella, Esq.<br>1301 Atlantic Avenue, Suite 400<br>Atlantic City, NJ 08401<br>(609) 348-4515/fax (609) 348-6834<br>mviscount@foxrothschild.com<br>rpatella@foxrothschild.com<br><br>**WHITE & CASE LLP**<br>John K. Cunningham, Esq. (*pro hac vice* pending)<br>Richard S. Kebrdle, Esq. (*pro hac vice* pending)<br>Kevin M. McGill, Esq. (*pro hac vice* pending)<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>(305) 371-2700/fax (305) 358-5744<br>jcunningham@whitecase.com<br>rkebrdle@whitecase.com<br>kmcgill@whitecase.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>REVEL AC, INC., et al.,<br><br>                                Debtors.[1] | Chapter 11<br><br>Case No. 14-22654 (GMB)<br><br>Joint Administration Requested |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
AND APPROVING THE RETENTION OF ALIXPARTNERS, LLP AS CLAIMS
AND NOTICING AGENT *NUNC PRO TUNC* TO THE PETITION DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby file this this application (the "Application") pursuant to 28 U.S.C. § 156(c) for entry of an order authorizing and approving the employment and retention of AlixPartners, LLP ("AlixPartners") as the claims and noticing agent in the Chapter 11 Cases nunc pro tunc to the Petition Date (as defined below). In support of the Application, the Debtors submit the Declaration of Shaun Martin in Support of First Day Motions (the "Martin Declaration")[2] filed contemporaneously herewith and incorporated herein by reference and the Declaration of Meade Monger in Support of the Debtors' Application for Entry of an Order Authorizing the Appointment of AlixPartners, LLP as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date (the "Monger Declaration"), and respectfully represent as follows:

**Background**

1.     The Debtors own and operate a state of the art resort facility unlike any other in Atlantic City, New Jersey. The Debtors' facility consists of 6.2 million square feet, located on approximately 20 acres with 820 feet of boardwalk frontage, and features the tallest building in Atlantic City, the Revel hotel, a sleek 47-story, 710-foot high tower. The Debtors' 130,000 square foot casino features 110 table games and approximately 2,300 slot machines. The Debtors employ approximately 3,140 employees to operate the Revel facility. Additionally, the Debtors' retail, food and beverage partners employ hundreds of employees who also work in the Debtors' facility.

2.     On June 19, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Martin Declaration.

101, et seq. (the "Bankruptcy Code"), thereby commencing these Chapter 11 Cases.  The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      To date, no official committee or examiner has been appointed by the Office of the United States Trustee in these Chapter 11 Cases.

4.      Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' debt structure and information on the events leading up to the Chapter 11 Cases are contained in the Martin Declaration.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.      By this Application, pursuant to 28 U.S.C. § 156(c), the Debtors request entry of an order, substantially in the form attached hereto as Exhibit "B", authorizing and approving the appointment of AlixPartners as the claims and noticing agent (the "Claims and Noticing Agent") nunc pro tunc to the Petition Date to, among other things, assume full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in these Chapter 11 Cases.

**Basis for Relief**

7. Pursuant to 28 U.S.C. § 156(c), the Court is empowered to utilize outside agents and facilities to send notices and perform other tasks, provided that the costs of these facilities and services are paid for out of estate assets.[3]

8. The Debtors estimate that there are thousands of creditors in these Chapter 11 Cases. The Debtors expect many of the creditors to file proofs of claim. It appears that the noticing, receiving, docketing and maintaining of proofs of claim in this volume would be unduly time consuming and burdensome for the Clerk's Office. In addition, the Debtors believe that there are many additional parties in interest who should receive notice of various matters in these cases.

9. The Debtors' selection of AlixPartners to act as the Claims and Noticing Agent followed the Debtors' review of engagement proposals from two other Court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit that, based on all engagement proposals obtained and reviewed, AlixPartners' rates are competitive and reasonable given AlixPartners' quality of services and expertise.

10. AlixPartners has substantial experience in the matters upon which it is to be engaged. It is one of the country's leading chapter 11 administrators with vast experience in noticing, claims processing and claims reconciliation. AlixPartners specializes in claims and noticing agent services and has a proprietary claims management system in which claims are

---

[3] 28 U.S.C. § 156 provides, in relevant part, as follows:

> (c) Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid out of the assets of the estate . . . .

28 U.S.C. § 156(c).

4

effectively managed for the Clerk of the Court. The Debtors have selected AlixPartners as their Claims and Noticing Agent because of the firm's experience in serving in such capacity in chapter 11 cases of this size and the reasonableness of its fees. AlixPartners has acted as official claims, balloting and/or noticing agent in several recent bankruptcy cases, from a variety of jurisdictions, including In re iGPS Co., LLC, Case No. 13-11459 (Bankr. D. Del. 2013) [Docket No. 47]; In re Solyndra, LLC, Case No. 11-12799 (Bankr. D. Del. 2011) [Docket No. 165]; In re Victor Valley Cmty. Hospital, Case No. 10-39537 (Bankr. C.D. Cal. 2010) [Docket No. 242]; In re Texas Rangers Baseball Partners, Case No. 10-43400 (Bankr. N.D. Tex 2010) [Docket No. 357]; In re Natural Prods. Grp,. Case No. 10-10239 (Bankr. D. Del. 2010) [Docket No. 41]; In re Centaur, LLC, Case No. 10-10799 (Bankr. D. Del. 2010) [Docket No. 27]; In re Lyondell Chem. Co., Case No. 09-10023 (Bankr. S.D.N.Y. 2009) [Docket No. 6500]; In re Metromedia Steakhouses Co., L.P., Case No. 08-12490 (Bankr. D. Del. 2008) [Docket No. 146]; In re Bombay Co., Case No. 07-44084 (Bankr. N.D. Tex. 2007) [Docket No. 61]; In re Delta Financial Corp., Case. No. 07-11880 (Bankr. D. Del. 2007) [Docket No. 126]; In re Diocese of Davenport, Case No. 06-02229 (Bankr. S.D. Iowa 2006) [Docket No. 109]; In re Nellson Nutraceutical, Inc., Case No. 06-10072 (Bankr. D. Del. 2006) [Docket No. 30]; In re Global Power Equip. Grp. Inc., Case No. 06-11045 (Bankr. D. Del. 2006) [Docket No. 62]; In re ASARCO LLC, Case No. 05-21207 (Bankr. S.D. Tex. 2005) [Docket No. 8232].

    11.    By appointing AlixPartners as the Claims and Noticing Agent in these Chapter 11 Cases, parties in interest will benefit from AlixPartners' significant experience and the efficient and cost-effective methods that it has developed.

    A.    **Services to Be Provided**

    12.    This Application pertains only to the work to be performed by AlixPartners under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c). Any work

5

to be performed by AlixPartners outside of this scope is not covered by this Application or by any order granting approval hereof and will be the subject of a separate retention application pursuant to section 327 of the Bankruptcy Code. Subject to the Court's approval, AlixPartners has agreed to provide, at the request of the Debtors or the Clerk's Office, the following services in its role as the Claims and Noticing Agent (the "Claims and Noticing Services"), among others, in these Chapter 11 Cases:

a) Assist with preparation for a potential bankruptcy filing under chapter 11 of the Bankruptcy Code;
b) Assist with developing the complete notice database system to inform all potential creditors as to the filing of the cases and the bar date notice;
c) Process and mail all notices including the initial bankruptcy notices and bar date notice;
d) Receive and process all proofs of claim and maintain the claims register;
e) Track all claims transfers and update ownership of claims in the claims register accordingly;
f) Provide both the Debtors and their counsel access to the claims database system;
g) Prepare creditors matrix listing all potential creditors;
h) Develop and host a case website including a secure document room for legal and transactional diligence as necessary;
i) File monthly claims register with the Court; and
j) Assist with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable.

13. In connection with its appointment as the Claims and Noticing Agent, AlixPartners represents, among other things, that:

i. AlixPartners will not consider itself employed by the United States and shall not seek any compensation from the United States in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

ii. By accepting appointment in these Chapter 11 Case, AlixPartners waives any rights to receive compensation from the United States;

6

    iii.    In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, AlixPartners will not be an agent of the United States and will not act on behalf of the United States;

    iv.    In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, AlixPartners will not misrepresent any fact to any person;

    v.    AlixPartners will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases; and

    vi.    It is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

### B. Terms of Compensation

14. Subject to the Court's approval, AlixPartners will provide the services set forth above pursuant to the terms of the engagement letter dated May 19, 2014 (the "Engagement Letter"), which is attached hereto as Exhibit "C".[4]

15. The Debtors request authority to compensate and reimburse AlixPartners in accordance with the payment terms of the Engagement Letter for all services rendered and expenses incurred in connection with the Debtors' Chapter 11 Cases. The Debtors and AlixPartners have agreed (subject to the Court's authorization hereof) that AlixPartners shall invoice the Debtors monthly for services rendered to the Debtors during the preceding month.

16. Due to the ordinary course and unavoidable reconciliation of fees and submission of expenses immediately prior to, and subsequent to, the Petition Date, AlixPartners has incurred but not billed fees and reimbursable expenses which relate to the prepetition period. AlixPartners hereby seeks this Court's approval to apply the retainer (the "Retainer") to these amounts and any further prepetition fees and expenses AlixPartners becomes aware of during its

---

[4] The description of certain terms of the Engagement Letter as summarized by the Application is for the convenience of the Court. The Engagement Letter, and not any descriptions in the Application, is the governing document.

7

ordinary course billing review and reconciliation. Upon the proposed applications of the Retainer, the Debtors would not owe AlixPartners any sums for pre-petition services and would not be a creditor of the Debtor.

17. AlixPartners is not a creditor of the Debtors. In the ninety days prior to the Petition Date, the Debtors paid AlixPartners a total of $108,984.44 to satisfy the Debtors' obligations under the Engagement Letter. These payments are as follows:

| Invoice No. | Invoice Date | Invoice Amount | Payment Date | Payment Amount | Service Period Covered |
|---|---|---|---|---|---|
| 2057968 | 05/20/14 | 15,000.00 | 05/21/14 | 15,000.00 | Retainer |
| 2058077 | 05/29/14 | 40,664.50 | 05/30/14 | 40,664.50 | 05/14/14 - 05/27/14 |
| 2058505 | 06/11/14 | 40,365.14 | 06/13/14 | 40,365.14 | 05/15/14-06/09/14 |
| 2058653 | 06/17/14 | 12,954.80 | 06/17/14 | 12,954.80 | 06/06/14-06/14/14 |

The Debtors believe that such terms are reasonable and appropriate for services of this nature and comparable to those charged by other providers of similar services.

18. In an effort to reduce the administrative expenses related to AlixPartners' retention, the Debtors seeks authorization to pay AlixPartners' fees and expenses, as set forth in the Engagement Letter, as administrative expenses under section 503 of the Bankruptcy Code without further application to this Court. AlixPartners agrees to maintain records of all services showing dates, services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors and counsel for any official committee appointed in these Chapter 11 Cases. If any dispute arises with respect to fees and expenses, such dispute shall be presented to the Court for resolution.

19. In connection with the reimbursement of actual and necessary expenses, it is AlixPartners' policy to charge its clients for direct expenses incurred in connection with providing client services. These expenses and charges include postage, transportation, printing,

MIAMI 1008177

supplies, long distance telephone charges, travel expenses and overtime expenses for work chargeable at the rates set forth in the Engagement Letter.

20. After considering its quality of performance in other cases, the Debtors have concluded that AlixPartners is the best choice for the Claims and Noticing Agent in these Chapter 11 Cases. The Debtors believe that the Engagement Letter contemplates compensation at a level that is reasonable and appropriate for services of this nature and is consistent with AlixPartners' compensation arrangement in other cases in which it has been retained to perform similar services. Subject to the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of New Jersey Local Bankruptcy Rules (the "Local Rules") and orders of the Court, the Debtors propose to pay AlixPartners discounted hourly rates for services rendered that are in effect from time to time, as set forth in the Engagement Letter, and to reimburse AlixPartners according to its customary reimbursement policies, and submit that such rates are reasonable.

C. **Disinterestedness**

21. To the best of the Debtors' knowledge, based upon the Monger Declaration attached hereto as Exhibit "A", neither AlixPartners nor any of its officers or employees (i) holds or represents any interest adverse to the Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee with respect to the services described herein and in the Engagement Letter; or (ii) holds or represents an interest adverse to the Debtors' estates.

9

22. To the best of the Debtors' knowledge, AlixPartners is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

23. The Debtors have been advised that AlixPartners will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, AlixPartners will supplement its disclosure to the Court.

24. The Debtors have been advised that, other than with its own partners and employees, and other than provided for in this Application, AlixPartners has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

25. The Debtors have been advised by AlixPartners that it will be responsive to all constituencies, including, without limitation, the Court, the Clerk's Office, the United States Trustee, the Debtors' attorneys, the members of, and attorneys for, the official committee of unsecured creditors and the claimants themselves. All transmission of documents by AlixPartners to the Clerk's Office and the United States Trustee will be by hand delivery or priority overnight delivery.

26. If these cases were to convert from cases under chapter 11 of the Bankruptcy Code to cases under chapter 7 of the Bankruptcy Code, AlixPartners has advised that it will perform its duties through the conversion process and shall continue its services as required. The chapter 7 trustee, however, is not obligated to retain AlixPartners during the chapter 7 cases.

MIAMI 1008177

27. If AlixPartners' services are terminated, AlixPartners has advised the Debtors that it shall perform its duties until a complete transition with the Clerk's Office or any successor claims and noticing agent has been accomplished.

## Waiver of Memorandum of Law

28. In accordance with Local Rule 9013-2, no brief is being filed in support of this Motion because the legal principles involved are not novel or in dispute and are adequately set forth in the Motion.

## Notice

29. Notice of this Application has been provided to the (i) Office of the United States Trustee for the District of New Jersey, (ii) counsel to the First Lien Lenders, (iii) counsel to the Second Lien Lenders, (iv) counsel to the DIP Agent, (v) the Debtors' 30 largest unsecured creditors on a consolidated basis (including counsel if known), (vi) all parties requesting notices pursuant to Bankruptcy Rule 2002, (vii) the Office of the Attorney General for the State of New Jersey, (viii) the New Jersey Division of Gaming Enforcement, (ix) the New Jersey Casino Control Commission, (x) the Office of the Governor for the State of New Jersey, (xi) the United States Attorneys' Office for the District of New Jersey, (xii) the United States Attorney General, (xiii) the Internal Revenue Service and (xiv) the Securities and Exchange Commission. The Debtors submit that no other or further notice need be provided.

30. No previous motion for the relief sought herein has been made to this or any other court.

MIAMI 1008177

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: June 19, 2014
      Atlantic City, New Jersey

                          FOX ROTHSCHILD LLP

                          By: /s/ Michael J. Viscount, Jr.
                              Michael J. Viscount, Jr., Esq.
                              Raymond M. Patella, Esq.
                              1301 Atlantic Avenue, Suite 400
                              Atlantic City, NJ 08401
                              (609) 348-4515/fax (609) 348-6834
                              mviscount@foxrothschild.com
                              rpatella@foxrothschild.com

                                  – and –

                              John K. Cunningham, Esq.
                              (*pro hac vice* pending)
                              Richard S. Kebrdle, Esq.
                              (*pro hac vice* pending)
                              Kevin M. McGill, Esq.
                              (*pro hac vice* pending)
                              WHITE & CASE LLP
                              Southeast Financial Center
                              200 South Biscayne Boulevard, Suite 4900
                              Miami, Florida 33131
                              (305) 371-2700/fax (305) 358-5744
                              jcunningham@whitecase.com
                              rkebrdle@whitecase.com
                              kmcgill@whitecase.com

                              *Proposed Co-Counsel to the Debtors and Debtors in Possession*