UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834
mviscount@foxrothschild.com
rpatella@foxrothschild.com

**WHITE & CASE LLP**
John K. Cunningham, Esq. (*pro hac vice* pending)
Richard S. Kebrdle, Esq. (*pro hac vice* pending)
Kevin M. McGill, Esq. (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744
jcunningham@whitecase.com
rkebrdle@whitecase.com
kmcgill@whitecase.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., <u>et al.</u>, | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |
| | **Objection Deadline:  July 7, 2014 at 4:00 p.m. (ET)**<br>**Hearing Date: July 11, 2014 at 10:00 a.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF (I) AN ORDER (A) AUTHORIZING AND
APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE
PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN
AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF
NOTICE OF THE AUCTION, SALE HEARING AND ASSIGNMENT PROCEDURES
AND (E) GRANTING RELATED RELIEF; AND (II) AN ORDER (A) AUTHORIZING
AND APPROVING THE SALE OF THE ASSETS OF THE DEBTORS FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND (B)
GRANTING RELATED RELIEF**

Revel AC, Inc. ("Revel") and its affiliated debtors and debtors in possession

(collectively, the "Debtors" or "Sellers") in the above-captioned chapter 11 cases (the "Chapter

11 Cases") hereby file this motion (the "Motion") for entry of: (i) an order, substantially in the

form attached hereto as Exhibit "A" (the "Bid Procedures Order"), pursuant to sections 105, 363

and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"),

Rules 2002, 6004 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 6004-1 of the District of New Jersey Local Bankruptcy Rules (the "Local

Rules"), (a) authorizing and approving bid procedures (the "Bid Procedures") to be employed in

connection with the proposed sale (the "Sale") of the assets (the "Purchased Assets") of Sellers,

(b) scheduling an auction (the "Auction") and a hearing (the "Sale Hearing") to consider

approval of the Sale, (c) authorizing and approving procedures (the "Assignment Procedures") to

be employed in connection with the assumption and assignment of certain contracts (the

"Assumed Contracts"), leases (the "Assumed Leases") and intellectual property (the "Intellectual

Property Rights") of the Debtors, (d) approving the manner and form of notice of the Auction,

the Sale Hearing and the Assignment Procedures, substantially in the form attached to the Bid

Procedures Order as Exhibit "2" (the "Sale Notice"), Exhibit "3" (the "Publication Notice") and

Exhibit "4" (the "Assignment Notice") and (e) granting related relief; and (ii) an order

substantially in the form attached hereto as Exhibit "B" (the "Sale Order"), pursuant to sections

105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007 and 9014 and

Local Rule 6004-1 (a) authorizing and approving the Sale of the Purchased Assets free and clear

of all liens, claims, encumbrances and interests and (b) granting related relief.  In support of the

Motion, the Debtors respectfully represent as follows:

## Preliminary Statement

1.      The Debtors believe that a prompt sale of their assets is necessary to

maximize and preserve the value of the Debtors' business.  Prior to the commencement of these

Chapter 11 Cases, the Debtors engaged in extensive discussions with a number of potential

financial and strategic investors, partners and other counterparties—none of which yielded a

solution to the Debtors' financial problems.  In addition, the Debtors are currently confronted

with severe liquidity constraints that—if not addressed—would jeopardize the going concern

value of the business, to the detriment of all stakeholders.  Accordingly, in the months prior to

the Petition Date, the Debtors sought out a source of financing that would enable them to

prosecute an expedited sale process under chapter 11 of the Bankruptcy Code.  Ultimately, the

Debtors negotiated the debtor-in-possession financing facility with the DIP Lenders,[2] which will

provide financing sufficient for the Debtors to consummate the sale of their business.

2.      The Bid Procedures proposed by the Motion will ensure that the Debtors'

sale process is conducted openly and in a manner that will encourage bidders to submit bids that

will best maximize the value of the Debtors' assets.  Accordingly, the Debtors seek entry of the

Bid Procedures Order, approval to conduct the sale process in accordance with the Bid

Procedures and, following the completion of such process, entry of the Sale Order.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Martin Declaration (as defined below) or the Agreement (as defined below).

## Background

### A.    Overview

3.    The Debtors own and operate a state of the art gaming and resort facility unlike any other in Atlantic City, New Jersey.  The Debtors' facility consists of 6.2 million square feet, located on approximately 20 acres with 820 feet of boardwalk frontage and features the tallest building in Atlantic City, the Revel hotel, a sleek 47-story, 710-foot high tower.  The Debtors' 130,000 square foot casino features 110 table games and approximately 2,300 slot machines.  The Debtors employ approximately 3,140 employees to operate the Revel Casino Resort.  Additionally, the Debtors' retail, food and beverage partners employ hundreds of employees who also work in the Debtors' facility.

4.    On June 19, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court"), thereby commencing these Chapter 11 Cases.  The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    To date, no official committee or examiner has been appointed by the Office of the United States Trustee in these Chapter 11 Cases.

6.    Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' debt structure and information on the events leading up to the Chapter 11 Cases are contained in the Declaration of Shaun Martin in Support of First Day Motions and Applications [Docket No. 5] (the "Martin Declaration").

### B.    Prepetition Marketing of the Assets

7.    In November 2013, the Debtors and the Secured Lenders agreed to the execution of the First Lien Credit Agreement and certain amendments to the Second Lien Credit

Agreement, providing the Debtors with approximately $75 million of needed additional liquidity.

In addition, the Debtors and the First Lien Agent entered into that certain letter agreement dated

as of November 8, 2013 (the "Letter Agreement"), which provided for the Debtors to

immediately begin a strategic process.

8.      In accordance with the Letter Agreement, the Debtors engaged an

investment banker, Moelis & Company ("Moelis"), to assist the Debtors in pursuing a sale,

merger, equity investment or other similar transaction.  After being retained by the Debtors,

Moelis immediately began a targeted marketing process related to such potential transactions.

9.      For several months and as Moelis's marketing process continued, the

Debtors' management, together with Moelis and the Debtors' other advisors, facilitated due

diligence with potential buyers and engaged in negotiations with parties that submitted letters of

interest.  Although the Debtors made substantial progress with certain parties, the Debtors did

not reach a deal with any of these potential buyers prior to the Petition Date.

**C.      <u>Need for an Expedited Sale of the Debtors' Assets</u>**

10.      Given the Debtors' liquidity constraints, the Debtors and their advisors

have determined that a sale of the Debtors' assets will maximize value and provide recoveries to

creditors that otherwise would be unavailable.   Further, it is essential that the sale of the

Debtors' assets occurs on an expedited basis.  In light of the Debtors' recent financial

performance, the Debtors are operating on a tight budget and the proposed DIP Lenders—as part

of their agreement to fund the Debtors' chapter 11 sale process—will only permit the Debtors to

continue operating as a going concern for a limited period of time.

11.      Indeed, the DIP Loan Documents (as defined in the DIP Motion) include

milestones that require a sale be consummated on an expedited basis.  Failure to meet such

milestones will cause default under the DIP Loan Documents which will also cause the Debtors

to lose access to their sources of liquidity.  The Debtors would not have been able to obtain the

DIP Facility without agreeing to condition the postpetition financing on pursuit of an expedited

sale process.  Without an expedited sale, the Debtors would have no obvious alternative other

than to cease operations and liquidate their assets.  Moreover, given the Debtors' severe liquidity

constraints, the estates run the substantial risk of being unable to bear the administrative burden

of a successful liquidating plan and corresponding distribution to unsecured creditors if the

auction process is delayed.  In addition, any delay and the corresponding risk of administrative

insolvency could jeopardize the Debtors' operations, and therefore the sale process, and

significantly impact the possible recoveries of the Debtors' creditors.

12.    Accordingly, the Debtors respectfully request that the Court hold a hearing

on the Bid Procedures as soon as reasonably practical.   The Debtors note that the proposed DIP

Facility provides for the Bid Deadline (as defined below) to occur within 45 days of the Petition

Date.

### D.    **The Bid Procedures**

#### 1.  **Outline of the Bid Procedures**

13.    The Debtors' proposed Bid Procedures have been designed to maximize

the value of the Purchased Assets for the Debtors' estates, creditors and other interested parties.

The Bid Procedures describe, among other things, the Purchased Assets, the manner in which

bidders may submit qualified bids and become qualified bidders, the process for conducting the

Auction and the ultimate selection of the Successful Bidder (as defined below) and the date and

time of the Auction.  The Court and parties in interest are referred to the Bid Procedures Order

for the entirety of the Bid Procedures for which the Debtors seek approval.  The Bid Procedures

establish, among other things:[3]

    i.    The terms and conditions of the form Asset Purchase Agreement, which is attached to the Bid Procedures Order as Exhibit "1" (the "Agreement") (See Bid Procedures Order, at Exhibit "1");

    ii.    The deadline for submitting a Letter of Intent (as defined below) (See Bid Procedures Order, at ¶ 3(a));

    iii.    The deadline and requirements for submitting a Qualified Bid (as defined below) (See Bid Procedures Order, at ¶ 3(b));

    iv.    The methodology for valuing Qualified Bids (See Bid Procedures Order, at ¶ 3(c));

    v.    The criteria by which an Auction shall be triggered and the timing, location and procedures for conducting an Auction (See Bid Procedures Order, at ¶ 3(e));

    vi.    The methodology for selecting a Successful Bidder and a Backup Bidder (each as defined below) (See Bid Procedures Order, at ¶ 3(f), (g)); and

    vii.    Additional general matters relating to the Auction and Sale process, including the return of deposits (See Bid Procedures Order, at ¶ 3(g)).

    14.    The Bid Procedures Order contemplates that the hearing with respect to

the Sale will occur at the Sale Hearing and the Sale would be approved in the Sale Order.

**2.  Compliance with Local Rule 6004-1**

    15.    The Bid Procedures contain the following provisions that are to be

highlighted pursuant to Local Rule 6004-1:

    a.    Letters of Intent.  Each bidder shall, on or before July 18, 2014 (the "Letter of Intent Deadline"), deliver to the Debtors: (a) a letter of intent to bid under the Bid Procedures (the "Letter of Intent"), (b) reasonable proof acceptable to the Debtors, in consultation with a steering committee of Tranche B Term Loan Lenders under the First Lien Credit Agreement and the Second Lien Lenders (collectively, the "Steering Committee"), JPMorgan Chase Bank, N.A., as the First Lien Agent and Wells Fargo Bank, N.A., as the DIP Agent (each, together with the Steering Committee, the

---

[3]     The summary description of the Bid Procedures herein is provided for the convenience of the Court and parties in interest.  To the extent that there are any inconsistencies among this summary and the Bid Procedures Order, the Bid Procedures Order shall govern.

"Consultation Parties"), of the interested party's ability to consummate a purchase of the Purchased Assets and assumption of the Assumed Liabilities and (c) a proposal detailing the structure and range of proposed purchase price for the Purchased Assets. Unless otherwise agreed by the Debtors, a Letter of Intent submitted before the Letter of Intent Deadline is a prerequisite for a bid to be deemed a Qualified Bid (as defined below).

b.    Qualified Bids.  Each bidder shall, on or before August 1, 2014 (the "Bid Deadline"), deliver to the Debtors: (a) a cash deposit of 10% of the purchase price (the "Deposit"), (b) reasonable proof acceptable to the Debtors, in consultation with the Consultation Parties, of the interested party's ability to consummate a purchase of the Purchased Assets and assumption of the Assumed Liabilities, including copies of such party's annual, quarterly and monthly financial statements for the most recently ended fiscal periods, certified to be true, correct and complete in all material respects and evidence of sufficient financing and (c) an executed asset purchase agreement on substantially the terms of, or on more favorable terms than those set forth in, the Agreement, which asset purchase agreement shall (i) specify the amount of cash or other form of consideration acceptable to the Debtors (in consultation with the Consultation Parties), offered by the bidder for the Purchased Assets, (ii) not be subject to unperformed due diligence or obtaining financing nor provide for an expense reimbursement or break-up amount in favor of such bidder, (iii) constitute an irrevocable offer by such bidder to complete its proposed purchase upon the terms set forth therein, and must be irrevocable until closing of the Sale of the Purchased Assets to the Successful Bidder, (iv) seek to acquire the Purchased Assets and (v) be accompanied by a marked-up version of such asset purchase agreement reflecting changes from the Agreement (a "Qualified Bid").

c.    Qualified Bidders.  The Debtors shall determine, in consultation with the Consultation Parties, whether a bid qualifies as a Qualified Bid.  Only those persons who have submitted a Qualified Bid in compliance with this Bid Procedures Order shall be a "Qualified Bidder."  If a bid submitted on or before the Bid Deadline fails to meet all the requirements of a Qualified Bid, the Debtors are entitled to work with such bidder in an effort to cure any defects in the bid and to cause such bid to become a Qualified Bid, in consultation with the Consultation Parties, prior to the commencement of the Auction.

d.    Due Diligence.  Upon execution of a confidentiality agreement in a form acceptable to the Debtors, any bidder that wishes to conduct due diligence on the Debtors or their assets shall be granted access to all material information that has been or will be provided to other bidders, subject, in all cases, to the terms and conditions of the confidentiality agreement, applicable law or other restrictions the Debtors may deem necessary or appropriate to protect the proprietary information of the Debtors.  The due diligence period for bidders will end one business day prior to the Bid Deadline.  The Debtors shall coordinate all reasonable requests for additional information and due diligence access from potential bidders.  No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

e.    The Auction.  In the event the Debtors receive more than one Qualified Bid, an Auction shall commence at 9:00 a.m. (prevailing Eastern Time) on August 6,

2014. Each Qualified Bidder shall be invited to attend the Auction at the office of Debtors' counsel, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, which Auction must be attended in person. The Consultation Parties and their advisors shall be able to attend the Auction in person. The Purchased Assets shall be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under section 363(f) of the Bankruptcy Code. The following rules shall govern the Auction:

  i. Subject to the limitations set forth in these Bid Procedures, the opening price at such Auction shall be the highest and/or best offer of a Qualified Bidder selected, in consultation with the Consultation Parties, and announced by the Debtors.

  ii. Only Qualified Bidders may bid at the Auction. If multiple Qualified Bids are received, each Qualified Bidder shall have the right to continue to improve its Qualified Bid at the Auction.

  iii. Each subsequent overbid must provide an incremental amount of at least $5,000,000.00 of value to the Debtors, or such greater amount as designated by the Debtors from time to time, in consultation with the Consultation Parties.

  iv. At the conclusion of the Auction and subject to Court approval following the Auction, the successful bidder shall be selected, in consultation with the Consultation Parties, and announced by the Debtors (the "Successful Bidder"), and the backup bidder shall be selected, in consultation with the Consultation Parties, and announced by the Debtors (the "Backup Bidder").

  v. The Auction may be adjourned by the Debtors, in consultation with the Consultation Parties, from time to time without further notice other than an announcement of such adjournment by the Debtors at the Auction.

  vi. A valid credit bid (subject to and in accordance with section 363(k) of the Bankruptcy Code) received for the Purchased Assets shall be deemed in all respects equal in value to an all-cash bid in an amount equal to the face value of such credit bid on a dollar-for-dollar basis.

　　　　f.　　Successful Bidder. The Debtors may base the selection of the Successful Bidder and Backup Bidder on the following factors, among others: purchase price; liabilities assumed in the bid; and the markup of the Agreement submitted with the bid. The Debtors may, in consultation with the Consultation Parties, (a) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures or the terms and conditions of sale or (iii) contrary to the best interests of Sellers, their estates and creditors and/or (b) refuse to consider any bid that fails to comply with the Bid Procedures. After the determination of the Successful Bidder, the Debtors shall promptly execute the asset purchase agreement

previously executed and submitted by such Successful Bidder, together with any changes thereto necessitated by the parties' actions at the Auction.

g.    Backup Bidder.  If the Successful Bidder fails to consummate the sale, breaches the asset purchase agreement executed by the Successful Bidder or otherwise fails to perform, (a) the Debtors, in consultation with the Consultation Parties, may consummate the proposed sale with the next highest or best bidder at the Auction (i.e., the Backup Bidder), which hereafter shall be included in the definition of "Successful Bidder," without the need for further Court approval, (b) the Debtors, in consultation with the Consultation Parties, will retain the Deposit of such bidder and (c) the Debtors will maintain the right to pursue all available remedies against such bidder.  Notwithstanding anything to the contrary in these Bid Procedures, the Deposit of the Successful Bidder will be retained by the Debtors.  Deposits of all other bidders will be retained by the Debtors until closing of the sale of the Purchased Assets to the Successful Bidder.

h.    Reservation of Rights.  The Debtors reserve the right to modify the Bid Procedures, in consultation with the Consultation Parties, in any manner that will best promote the goals of the Sale, including, but not limited to, authority to consummate the Sale pursuant to or in conjunction with a chapter 11 plan in these Chapter 11 Cases. Nothing in the Bid Procedures shall prevent the Debtors, in the exercise of their business judgment, from considering bids for the purchase of less than substantially all of the Debtors' assets.

i.    Fees and Expenses.  All bidders submitting bids shall bear their own fees and expenses in connection with the bid, the bid process, the Auction and the proposed sale, whether or not such sale is ultimately approved, unless otherwise agreed to by the Debtors and approved by the Court, in consultation with the Consultation Parties. Further, by submitting a bid, a bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code in any way related to the submission of its bid, the bid process, the Auction or the sale.

### E.    Overview of the Agreement

#### 1.  Material Terms of the Agreement[4]

16.    The Debtors have prepared the Agreement, which Qualified Bidders may

alter pursuant to the Bid Procedures.  The agreement executed with the Successful Bidder or

Backup Bidder may vary the terms of the Agreement but, for the convenience of the Court, all

parties in interest and potential bidders, the salient terms of the Agreement can be summarized as

follows:

---

[4]    Notwithstanding any summary herein, the Debtors' chapter 11 plan and/or order confirming the plan may include additional relevant provisions, findings and/or relief.

▪ <u>Sellers</u>.  Sellers are Revel AC, Inc. and the other Debtors in these Chapter 11 Cases (Agreement, at 1).

▪ <u>Purchase Price</u>.  The aggregate purchase price for the Assets (the "Purchase Price") shall equal the sum of: (i) (x) a specified cash purchase price, (y) <u>plus</u> with respect to any Tax paid by or on behalf of any Seller on or prior to the Closing with respect to any taxable year or other taxable period beginning on or before such date and ending after such date, an amount in cash equal to the product of (1) the aggregate amount of such Tax paid, <u>multiplied</u> by, (2) a fraction, (I) the numerator of which is the number of days from and including the Closing to and including the last day of the taxable year or taxable period applicable to each such Tax and (II) the denominator of which is the total number of days in the taxable year or taxable period applicable to each such Tax; and (ii) <u>plus</u> the assumption of the Assumed Liabilities  (Agreement § 2.5).

▪ <u>Purchased Assets</u>.  As set forth in more detail in the Agreement, the Agreement provides for the sale of substantially all of the Debtors' assets.  The Purchased Assets will not include certain "Excluded Assets" listed in Section 2.2 of the Agreement (Agreement § 2.1).

▪ <u>Assumed Liabilities</u>.  As set forth in more detail in the Agreement, Purchaser will assume at Closing the certain liabilities specified in Section 2.3 of the Agreement (the "Assumed Liabilities") The Assumed Liabilities do not include certain "Excluded Liabilities" listed in Section 2.4 of the Agreement (Agreement § 2.3).

▪ <u>Closing Conditions</u>.  The obligations of Sellers and Purchaser to consummate the sale, transfer and assignment by Sellers to Purchaser of the Assets (the "Closing") are subject to the satisfaction of certain conditions, which are expected to include but not limited to, the following: (i) the Sale Order shall have been entered (Agreement §§ 9.5, 10.5), (ii) certain approvals have been obtained or provided by the applicable Governmental Authority, and no Governmental Authority or competent jurisdiction has enacted, issued, promulgated, enforced or entered any statute, rule, regulation or non-appealable judgment, decree, injunction or other order that is in the effect on the Closing Date and prohibits the consummation of the Closing (Agreement § 9.3), and (iii) certain Gaming Approvals, other approvals, consents and Permits necessary to consummate the Transactions shall have been obtained or provided by an Order of the Court or other Governmental Authority, including the expiration or termination of the waiting period (and each extension thereof, if any) applicable to the sale of the Purchased Assets under the HSR Act (Agreement § 10.3).

▪ <u>Termination</u>.  As set forth in more detail in Section 11.2 of the Agreement, the Agreement may be terminated in any of the following ways at any time before the Closing: (i) at any time by written consent of Purchaser and Sellers; (ii) by Purchaser, if the Closing shall not have occurred on or before the date that is ninety (90) days following the date the Sale Order is entered by the Court or such

later date as Sellers and Purchaser agree or is necessary due solely to the scheduling and availability of the Court (the "Termination Date"), subject to certain qualifications; (iii) by Sellers, if Purchaser is in breach of any of its representations or is in violation or default of any of its covenants or agreements in the Agreement, which would result in a failure of a condition set forth in Section 9 of the Agreement and which breach, violation or default is incapable of being cured or if such breach, violation or default has not been cured or waived within twenty (20) days following receipt of written notice from Sellers specifying, in reasonable detail, such claimed breach, violation or default and demanding its cure or satisfaction, subject to certain qualifications; (iv) by Purchaser, if Sellers are in breach of any of their representations or is in violation or default of any of its covenants or agreements in the Agreement, which would result in a failure of a condition set forth in Section 10 of the Agreement and which breach, violation or default is incapable of being cured or if such breach, violation or default has not been cured or waived within twenty (20) days following receipt of written notice from Purchaser specifying, in reasonable detail, such claimed breach, violation or default and demanding its cure or satisfaction, subject to certain qualifications; (v) by Sellers or Purchaser, if there shall be in effect a final non-appealable Order of a Governmental Authority of competent jurisdiction restraining, enjoining or otherwise prohibiting the consummation of the Transactions, it being agreed that the Parties shall as promptly as reasonably practicable appeal any adverse determination which is not non-appealable (and pursue such appeal with reasonable diligence), subject to certain qualifications; (vi) by Purchaser, if, as a result of an Order of the Court, these Chapter 11 Cases are converted to chapter 7 and a chapter 7 trustee is appointed with respect to Sellers; (vii) by Purchaser, if any secured creditor of any Seller obtains relief from the stay to foreclose on or enforce its rights against any material portion of the Assets; (viii) by Sellers, if Parent's Board of Directors determines based upon consultation with Sellers' counsel that proceeding with the Transaction as contemplated herein would be inconsistent with its fiduciary duties under applicable Law; or (ix) by Sellers, if the Closing shall not have occurred on or before the Termination Date, subject to certain qualifications  (Agreement § 11.2).

- Good Faith Deposit.  The Bid Procedures contemplate provision of a cash deposit of 10% of the cash purchase price.

- Tax Exemption.   The Agreement does not contemplate the seeking of a tax exemption.

- Record Retention.   Sellers shall arrange, at Purchaser's cost, as soon as reasonably practicable following the Closing Date for transportation to Purchaser of the Documents in the possession of any Seller that are Assets, to the extent not previously delivered in connection with the transactions, but excluding Documents that are Excluded Assets (Agreement § 5.1).

- <u>Credit Bid</u>.   The Bid Procedures contemplate allowing credit bidding, subject to and in accordance with section 363(k) of the Bankruptcy Code.

**2. Compliance with Local Rule 6004-1[5]**

17.   The Agreement (which is a form agreement that may be altered by the Successful Bidder) contains the following terms, conditions and provisions that are highlighted pursuant to Local Rule 6004-1:

- <u>Sale to Insider</u>.  The Agreement does not contemplate a sale to an insider.

- <u>Agreements with Management</u>.   The Agreement contemplates offering employment to all of the Debtors' employees (including management) on the same terms currently in place (Agreement § 8).

- <u>Releases</u>.   The Agreement does not provide for any release in favor of the potential purchaser.

- <u>Private Sale/No Competitive Bidding</u>.   The Agreement does not contemplate a private sale and provides for a competitive sale process in respect of the Debtors' assets.

- <u>Interim Agreements with Proposed Buyer</u>.   The Agreement does not contemplate interim arrangements with Purchaser.

- <u>Use of Proceeds</u>.   The Agreement does not contemplate a release of sale proceeds on or after the Closing Date without further Court order.

- <u>Sale of Avoidance Actions</u>.   The Agreement does not contemplate the sale of Avoidance Actions (Agreement § 2.2(d)).

- <u>Requested Findings as to Successor Liability</u>.   The Agreement does not contemplate findings as to successor liability.  The Agreement specifies Assumed Liabilities and Excluded Liabilities.  (Agreement §§ 2.3, 2.4).

- <u>Sale Free and Clear of Unexpired Leases</u>.  The Agreement contemplates a Sale of the Purchased Assets free and clear of all Encumbrances (other than Permitted Encumbrances and Assumed Liabilities) and entry of a Sale Order approving consummation of the Transactions, including, but not limited to, the sale of the Purchased Assets to Purchaser free and clear of Encumbrances (other than

---

[5]      Notwithstanding any summary herein, the Plan and/or Confirmation Order may contain and/or include additional relevant provisions, findings and/or relief.

Permitted Encumbrances and Assumed Liabilities) for the Purchase Price on the terms and conditions set forth in the Agreement (Agreement §§ 2.1, 5.7).

▪ **Relief from Bankruptcy Rule 6004(h).**  By this Motion, the Debtors request a waiver of Bankruptcy Rule 6004(h) with respect to the Sale.

F.   **Assumption and Assignment Procedures**

18.   The Debtors propose to establish the Assignment Procedures to be employed in connection with the identification and assumption of Assumed Contracts, Assumed Leases and Intellectual Property Rights, which are designed to maximize value for the Debtors' estates, creditors and other interested parties.  Specifically, the Debtors seek approval of the following Assignment Procedures:[6]

a.   Not later than fourteen (14) days prior to the Sale Hearing (as may be adjourned from time to time), the Debtors shall file with the Court a list identifying the Assumed Contracts, Assumed Leases and Intellectual Property Rights and the amounts necessary to cure defaults and/or to provide compensation or adequate assurance of compensation for actual pecuniary loss resulting from a default prior to the Petition Date under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights determined by the Debtors (such amounts, "Cure Payment Liability"). If the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder not set forth in the original Assignment Notice, the Debtors shall promptly send a supplemental notice (a "Supplemental Assignment Notice") to the applicable counterparties to such additional executory contracts and unexpired leases. The Debtors shall serve all counterparties to all Assumed Contracts, Assumed Leases and Intellectual Property Rights with the Assignment Notice, specifically stating that the Debtors are or may be seeking the sale, assumption and assignment of the Assumed Contracts, Assumed Leases and Intellectual Property Rights and notifying such parties of the deadline for objecting (a "Cure/Assignment Objection") to the amount of any Cure Payment Liability related to such Assumed Contracts, Assumed Leases and Intellectual Property Rights, as of the date that is three (3) business days prior to the Sale Hearing (the "Cure/Assignment Objection Deadline"), so as to enable any such party to object to the proposed Cure Payment Liability and the Court to determine such Cure Payment Liability as promptly as is reasonably possible.

b.   In cases in which Sellers are unable to establish that a default exists, the relevant Cure Payment Liability shall be set at $0.00 in the Assignment Notice.

---

[6]   The summary description of the Assignment Procedures herein is provided for the convenience of the Court and parties in interest.  To the extent that there are any inconsistencies among this summary and the Bid Procedures Order, the Bid Procedures Order shall govern.

**G.    Notice**

19.    The Debtors respectfully request that the Court approve the form and manner of notice described in the following paragraphs as reasonable, sufficient and in accordance with the Bankruptcy Code and Bankruptcy Rules with respect to the relief requested in the Motion and of the Sale and Auction.

20.    Within two (2) business days of entry of the Bid Procedures Order, the Debtors intend to serve the Sale Notice attached as Exhibit "2" to the Bid Procedures Order, by email, facsimile or first class mail on the Service Parties (as defined below) and on all known creditors of the Debtors.  At such time, or as soon as practicable thereafter, the Debtors also intend to submit for publication the Publication Notice, substantially in the form attached to the Bid Procedures Order as Exhibit "3", in the New York Times (National Edition) and the Press of Atlantic City and post the same on the Debtors' restructuring website established by the Debtors' claims and noticing agent (www.revelcaseinfo.com).  The Debtors submit that the manner, form and scope of the Sale Notice is reasonably calculated to provide all interested parties with timely and appropriate notice of the Sale, the Bid Procedures, the Auction and the Sale Hearing. Moreover, the Debtors believe that publication of the Publication Notice as set forth in this Motion and the Bid Procedures Order is reasonably calculated to provide all unknown creditors and parties not otherwise required to be served with a copy of the Sale Notice pursuant to the Bid Procedures Order with proper notice of the Sale, the Bid Procedures, the Auction and the Sale Hearing.  Thus, the Debtors submit that the notice as outlined herein constitutes good and sufficient notice of the relief requested herein.

21.    Additionally, to ensure adequate notice and pursuant to the Assignment Procedures, Sellers shall serve all counterparties to all Assumed Contracts, Assumed Leases and

Intellectual Property Rights with the Assignment Notice in the manner and form outlined above,

substantially in the form attached to the Bid Procedures Order as Exhibit "4", specifically stating

that Sellers are or may be seeking the sale, assumption and assignment of the Assumed

Contracts, Assumed Leases and Intellectual Property Rights.  Furthermore, the Assignment

Notice shall provide that the deadline for objecting to assumption and assignment of the

Assumed Contracts, Assumed Leases and Intellectual Property Rights shall be not less than three

(3) business days prior to the Sale Hearing.

### Jurisdiction

22.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§

157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before

the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

23.     By this Motion, the Debtors request entry of the Bid Procedures Order,

substantially in the form attached hereto as Exhibit "A":

(i)     authorizing and approving Bid Procedures to be employed in connection
with the proposed Sale of the Purchased Assets in the form and manner set
forth in the Bid Procedures Order;

(ii)    scheduling the Auction and the Sale Hearing;

(iii)   authorizing and approving the Assignment Procedures to be employed in
connection with the assumption and assignment of the Assumed Contracts,
the Assumed Leases and the Intellectual Property Rights;

(iv)    approving the form and manner of notice of the Bid Procedures, the
Auction and the Sale, substantially in the form attached as Exhibit "2" to
the Bid Procedures Order and the Publication Notice attached as Exhibit
"3" to the Bid Procedures Order; and

(v)     granting related relief.

Additionally, by this Motion, the Debtors request entry of the Sale Order, substantially in the

form attached hereto as Exhibit "B":

> (i)   authorizing and approving the Sale of the Purchased Assets free and clear
> of all liens, claims, encumbrances and interests; and

> (ii)  granting related relief.

### Basis for Relief

**A.  Approval of the Bid Procedures is Warranted**

        24.    The Bid Procedures will allow the Debtors to conduct the Auction in a

controlled, fair and open fashion that will encourage participation by financially capable bidders

who demonstrate the ability to close a transaction, thereby increasing the likelihood that the

Debtors will receive the best possible consideration for the Purchased Assets.  The Bid

Procedures will also allow the Debtors to undertake the Auction process in as expeditious a

manner as possible, which the Debtors believe, in the exercise of their business judgment, is

essential to maintaining and maximizing the value of their estates.  Indeed, other bankruptcy

courts in this circuit have routinely approved similar bid procedures.  See, e.g., In re Ashley

Stewart Holdings, Inc., Case No. 14-14383 (MBK) (Bankr. D.N.J. Apr. 3, 2014); In re RIH

Acquisitions NJ, LLC, Case No. 13-34483 (GMC) (Bankr. D.N.J. Nov. 19, 2013); In re Adamar

of New Jersey, Inc., Case No. 09-20711 (WHZ) (Bankr, D.N.J. May 8, 2009); In re Centaur,

LLC, Case No. 10-10799 (KJC) (Bankr. D. Del. July 28, 2010); In re RNI Wind Down Corp.,

Case No. 06-10110 (CSS) (Bankr. D. Del. Feb. 24, 2006); In re Nobex Corp., Case No. 05-

20050 (MFW) (Bankr. D. Del. Jan. 23, 2006); Russell-Stanley Holdings, Inc., Case No. 05-

12339 (BLS) (Bankr. D. Del. Sept. 8, 2005); In re Pharm. Formulations Inc., Case No. 05-11910

(MFW) (Bankr. D. Del. Aug. 8, 2005); In re Proxim Corp., Case No. 05-11639 (KG) (Bankr. D.

Del. July 1, 2005); In re AAIPharma Inc., Case No. 05-11341 (CSS) (Bankr. D. Del. June 8,

2005).  Accordingly, approval of the Bid Procedures is warranted.

    **B.  Approval of the Assignment Procedures Is Warranted**

        25.    The Debtors propose the adoption of the Assignment Procedures, as set

forth in the proposed Bid Procedures Order, that permit the assumption and assignment of the

Assumed Contracts, Assumed Leases and the Intellectual Property Rights.

        26.    Section 365(b)(1) of the Bankruptcy Code sets forth the following

requirements that a debtor in possession must satisfy before it may assume an executory contract:

> If there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . . , the trustee –
>
>     (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
>     (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract . . . , for any actual pecuniary loss to such party resulting from such default; and
>
>     (C)    provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

        27.    Further, section 365(f)(2) of the Bankruptcy Code provides that a debtor

may assign an executory contract after satisfying the following requirements:

> The trustee may assign an executory contract . . . of the debtor only if –
>
>     (A)    the trustee assumes such contract . . . in accordance with the provisions of this section; and
>
>     (B)    adequate assurance of future performance by the assignee of such contract . . . is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2); see also In re ANC Rental Corp., Inc., 277 B.R. 226, 238 (Bankr. D. Del.

2002) ("Having met the threshold requirement of a sound business purpose, the Debtors must

also cure any existing defaults and provide adequate assurance of future performance of the

assigned contracts.").

        28.     "The phrase 'adequate assurance of future performance' . . . is to be given

a practical, pragmatic construction based upon the facts and circumstances of each case . . . .

Although no single solution will satisfy every case, the required assurance will fall considerably

short of an absolute guarantee of performance." Carlisle Homes, Inc. v. Azzari (In re Carlisle

Homes, Inc.), 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (quoting In re Bon Ton Rest. & Pastry

Shop, Inc., 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985); see also Cinicola v. Scharffenberger, 248

F.3d 110, 120 n.10 (3d Cir. 2001) (quoting Carlisle); In re Decora Indus., Inc., No. 00-4459 JJF,

2002 WL 32332749, at *8 (D. Del. May 20, 2002).

        29.     One factor courts consider when determining whether the debtor has

provided adequate assurance of future performance is "the willingness and ability of the debtor

or its proposed assignee to fund cure payments." See In re Am. the Beautiful Dreamer, Inc., No.

05-47435, 2006 WL 2038646, at *2 (Bankr. W.D. Wash. May 18, 2006); In re Embers 86th St.,

Inc., 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995); see also In re NII Holdings, Inc., 288 B.R. 356,

375-76 (Bankr. D. Del. 2002) (implying in confirmation order that also constituted an order

approving assumptions and assignments of executory contracts and unexpired leases that

obligation to pay cure amount could be held by a debtor or its assignee).  Pursuant to the

Assignment Procedures, Purchaser shall assume all Cure Payment Liabilities in full and

complete satisfaction of section 365(f) of the Bankruptcy Code.  The Debtors believe that the

Assignment Procedures are fair and equitable and are necessary to ensure the efficient

identification and assumption of the Assumed Contracts, Assumed Leases and the Intellectual

Property Rights.  Accordingly, the Debtors respectfully request that the Court approve the

Assignment Procedures.

**C.  The Proposed Sale is Within the Debtors' Sound Business Judgment and Should Therefore Be Approved**

30.    Approval of the Sale is appropriate under the Court's powers under

section 105(a) of the Bankruptcy Code and authority to approve non-ordinary course transactions

under section 363(b) of the Bankruptcy Code.

31.    Section 105(a) provides that the "court may issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

11 U.S.C. § 105(a).  Section 105 confers broad powers on bankruptcy courts:

> [Section] 105 [is] 'an omnibus provision phrased in such general terms as
> to be the basis for a broad exercise of power in the administration of a
> bankruptcy case.  The basic purpose of § 105 is to assure the bankruptcy
> courts power to take whatever action is appropriate or necessary in aid of
> the exercise of its jurisdiction. . . .'

Davis v. Davis (In re Davis), 170 F.3d 475, 492 (5th Cir. 1999) (citation omitted).  The Debtors

recognize that section 105(a) of the Bankruptcy Code may be used only to carry out the

provisions of the Bankruptcy Code.  See In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 266

(3d Cir. 1991).  The major premise of chapter 11, however, is the continued and uninterrupted

operation of the debtor in possession to the greatest extent possible.  Thus, the Debtors'

requested relief is consistent with the "furtherance of the provisions of the Bankruptcy Code."

Id.; see also In re Southmark Corp., 113 B.R. 280, 281 (Bankr. N.D. Tex. 1990) (stating that "the

court may use [section] 105(a) to fashion orders that are necessary or appropriate to further a

substantive provision of the [Bankruptcy Code]").

32.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 147 (3d Cir. 1986).

33.    A sale of a debtor's assets should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business justification exists for such a sale.  See, e.g., Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999); In re Del. & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991) (noting that the "sound business purpose" test set forth in Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) is one of two tests for supporting a section 363 sale but declining to decide which is the Third Circuit's official test); see also In re Trans World Airlines, Inc., No. 01-00056 (PJW), 2001 WL 1820326, at *13 (Bankr. D. Del. Apr. 2, 2001).

34.    In determining whether a sound business justification exists, the Court may consider the following factors:  (i) whether fair and reasonable consideration is provided; (ii) whether the purchaser has acted in good faith; and (iii) whether adequate and reasonable notice of the sale was given to interested parties.  See Del. & Hudson Ry., 124 B.R. at 176.  As set forth below, these factors are satisfied with respect to the Sale.

**1.    A Sound Business Justification Exists for the Sale of the Purchased Assets**

35.    The Debtors respectfully submit that a sound business purpose exists to justify the Sale.  A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of the assets for the debtor's estate, its creditors or interest holders.  See, e.g., In re Lionel Corp., 722

F.2d 1063.  In fact, the paramount goal in any proposed sale of property of the estate is to

maximize the proceeds received by the estate.  See Four B. Corp. v. Food Barn Stores, Inc. (In re

Food Barn Stores, Inc.), 107 F.3d 558, 564-65 (8th Cir. 1997) (stating that in bankruptcy sales,

"a primary objective of the Code [is] to enhance the value of the estate at hand"); Official

Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147

B.R. 650, 659 (S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the . . .

[debtors'] duty with respect to such sales is to obtain the highest price or greatest overall benefit

possible for the estate.") (quoting Cello Bag Co. v. Champion Int'l Corp. (In re Atlanta

Packaging Prods., Inc.), 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

36.     There is more than adequate business justification to sell the Purchased

Assets to a Qualified Bidder.  Based upon an analysis of the Debtors' ongoing and future

business prospects, the Debtors' management and their advisors believe that the Sale of the

Purchased Assets pursuant to the terms and conditions set forth in the Agreement is in the best

interests of the estates.  Absent an expedited sale process in bankruptcy, the value of the Debtors'

business will continue to diminish and could lead to a fire sale liquidation, to the detriment of all

stakeholders.  Under these circumstances, sound business reasons exist that justify the sale of the

Purchased Assets outside of the ordinary course of business.

### 2.     The Proposed Consideration Offered Will Be Fair and Reasonable

37.     The Debtors are conducting a competitive bidding and auction process to

ensure the Debtors will receive the highest and/or otherwise best value for the Purchased Assets.

Consequently, the fairness and reasonableness of the consideration to be received by the Debtors

will ultimately be demonstrated by a "market check" through the Auction, which the Debtors

believes is the best means for establishing whether a fair and reasonable price is being paid for

the Purchased Assets.

> **3.**   **The Agreement Will Be Negotiated in Good Faith**

38.    Section 363(m) of the Bankruptcy Code provides that "[t]he reversal or

modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or

lease of property does not affect the validity of a sale or lease under such authorization to an

entity that purchased or leased such property in good faith . . . ." 11 U.S.C. § 363(m).

39.    While the Bankruptcy Code does not define "good faith," the Third Circuit

has stated that:

> The requirement that a purchaser act in good faith . . . speaks to the
> integrity of his conduct in the course of the sale proceedings.  Typically,
> the misconduct that would destroy a purchaser's good faith status at a
> judicial sale involves fraud, collusion between the purchaser and other
> bidders or the trustee, or an attempt to take grossly unfair advantage of
> other bidders.

In re Abbotts Dairies of Pa., Inc., 788 F.2d at 147 (quoting In re Rock Indus. Mach. Corp., 572

F.2d 1195, 1198 (7th Cir. 1978)).

40.    The Debtors will fully disclose and request the Court's approval of all the

terms and conditions of the Agreement (in the form ultimately reached with the Successful

Bidder) and intend to provide notice as directed by the Court.  Furthermore, the Debtors will be

prepared to introduce evidence at the Sale Hearing regarding the conduct of the Auction and the

negotiations with the potential bidders and any modifications to the form terms of the

Agreement.  The Debtors intend to present evidence to show that the highest and best Qualified

Bidder is entitled to a good faith finding under section 363(m) of the Bankruptcy Code.

Accordingly, the Debtors request that the Court find that the highest and best Qualified Bidder

chosen by the Debtors is a "good faith" buyer under section 363(m) of the Bankruptcy Code.

### D. **Adequate Notice of the Sale is Being Provided**

41.     In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside

of the ordinary course of business may be by private or by public auction.  Fed. R. Bankr. P.

6004(f)(l).  Further, pursuant to Bankruptcy Rule 2002(a)(2), this Court may, for cause shown,

shorten or direct another method of giving notice regarding the general twenty-one (21) day by

mail period for the proposed use, sale or lease of property of the estate other than in the ordinary

course of business.  See Fed. R. Bankr. P. 2002(a)(2).  Subject to Bankruptcy Rule 6004, the

notice of a proposed use, sale or lease of property required under Bankruptcy Rule 2002(a)(2)

must include the time and place of any public sale, the terms and conditions of any private sale

and the time fixed for filing objections.  See Fed. R. Bankr. P. 2002(c)(1).  Moreover, the notice

of a proposed use, sale or lease of property is sufficient if it generally describes the property.  Id.

42.     As stated above, this Motion will be served upon all Service Parties.

Furthermore, within two (2) business days after entry of the Bid Procedures Order, the Debtors

intend to serve the Sale Notice upon the Service Parties.  Moreover, the Debtors also intend to

submit for publication the Publication Notice in the New York Times (National Edition) and the

Press of Atlantic City and on the website of the Debtors' claims and noticing agent, AlixPartners,

LLP, within three (3) business days after the entry of the Bid Procedures Order.

43.     The Debtors submit that such notices and procedures set forth herein and

in the Bid Procedures Order satisfy the notice requirements of Bankruptcy Rules 2002 and 6004

and section 363(b) of the Bankruptcy Code and constitute good and sufficient notice and that no

other or further notice is required.  Accordingly, the Debtors respectfully submit that this Court

should not only approve the manner and form of the Sale Notice and Publication Notice but also

find that the notice described herein constitutes good and sufficient notice of the relief requested

in the Motion.

### Emergency Relief and Waiver of Stay

44.    Pursuant to Bankruptcy Rule 6003, the Court may grant relief within twenty-one (21) days after the filing of the petition regarding a motion to use property of the estate only if such relief is necessary to avoid immediate and irreparable harm.  For the reasons set forth above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors' estates.  Accordingly, the relief requested herein may be granted within the twenty-one days following the Petition Date.

45.    The Debtors further request a waiver of any stay of the effectiveness of the order approving this Motion to the extent such an order is entered.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, ***unless the court orders otherwise***." Fed. R. Bankr. P. 6004(h) (emphasis added).  Similarly, Bankruptcy Rule 6006(d) stays an order authorizing the assignment of executory contracts as follows: "An order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, ***unless the court orders otherwise***."  Fed. R. Bankr. P. 6006(d) (emphasis added).  As set forth above, the relief requested herein is critically important to prevent irreparable damage to the Debtors' operations.  Accordingly, the Debtors submit that cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d), to the extent they apply.

### Waiver of Memorandum of Law

46.    In accordance with Local Rule 9013-2, no brief is being filed in support of this Motion because the legal principles involved are not novel or in dispute and are adequately set forth in the Motion.

**Reservation of Rights**

47.    Debtors reserve the right to seek approval and authorization to

consummate the Sale in any manner that will best promote the goals of the Sale, including, but

not limited to, authority to consummate the Sale pursuant to confirmation of a chapter 11 plan.

**Notice**

48.    The Debtors have served or are in the process of serving this Motion and

all exhibits and declarations attached hereto by email, facsimile or next business day delivery on:

(i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the DIP

Agent; (iii) counsel to the First Lien Lenders; (iv) counsel to the Second Lien Lenders; (v) the

Debtors' thirty (30) largest unsecured creditors on a consolidated basis (including counsel if

known); (vi) the non-Debtor parties to any active UCC financing statements on file against any

of the Debtors; (vii) the non-Debtor parties who hold any tax or judgment liens; (viii) entities

previously identified by Moelis as potentially interested in a transaction with the Debtors; (ix) all

parties requesting notices pursuant to Bankruptcy Rule 2002; (x) the Office of the Attorney

General for the State of New Jersey; (xi) the New Jersey Division of Gaming Enforcement; (xii)

the New Jersey Casino Control Commission; (xiii) the United States Attorneys' Office for the

District of New Jersey; (xiv) the United States Attorney General; (xv) the Environmental

Protection Agency; (xvi) the Internal Revenue Service; (xvii) the Securities and Exchange

Commission; (xviii) holders of Permitted Liens (as defined in the First Lien Credit Agreement);

and (xix) the applicable state and local taxing authorities (collectively, the "Service Parties").

The Debtors submit that no other or further notice need be provided.

49.    No previous motion for the relief sought herein has been made to this or

any other court.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the

relief requested herein and (ii) granting the Debtors such other and further relief as the Court

deems just and proper.

Dated:  June 20, 2014
        Atlantic City, New Jersey

FOX ROTHSCHILD LLP

By: _____
    Michael J. Viscount, Jr., Esq.
    Raymond M. Patella, Esq.
    1301 Atlantic Avenue, Suite 400
    Atlantic City, NJ 08401
    (609) 348-4515/fax (609) 348-6834
    mviscount@foxrothschild.com
    rpatella@foxrothschild.com

            – and –

    John K. Cunningham, Esq.
    (*pro hac vice* pending)
    Richard S. Kebrdle, Esq.
    (*pro hac vice* pending)
    Kevin M. McGill, Esq.
    (*pro hac vice* pending)
    WHITE & CASE LLP
    Southeast Financial Center
    200 South Biscayne Boulevard, Suite 4900
    Miami, Florida 33131
    (305) 371-2700/fax (305) 358-5744
    jcunningham@whitecase.com
    rkebrdle@whitecase.com
    kmcgill@whitecase.com

    *Proposed Co-Counsel to the Debtors and
    Debtors in Possession*

## EXHIBIT A

**BID PROCEDURES ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834

**WHITE & CASE LLP**
John K. Cunningham, Esq. (*pro hac vice* pending)
Richard S. Kebrdle, Esq. (*pro hac vice* pending)
Kevin M. McGill, Esq. (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., et al., | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |
| | **Re: Docket No. ___** |

**ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE
EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS
OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING,
(C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES,
(D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION
AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF**

The relief set forth on the following pages two (2) through thirteen (13) is hereby ORDERED:

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

(Page 2)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

Upon the motion (the "Motion")[2] of Revel AC, Inc. ("Revel") and its affiliated

debtors and debtors in possession (collectively, the "Debtors" or "Sellers") for entry of: an order,

pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et

seq. (the "Bankruptcy Code"), Rules 2002, 6004 and 9008 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the District of New Jersey Local

Bankruptcy Rules (the "Local Rules") (a) authorizing and approving bid procedures (the "Bid

Procedures") to be employed in connection with the proposed sale and transfer (the "Sale") of

the assets (the "Purchased Assets") of Sellers, (b) scheduling an auction (the "Auction") and a

hearing (the "Sale Hearing") to consider approval of the Sale, (c) authorizing and approving

procedures (the "Assignment Procedures") to be employed in connection with the assumption

and assignment of certain contracts (the "Assumed Contracts"), leases (the "Assumed Leases")

and intellectual property (the "Intellectual Property Rights") of the Debtors, (d) approving the

manner and form of notice of the auction with respect to the Sale (the "Auction"), the Sale

Hearing and the Assignment Procedures, substantially in the form attached to this Bid

Procedures Order as Exhibit "2" (the "Sale Notice"), Exhibit "3" (the "Publication Notice") and

Exhibit "4" (the "Assignment Notice") and (e) granting related relief, all as more fully set forth

in the Motion; and no previous motion for similar relief having been made; and it appearing that

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| (Page 3) | |
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

the Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, THE COURT HEREBY FINDS THAT:

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District and before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Notice of the Motion having been given as described above, is timely, adequate, sufficient and proper under the circumstances.

C.     The Debtors have articulated good and sufficient reasons for, and the best interests of the estate, creditors, employees and other parties in interest and stakeholders will be served by, the Court granting certain of the relief requested in the Motion, including approval of (i) the Bid Procedures, (ii) the Assignment Procedures and (iii) the form, timing and manner of notice of the proposed Sale, the Bid Procedures, the Assignment Procedures and the other matters described herein, including the Sale Notice, the Publication Notice and the Assignment Notice.

(Page 4)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

D.      The Bid Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

E.      Under the circumstances, the Bid Procedures constitute a reasonable, sufficient, adequate and proper means to provide potential bidders with an opportunity to submit and pursue offers for the Purchased Assets.

F.      The Sale Notice is reasonably calculated to provide parties in interest with proper notice of the potential sale of the Purchased Assets, the related Bid Procedures, the Sale Hearing, the structure of the Sale and related implication on interested parties, including, without limitation, creditors, customers, suppliers and employees.

G.      The Assignment Notice is reasonably calculated to provide all counterparties to the Assumed Contracts, Assumed Leases and Intellectual Property Rights with proper notice of the potential assumption and assignment of their executory contracts or unexpired leases and Cure Payment Liabilities (as defined below) relating thereto and the Assignment Procedures.

H.      Publication of the Publication Notice as set forth herein in the New York Times (National Edition) and the Press of Atlantic City is reasonably calculated to provide all potential claimants and all unknown creditors and parties not otherwise required to be served with a copy of the Sale Notice pursuant to this Order with proper notice of the potential sale of the Purchased Assets, the related Bid Procedures, the Auction and the Sale Hearing.

(Page 5)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

I.       The Motion and this Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

J.       Due, sufficient and adequate notice of the relief granted herein has been given to parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.       The Motion is GRANTED as set forth herein.

2.       All objections to the Motion and/or the entry of the Bid Procedures Order not otherwise withdrawn are overruled.

3.       The following Bid Procedures shall govern the bidding and the Auction with respect to the Sale of the Purchased Assets and Assumed Liabilities:

a.       Letters of Intent.  Each bidder shall, on or before July 18, 2014 (the "Letter of Intent Deadline"), deliver to the Debtors: (a) a letter of intent to bid under the Bid Procedures (the "Letter of Intent"), (b) reasonable proof acceptable to the Debtors, in consultation with a steering committee of Tranche B Term Loan Lenders under the First Lien Credit Agreement and the Second Lien Lenders (collectively, the "Steering Committee"), JPMorgan Chase Bank, N.A., as the First Lien Agent and Wells Fargo Bank, N.A., as the DIP Agent (each, together with the Steering Committee, the "Consultation Parties"), of the interested party's ability to consummate a purchase of the Purchased Assets and assumption of the Assumed Liabilities and (c) a proposal detailing the structure and range of proposed purchase price for the Purchased Assets.  Unless otherwise agreed by the Debtors, a Letter of Intent submitted before the Letter of Intent Deadline is a prerequisite for a bid to be deemed a Qualified Bid (as defined below).

b.       Qualified Bids.  Each bidder shall, on or before August 1, 2014 (the "Bid Deadline"), deliver to the Debtors: (a) a cash deposit of 10% of the purchase price (the

(Page 6)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

"Deposit"), (b) reasonable proof acceptable to the Debtors, in consultation with the Consultation Parties, of the interested party's ability to consummate a purchase of the Purchased Assets and assumption of the Assumed Liabilities, including copies of such party's annual, quarterly and monthly financial statements for the most recently ended fiscal periods, certified to be true, correct and complete in all material respects and evidence of sufficient financing and (c) an executed asset purchase agreement on substantially the terms of, or on more favorable terms than those set forth in, the Agreement, which asset purchase agreement shall (i) specify the amount of cash or other form of consideration acceptable to the Debtors (in consultation with the Consultation Parties), offered by the bidder for the Purchased Assets, (ii) not be subject to unperformed due diligence or obtaining financing nor provide for an expense reimbursement or break-up amount in favor of such bidder, (iii) constitute an irrevocable offer by such bidder to complete its proposed purchase upon the terms set forth therein, and must be irrevocable until closing of the Sale of the Purchased Assets to the Successful Bidder, (iv) seek to acquire the Purchased Assets and (v) be accompanied by a marked-up version of such asset purchase agreement reflecting changes from the Agreement (a "Qualified Bid").

c.    <u>Qualified Bidders</u>.  The Debtors shall determine, in consultation with the Consultation Parties, whether a bid qualifies as a Qualified Bid.  Only those persons who have submitted a Qualified Bid in compliance with this Bid Procedures Order shall be a "Qualified Bidder."  If a bid submitted on or before the Bid Deadline fails to meet all the requirements of a Qualified Bid, the Debtors are entitled to work with such bidder in an effort to cure any defects in the bid and to cause such bid to become a Qualified Bid, in consultation with the Consultation Parties, prior to the commencement of the Auction.

d.    <u>Due Diligence</u>.  Upon execution of a confidentiality agreement in a form acceptable to the Debtors, any bidder that wishes to conduct due diligence on the Debtors or their assets shall be granted access to all material information that has been or will be provided to other bidders, subject, in all cases, to the terms and conditions of the confidentiality agreement, applicable law or other restrictions the Debtors may deem necessary or appropriate to protect the proprietary information of the Debtors.  The due diligence period for bidders will end one business day prior to the Bid Deadline.  The Debtors shall coordinate all reasonable requests for additional information and due diligence access from potential bidders.  No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

(Page 7)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

e.    <u>The Auction</u>.  In the event the Debtors receive more than one Qualified Bid, an Auction shall commence at 9:00 a.m. (prevailing Eastern Time) on August 6, 2014.  Each Qualified Bidder shall be invited to attend the Auction at the office of Debtors' counsel, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, which Auction must be attended in person.  The Consultation Parties and their advisors shall be able to attend the Auction in person.  The Purchased Assets shall be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under section 363(f) of the Bankruptcy Code.  The following rules shall govern the Auction:

i.    Subject to the limitations set forth in these Bid Procedures, the opening price at such Auction shall be the highest and/or best offer of a Qualified Bidder selected, in consultation with the Consultation Parties, and announced by the Debtors.

ii.    Only Qualified Bidders may bid at the Auction.  If multiple Qualified Bids are received, each Qualified Bidder shall have the right to continue to improve its Qualified Bid at the Auction.

iii.    Each subsequent overbid must provide an incremental amount of at least $5,000,000.00 of value to the Debtors, or such greater amount as designated by the Debtors from time to time, in consultation with the Consultation Parties.

iv.    At the conclusion of the Auction and subject to Court approval following the Auction, the successful bidder shall be selected, in consultation with the Consultation Parties, and announced by the Debtors (the "Successful Bidder"), and the backup bidder shall be selected, in consultation with the Consultation Parties, and announced by the Debtors (the "Backup Bidder").

v.    The Auction may be adjourned by the Debtors, in consultation with the Consultation Parties, from time to time without further notice other than an announcement of such adjournment by the Debtors at the Auction.

vi.    A valid credit bid (subject to and in accordance with section 363(k) of the Bankruptcy Code) received for the Purchased Assets shall be deemed in all respects equal in value to an all-cash bid in an amount equal to the face value of such credit bid on a dollar-for-dollar basis.

(Page 8)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

f.    <u>Successful Bidder</u>.  The Debtors may base the selection of the Successful Bidder and Backup Bidder on the following factors, among others: purchase price; liabilities assumed in the bid; and the markup of the Agreement submitted with the bid. The Debtors may, in consultation with the Consultation Parties, (a) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures or the terms and conditions of sale or (iii) contrary to the best interests of Sellers, their estates and creditors and/or (b) refuse to consider any bid that fails to comply with the Bid Procedures.  After the determination of the Successful Bidder, the Debtors shall promptly execute the asset purchase agreement previously executed and submitted by such Successful Bidder, together with any changes thereto necessitated by the parties' actions at the Auction.

g.    <u>Backup Bidder</u>.  If the Successful Bidder fails to consummate the sale, breaches the asset purchase agreement executed by the Successful Bidder or otherwise fails to perform, (a) the Debtors, in consultation with the Consultation Parties, may consummate the proposed sale with the next highest or best bidder at the Auction (i.e., the Backup Bidder), which hereafter shall be included in the definition of "Successful Bidder," without the need for further Court approval, (b) the Debtors, in consultation with the Consultation Parties, will retain the Deposit of such bidder and (c) the Debtors will maintain the right to pursue all available remedies against such bidder.  Notwithstanding anything to the contrary in these Bid Procedures, the Deposit of the Successful Bidder will be retained by the Debtors.  Deposits of all other bidders will be retained by the Debtors until closing of the sale of the Purchased Assets to the Successful Bidder.

h.    <u>Reservation of Rights</u>.  The Debtors reserve the right to modify the Bid Procedures, in consultation with the Consultation Parties, in any manner that will best promote the goals of the Sale, including, but not limited to, authority to consummate the Sale pursuant to or in conjunction with a chapter 11 plan in these Chapter 11 Cases. Nothing in the Bid Procedures shall prevent the Debtors, in the exercise of their business judgment, from considering bids for the purchase of less than substantially all of the Debtors' assets.

i.    <u>Fees and Expenses</u>.  All bidders submitting bids shall bear their own fees and expenses in connection with the bid, the bid process, the Auction and the proposed sale, whether or not such sale is ultimately approved, unless otherwise agreed to by the Debtors and approved by the Court, in consultation with the Consultation Parties. Further, by submitting a bid, a bidder shall be deemed to waive its right to pursue a

(Page 9)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

substantial contribution claim under section 503 of the Bankruptcy Code in any way related to the submission of its bid, the bid process, the Auction or the sale.

4.      The Sale Hearing shall be held on _____ __, 2014 at _:__ a.m. (prevailing Eastern Time), or as soon thereafter as counsel may be heard, before the Honorable Gloria M. Burns, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, New Jersey  08101.  At the Sale Hearing, the Debtors will seek entry of the Sale Order.  The Sale Hearing may be adjourned from time to time without further notice other than an announcement by the Debtors in the Court on the date scheduled for the Sale Hearing.  Notwithstanding anything herein or in the Motion to the contrary, the Debtors may elect to seek to consummate the Sale pursuant to confirmation of a chapter 11 plan.

5.      The form of Sale Notice and the form of Publication Notice are hereby approved.  The Debtors shall (a) serve within two (2) business days (by first class mail, postage prepaid) after entry of this Bid Procedures Order (the "Mailing Deadline"), the Sale Notice upon the Service Parties and (b) on the Mailing Deadline, or as soon as practicable thereafter, submit for publication the Publication Notice in the New York Times (National Edition) and the Press of Atlantic City and on the website of the Debtors' claims and noticing agent, AlixPartners, LLP, www.revelcaseinfo.com.

| (Page 10) | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

6.      Notice as set forth in the preceding paragraph shall constitute good and sufficient notice of the Motion as it relates to the Debtors' request for approval of the Sale Order, the Auction and the Sale Hearing, and no other or further notice of the Motion, the Auction and/or the Sale Hearing shall be necessary or required.

7.      Responses or objections, if any, to the entry of the Sale Order shall be filed with this Court and served, so as to be actually received no later than _____ __, 2014 at _:__ p.m. (prevailing Eastern Time) (the "Objection Deadline") on: (i) the Debtors, c/o Revel AC, Inc. 500 Boardwalk, Atlantic City, New Jersey 08401 (Attn: Loretta Pickus, Esq.); (ii) co-counsel to the Debtors, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida  33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.); (iii) counsel to the Successful Bidder; (iv) counsel to the DIP Agent; (v) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey  07102 (Attn: Mitchell Hausman, Esq.); (vi) counsel to the Steering Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Andrew N. Rosenberg, Esq. and Elizabeth R. McColm, Esq.); (vii) counsel to the First Lien Agent; and (viii) counsel to any statutory committee appointed in the Chapter 11 Cases.  If the Debtors seek to consummate the Sale pursuant to confirmation of a chapter 11 plan after the Objection Deadline, no party in interest that failed to file a timely objection to entry of

(Page 11)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

the Sale Order shall be permitted to object to confirmation of such Chapter 11 plan on any grounds that could have formed the basis for an objection to entry of the Sale Order.

8.      The Debtors are authorized and empowered to take such steps, incur and pay such costs and expenses and do such things as may be reasonably necessary to fulfill the notice requirements established by this Bid Procedures Order.

9.      The following Assignment Procedures shall govern the assumption and assignment of the Assumed Contracts, Assumed Leases and the Intellectual Property Rights in connection with the Sale of the Purchased Assets to the Successful Bidder:

a.      Not later than fourteen (14) days prior to the Sale Hearing (as may be adjourned from time to time), the Debtors shall file with the Court a list identifying the Assumed Contracts, Assumed Leases and Intellectual Property Rights and the amounts necessary to cure defaults and/or to provide compensation or adequate assurance of compensation for actual pecuniary loss resulting from a default prior to the Petition Date under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights determined by the Debtors (such amounts, "Cure Payment Liability"). If the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder not set forth in the original Assignment Notice, the Debtors shall promptly send a supplemental notice (a "Supplemental Assignment Notice") to the applicable counterparties to such additional executory contracts and unexpired leases. The Debtors shall serve all counterparties to all Assumed Contracts, Assumed Leases and Intellectual Property Rights with the Assignment Notice, specifically stating that the Debtors are or may be seeking the sale, assumption and assignment of the Assumed Contracts, Assumed Leases and Intellectual Property Rights and notifying such parties of the deadline for objecting (a "Cure/Assignment Objection") to the amount of any Cure Payment Liability related to such Assumed Contracts, Assumed Leases and Intellectual Property Rights, as of the date that is three (3) business days prior to the Sale Hearing (the "Cure/Assignment Objection Deadline"), so as to enable any such party to object to the proposed Cure Payment Liability and the Court to determine such Cure Payment Liability as promptly as is reasonably possible.

(Page 12)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

b.      In cases in which the Debtors are unable to establish that a default exists, the relevant Cure Payment Liability shall be set at $0.00 in the Assignment Notice.

10.      The form of notice of the Assignment Notice is hereby approved in all respects.

11.      The notice provided in the Assignment Procedures of (a) the Assumed Contracts, Assumed Leases and Intellectual Property Rights and the amounts necessary to cure defaults under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights determined by the Debtors and (b) the deadline for objecting to the proposed Cure Payment Liabilities, shall constitute adequate and sufficient notice and no additional notice need be provided.

12.      This Bid Procedures Order shall constitute findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

13.      To the extent this Bid Procedures Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Bid Procedures Order shall govern.

14.      Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004(h), or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bid Procedures Order shall be immediately effective and enforceable upon its entry.

(Page 13)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

15.    The Court shall retain jurisdiction over any matter or dispute arising from

or relating to the implementation of this Bid Procedures Order.

**EXHIBIT 1**

(Agreement)

[To be filed]

## **EXHIBIT 2**

(Sale Notice)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834
mviscount@foxrothschild.com
rpatella@foxrothschild.com

**WHITE & CASE LLP**
John K. Cunningham, Esq. (*pro hac vice* pending)
Richard S. Kebrdle, Esq. (*pro hac vice* pending)
Kevin M. McGill, Esq. (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744
jcunningham@whitecase.com
rkebrdle@whitecase.com
kmcgill@whitecase.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., et al., | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |

**NOTICE OF (I) PROPOSED SALE OF THE ASSETS OF REVEL AC, INC. FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) BID
PROCEDURES AND (III) AUCTION RELATED THERETO**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On June 19, 2014, Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Sellers") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). On June 20, 2014, the Debtors filed with the Court a motion [Docket No. ____] (the "Sale Motion") seeking, among other things: (a) authority to sell the assets of the Debtors free and clear of all liens, claims, interests and encumbrances (the "Sale"); (b) approval of certain procedures (the "Bid Procedures") for the solicitation of bids with respect to the Sale (the "Bid Procedures Relief"); (c) approval of certain procedures (the "Assignment Procedures") in connection with the identification and assumption of certain contracts and intellectual property rights in connection with the Sale; and (d) scheduling an auction (the "Auction") and a final hearing with the Court for approval of the Sale (the "Sale Hearing").

2.      The Debtors filed that certain form of Asset Purchase Agreement (including all exhibits, schedules and ancillary agreements related thereto, the "Agreement"), which contemplates the sale of the Sellers' assets (as described in Section 2.1 of the Agreement, the "Purchased Assets"), subject to higher and better offers made pursuant to the Bid Procedures.

3.      A hearing on the Bid Procedures was held before the Court on _____ ___, 2014, and thereafter the Court entered an order, among other things, approving the Bid Procedures Relief [Docket No. ___] (the "Bid Procedures Order"). The Bid Procedures Order establishes the Bid Procedures that govern the manner in which the Purchased Assets are to be sold. All bidders must comply with the Bid Procedures and (i) submit a letter of intent so as to be received not later than July 18, 2014 and (ii) submit bids so as to be received not later than August 1, 2014.

5.      Pursuant to the Bid Procedures, each Qualified Bidder (as defined in the Bid Procedures) shall be invited to participate in the Auction at the office of Sellers' counsel, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, which Auction must be attended in person and which shall commence at 9:00 a.m. (prevailing Eastern Time) on August 6, 2014.

6.      The Sale Hearing currently is scheduled to be conducted on _____ __, 2014 at _:__ a.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, New Jersey 08101, before the Honorable Gloria M. Burns, United States Bankruptcy Judge, to consider the approval of the highest and best offer by a Qualified Bidder (the "Successful Bidder") and of the Agreement (as modified by the Successful Bidder) and seeking entry of an order approving the Sale substantially in the form of the order attached to the Sale Motion as Exhibit "B" (the "Sale Order"). The Sale Hearing may be adjourned or rescheduled from time to time without further notice other than an announcement by the Debtors in the Court of such adjournment on the date scheduled for the Sale Hearing.

7.      Sellers shall have the right, in their sole discretion, to elect to seek to close the Sale through or in connection with confirmation of a chapter 11 plan (a "Plan Election"). If a

Plan Election is made, then, among other things, the Sale Hearing may occur concurrently with the hearing to confirm the such chapter 11 plan (the "Confirmation Hearing") and the order confirming such chapter 11 plan (the "Confirmation Order") (and not the Sale Order) would approve the Sale.  As such, the Bid Procedures reserve the Debtors' rights to seek approval of the Sale in connection with and pursuant to a chapter 11 plan.

8.      A copy of the Bid Procedures Order, the Agreement (attached to the Bid Procedures Order as Exhibit "1") and the Sale Motion (including the proposed Sale Order) may be obtained by (a) sending a written request to co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.) or (b) accessing the website of the Debtors' claims and noticing agent, AlixPartners, LLP (www.revelcaseinfo.com).

9.      OBJECTIONS TO ENTRY OF THE SALE ORDER (OTHER THAN THE PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, LEASES AND INTELLECTUAL PROPERTY OR TO ANY PROPOSED CURE PAYMENT LIABILITY AMOUNTS IN CONNECTION THEREWITH), INCLUDING THE DEBTORS' REQUEST TO APPROVE THE SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS TO PURCHASER (AS DEFINED IN THE AGREEMENT) OR ANOTHER SUCCESSFUL BIDDER (EACH, AN "OBJECTION"), MUST BE MADE IN WRITING, FILED AND SERVED SO AS TO BE ACTUALLY RECEIVED BY  _:__  P.M. (PREVAILING EASTERN TIME) ON _____ __, 2014 (THE "OBJECTION DEADLINE").

10.     ANY OBJECTION MUST BE SERVED IN ACCORDANCE WITH THE PRECEDING PARAGRAPH ON EACH OF THE FOLLOWING PARTIES: (i) the Debtors, c/o Revel AC, Inc. 500 Boardwalk, Atlantic City, New Jersey 08401 (Attn: Loretta Pickus, Esq.); (ii) co-counsel to the Debtors, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida  33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.); (iii) counsel to the DIP Agent; (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey  07102 (Attn: Mitchell Hausman, Esq.); and (v) counsel to any statutory committee appointed in the Chapter 11 Cases.

11.     The Bid Procedures Order approves the Assignment Procedures, which set forth: (i) the manner in which the Debtors will (a) identify the Assumed Contracts, the Assumed Leases and the Intellectual Property Rights (each as defined in the Sale Motion) and (b) identify amounts the Debtors believe are necessary to cure defaults under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights as determined by Sellers; and (ii) procedures to be followed by any party that wishes to object to the proposed assumption and assignment of any Assumed Contract, Assumed Lease or Intellectual Property Rights, or the cure amounts proposed by the Debtors in respect thereof.  An additional notice setting forth the specific Assumed Contracts, Assumed Leases and Intellectual Property Rights to be assumed by the Debtors and the proposed cure amounts for such contracts will be served upon all counterparties to the Assumed Contracts, Assumed Leases and Intellectual Property Rights.

12.     Under the Agreement, Purchaser will assume certain specified liabilities of the Debtors that fall within the definition of "Assumed Liabilities" under the Agreement as described in Section 2.3 of the Agreement.  Purchaser will not be assuming certain "Excluded Liabilities" listed in Section 2.4 of the Agreement.

13.     The failure of any person or entity to file an objection on or before the Objection Deadline shall be deemed a consent to the Sale of the Purchased Assets to the Successful Bidder and the other relief requested in the Sale Motion and be a bar to the assertion, at the Confirmation Hearing or thereafter, of any objection to the Bid Procedures, the Sale Motion, the Auction, the sale of the Purchased Assets, Sellers' consummation and performance of the Agreement (or marked-up agreement) with the Successful Bidder (including in any such case, without limitation, the transfer of the Purchased Assets free and clear of all liens, claims, encumbrances and interests).  If a Plan Election is made after the Objection Deadline, no party in interest that failed to file a timely objection to entry of the Sale Order shall be permitted to object to confirmation of the Plan on any grounds that could have formed the basis for an objection to entry of the Sale Order.

14.     This Notice is subject to the full terms and conditions of the Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict.  The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated:  _____ __, 2014

John K. Cunningham
Richard S. Kebrdle
Kevin M. McGill
WHITE & CASE LLP
Southeast Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, Florida 33131
Telephone:  (305) 371-2700
Facsimile:  (305) 358-5744

Michael J. Viscount
Raymond M. Patella
FOX ROTHSCHILD LLP
1301 Atlantic Avenue, Suite 400
Atlantic City, New Jersey  08401
Telephone:  (609) 348-4515
Facsimile:  (609) 348-6834

**<u>EXHIBIT 3</u>**

(Publication Notice)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834
mviscount@foxrothschild.com
rpatella@foxrothschild.com

**WHITE & CASE LLP**
John K. Cunningham, Esq. (*pro hac vice* pending)
Richard S. Kebrdle, Esq. (*pro hac vice* pending)
Kevin M. McGill, Esq. (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744
jcunningham@whitecase.com
rkebrdle@whitecase.com
kmcgill@whitecase.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., et al., | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |

**NOTICE OF (I) PROPOSED SALE THE ASSETS OF REVEL AC, INC. FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) BID
PROCEDURES AND (III) AUCTION RELATED THERETO**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax
identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel
Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors'
corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on June 19, 2014, Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Sellers") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). On June 20, 2014, the Debtors filed with the Court a motion [Docket No. ____] (the "Sale Motion") seeking, among other things, (a) authority to sell the assets of the Debtors free and clear of all liens, claims, interests and encumbrances (the "Sale"); (b) approval of certain procedures (the "Bid Procedures") for the solicitation of bids with respect to the Sale (the "Bid Procedures Relief"); and (c) approval of certain procedures (the "Assignment Procedures") in connection with the identification and assumption of certain contracts and intellectual property rights in connection with the Sale.

PLEASE TAKE FURTHER NOTICE that the Sellers filed that certain form of Asset Purchase Agreement (including all exhibits, schedules and ancillary agreements related thereto, the "Agreement"), which contemplates the sale of the Sellers' assets (as described in Section 2.1 of the Agreement, the "Purchased Assets").

PLEASE TAKE FURTHER NOTICE a hearing on the Bid Procedures was held before the Court on _____ __, 2014, and thereafter the Court entered an order, among other things, approving the Bid Procedures Relief [Docket No. ___] (the "Bid Procedures Order"). The Bid Procedures Order establishes the Bid Procedures that govern the manner in which the Purchased Assets are to be sold.

PLEASE TAKE FURTHER NOTICE that all bidders must comply with the Bid Procedures and (i) submit a letter of intent so as to be received not later than July 18, 2014 and (ii) submit a bid so as to be received not later than August 1, 2014.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures, each Qualified Bidder (as defined in the Bid Procedures) shall be invited to participate in an auction (the "Auction") at the office of Sellers' counsel, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, which Auction must be attended in person and which shall commence at 9:00 a.m. (prevailing Eastern Time) on August 6, 2014.

PLEASE TAKE FURTHER NOTICE that the Sale Hearing (as defined in the Bid Procedures Order) currently is scheduled to be conducted on _____ __, 2014 at _:__ a.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, New Jersey 08101, before the Honorable Gloria M. Burns, United States Bankruptcy Judge, to consider the approval the highest and best offer by a Qualified Bidder (the "Successful Bidder") and of the Agreement (as modified by the Successful Bidder) and seeking entry of an order approving the Sale substantially in the form of the order attached to the Sale Motion as Exhibit "B" (the "Sale Order"). The Sale Hearing may be adjourned or rescheduled from time to time without further notice other than an announcement by the Debtors in the Court of such adjournment on the date scheduled for the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that the Sellers shall have the right, in their sole discretion, to elect to seek to close the Sale through or in connection with confirmation of a chapter 11 plan (a "Plan Election").  If a Plan Election is made, then, among other things, the Sale Hearing may occur concurrently with the hearing to confirm the such chapter 11 plan (the "Confirmation Hearing") and the order confirming such chapter 11 plan (the "Confirmation Order") (and not the Sale Order) would approve the Sale.  As such, the Bid Procedures reserve the Debtors' rights to seek approval of the Sale in connection with and pursuant to a chapter 11 plan.

PLEASE TAKE FURTHER NOTICE that objections to entry of the Sale Order must be made in writing, filed with the Court and served in accordance with the terms and conditions established by the Bid Procedures Order so as to be actually received by _:__ p.m. (prevailing Eastern Time) on _____ __, 2014.  If a Plan Election is made after the Objection Deadline, no party in interest that failed to file a timely objection to entry of the Sale Order shall be permitted to object to confirmation of the Plan on any grounds that could have formed the basis for an objection to entry of the Sale Order.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE TO YOU OR THE OPPORTUNITY TO OBJECT.

PLEASE TAKE FURTHER NOTICE that a copy of the Agreement, the Bid Procedures Order and the Sale Motion (including the proposed Sale Order) may be obtained by (a) sending a written request to co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.) or (b) accessing the website of the Debtors' claims and noticing agent, AlixPartners, LLP (www.revelcaseinfo.com).

PLEASE TAKE FURTHER NOTICE that this Notice is subject to the full terms and conditions of the Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict.  The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated:  _____ __, 2014

| | |
|---|---|
| John K. Cunningham | Michael J. Viscount |
| Richard S. Kebrdle | Raymond M. Patella |
| Kevin M. McGill | FOX ROTHSCHILD LLP |
| WHITE & CASE LLP | 1301 Atlantic Avenue, Suite 400 |
| Southeast Financial Center | Atlantic City, New Jersey  08401 |
| 200 South Biscayne Boulevard, 49th Floor | Telephone:  (609) 348-4515 |
| Miami, Florida 33131 | Facsimile:  (609) 348-6834 |
| Telephone:  (305) 371-2700 | |
| Facsimile:  (305) 358-5744 | |

# **EXHIBIT 4**

(Assignment Notice)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834
mviscount@foxrothschild.com
rpatella@foxrothschild.com

**WHITE & CASE LLP**
John K. Cunningham, Esq. (*pro hac vice* pending)
Richard S. Kebrdle, Esq. (*pro hac vice* pending)
Kevin M. McGill, Esq. (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744
jcunningham@whitecase.com
rkebrdle@whitecase.com
kmcgill@whitecase.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

| | |
|---|---|
| In re:<br><br>REVEL AC, INC., <u>et al.</u>,<br><br>                      Debtors.[1] | Chapter 11<br><br>Case No. 14-22654 (GMB)<br><br>Jointly Administered |

## NOTICE OF DEBTORS' INTENT TO ASSUME AND ASSIGN
## <u>CERTAIN CONTRACTS, LEASES AND INTELLECTUAL PROPERTY RIGHTS</u>

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

PLEASE TAKE NOTICE THAT on June 19, 2014, Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Sellers") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT on June 20, 2014, the Debtors filed a motion [Docket No. ____] (the "Motion") with the Court seeking, among other things, approval of certain procedures (the "Assignment Procedures") applicable to the identification and assumption of certain contracts (the "Assumed Contracts"), certain leases (the "Assumed Leases") and certain intellectual property rights (the "Intellectual Property Rights"), and assignment thereof, in connection with the Sale[2] by which the Debtors intend to sell their assets.

PLEASE TAKE FURTHER NOTICE THAT on _____ __, 2014, the Court entered an order (the "Order") granting the Motion as set forth therein [Docket No. ____] and approving the procedures for the assumption and assignment of the Assumed Contracts, Assumed Leases and Intellectual Property Rights. A copy of the Order is attached hereto as Exhibit "1".

PLEASE TAKE FURTHER NOTICE THAT the Debtors intends to assume and assign to the Successful Bidder the Assumed Contracts, Assumed Leases and Intellectual Property Rights listed on Exhibit "2" annexed hereto pursuant to section 365 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT the Debtors have set forth on Exhibit "2" hereto the amounts due and owing, if any, under the Assumed Contracts and Assumed Leases through the date hereof (the "Cure Amounts"). The Bankruptcy Code requires that the Cure Amounts (which include any amounts owing on account of the Debtors' prepetition obligations under the Assumed Contracts and Assumed Leases) be paid in full to the parties owed such amounts upon the Debtors' assumption of the Assumed Contracts and Assumed Leases.

PLEASE TAKE FURTHER NOTICE THAT Debtors shall have the right, in their sole discretion, to elect to seek to close the Sale through or in connection with confirmation of a chapter 11 plan (a "Plan Election"). If a Plan Election is made, then, among other things, the Sale Hearing may occur concurrently with the hearing to confirm the such chapter 11 plan (the "Confirmation Hearing") and the order confirming such chapter 11 plan (the "Confirmation Order") (and not the Sale Order) would approve the Sale. As such, the Bid Procedures reserve the Debtors' rights to seek approval of the Sale in connection with and pursuant to a chapter 11 plan.

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY SEEKING TO ASSERT AN OBJECTION TO THE ASSUMPTION BY THE DEBTORS AND**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ASSIGNMENT TO PURCHASER OF ANY CONTRACT, LEASE OR INTELLECTUAL PROPERTY RIGHT, INCLUDING AS TO THE VALIDITY OF ANY CURE AMOUNT AS DETERMINED BY THE DEBTORS OR TO OTHERWISE ASSERT THAT ANY OTHER AMOUNTS, DEFAULTS, CONDITIONS OR PECUNIARY LOSSES MUST BE CURED OR SATISFIED UNDER THE ASSUMED CONTRACTS AND ASSUMED LEASES (NOT INCLUDING ACCRUED BUT NOT YET DUE OBLIGATIONS) MUST FILE AND SERVE ITS OBJECTION (ANY SUCH OBJECTION, AN "ASSUMPTION OBJECTION") SETTING FORTH WITH SPECIFICITY ANY AND ALL CURE OBLIGATIONS OR OTHER CONDITIONS WHICH SUCH PARTY ASSERTS MUST BE CURED OR SATISFIED WITH RESPECT TO SUCH CONTRACT, LEASE OR INTELLECTUAL PROPERTY RIGHT <u>SO THAT SUCH ASSUMPTION OBJECTION IS ACTUALLY RECEIVED</u> BY** (i) the Debtors, c/o Revel AC, Inc. 500 Boardwalk, Atlantic City, New Jersey 08401 (Attn: Loretta Pickus, Esq.); (ii) co-counsel to the Debtors, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey 08401 (Attn: Michael J. Viscount, Esq.); (iii) counsel to the DIP Agent; (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Mitchell Hausman, Esq.); and (v) counsel to any statutory committee appointed in the Chapter 11 Cases **BY _____ __, 2014 (THE "OBJECTION DEADLINE").**

PLEASE TAKE FURTHER NOTICE THAT Assumption Objections must set forth the cure amount or other obligation the objecting party asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment and the support therefor, if any.

PLEASE TAKE FURTHER NOTICE THAT if, as to any Assumed Contract, Assumed Lease or Intellectual Property Right, no Assumption Objection is received by the Objection Deadline, such Assumed Contract, Assumed Lease or Intellectual Property Right shall be deemed assumed by the Debtors and assigned to Successful Bidder without further order of the Court, effective as of the later of (i) the Objection Deadline, (ii) the payment of the applicable Cure Amount, if any, set forth in Exhibit "2" hereto or (iii) the date specified in the Agreement. If an Assumption Objection is received by the Objection Deadline and the Debtors and/or the Successful Bidder is unable to resolve such objection consensually, the proposed assumption and assignment which is the subject of such Assumption Objection shall be subject to further order of the Court and the Debtors and/or the Successful Bidder shall promptly schedule a hearing to consider such Assumption Objection.

PLEASE TAKE FURTHER NOTICE THAT hearings with respect to Assumption Objections shall be held on such date as the Court may designate.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU AGREE WITH THE CURE AMOUNTS SET FORTH ON EXHIBIT "2" AND DO NOT OTHERWISE OBJECT TO THE DEBTORS' ASSUMPTION AND ASSIGNMENT OF YOUR CONTRACT, LEASE OR INTELLECTUAL PROPERTY RIGHT YOU NEED NOT TAKE ANY FURTHER ACTION.**

PLEASE TAKE FURTHER NOTICE THAT a complete copy of the Motion may be obtained by (a) sending a written request to co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.) or (b) accessing the website of the Debtors' claims and noticing agent, AlixPartners, LLP (www.revelcaseinfo.com).

Dated:  _____ __, 2014

<table>
<tr><td>John K. Cunningham</td><td>Michael J. Viscount</td></tr>
<tr><td>Richard S. Kebrdle</td><td>Raymond M. Patella</td></tr>
<tr><td>Kevin M. McGill</td><td>FOX ROTHSCHILD LLP</td></tr>
<tr><td>WHITE & CASE LLP</td><td>1301 Atlantic Avenue, Suite 400</td></tr>
<tr><td>Southeast Financial Center</td><td>Atlantic City, New Jersey  08401</td></tr>
<tr><td>200 South Biscayne Boulevard, 49th Floor</td><td>Telephone:  (609) 348-4515</td></tr>
<tr><td>Miami, Florida 33131</td><td>Facsimile:  (609) 348-6834</td></tr>
<tr><td>Telephone:  (305) 371-2700</td><td></td></tr>
<tr><td>Facsimile:  (305) 358-5744</td><td></td></tr>
</table>

# Exhibit 1

(Order)

**Exhibit 2**

(List of Assumed Contracts, Assumed Leases and
Intellectual Property Rights and Cure Amounts)

**Exhibit B**

(Form of Sale Order)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834

**WHITE & CASE LLP**
John K. Cunningham, Esq. (*pro hac vice* pending)
Richard S. Kebrdle, Esq. (*pro hac vice* pending)
Kevin M. McGill, Esq. (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., <u>et al.</u>, | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |

**ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE
DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND
<u>INTERESTS AND GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages two (2) through twenty-three (23) is hereby ORDERED:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

(Page 2)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

Upon the motion (the "Sale Motion") of Revel AC, Inc. and its affiliated debtors

and debtors in possession (collectively, the "Debtors" or "Sellers") in the above-captioned

chapter 11 cases (the "Chapter 11 Cases") pursuant to sections 105, 363 and 365 of the United

States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007

and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

6004-1 of the District of New Jersey Local Bankruptcy Rules (the "Local Rules") seeking,

among other things, entry of an order (a) authorizing and approving the sale of the Purchased

Assets[2] (the "Sale") pursuant to that certain Asset Purchase Agreement, dated as of _____ __,

2014 (including all exhibits, schedules and ancillary agreements related thereto, and as may be

amended from time to time, the "Agreement") by and among the Debtors and [_____] (together

with its subsidiaries and any successors or assigns, or other entity designated to effect the

transactions contemplated by the Agreement, the "Purchaser") free and clear of all liens, claims,

encumbrances and interests (other than Permitted Encumbrances and Assumed Liabilities), in

accordance with the terms and conditions contained in the Agreement (the "Sale Transaction")

and (b) granting related relief; and this Court having entered an order on _____ __, 2014

[Docket No. _____] (as amended, supplemented or otherwise modified with the consent of the

Purchaser, the "Bid Procedures Order") approving, among other things, the dates, deadlines and

bidding procedures (the "Bid Procedures") with respect to, and notice of, the Sale Transaction;

and an auction (the "Auction") having been held on _____ __, 2014, in accordance with the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

2

(Page 3)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

Bid Procedures Order; and the Debtors, having determined that the Agreement represents the

highest or otherwise best bid for the Purchased Assets; and a hearing having been held on

_____ __, 2014 (the "Sale Hearing") to consider approval of the Agreement; and it appearing

that the relief requested in the Sale Motion is in the best interests of the Debtors' estates, their

creditors and other parties in interest; and reasonable, adequate and sufficient notice of the Sale

Motion having been given to all parties in interest in these Chapter 11 Cases; and all such parties

having been afforded due process and an opportunity to be heard with respect to the Sale Motion

and all relief requested therein; and the Court having reviewed and considered: (i) the Sale

Motion; (ii) the objections to the Sale Motion, if any; and (iii) the arguments of counsel made,

and the evidence proffered or adduced at, the Sale Hearing; and after due deliberation and

sufficient cause appearing;

**IT HEREBY IS FOUND, DETERMINED AND CONCLUDED THAT:**

A.      Any of the findings of fact contained herein shall constitute a finding of

fact even if it is stated as a conclusion of law, and any conclusion of law contained herein shall

constitute a conclusion of law even if it is stated as a finding of fact.  The Court's findings shall

also include any oral findings of fact and conclusions of law made by the Court during or at the

conclusion of the Sale Hearing.

B.      The Court has jurisdiction over this matter, over the property of the

Debtors' estates, including the Purchased Assets to be sold, transferred or conveyed pursuant to

the Agreement, and over the Debtors' respective estates pursuant to 28 U.S.C. §§ 157 and 1334.

3

(Page 4)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.       The statutory and other bases for the relief sought in the Sale Motion are sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014 and Local Rule 6004-1.

D.       As evidenced by the affidavits of service on file with the Court: (i) due, proper, timely, adequate and sufficient notice of the Bid Procedures, the Auction, the Sale Hearing and the Sale Motion and the relief requested therein has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Bid Procedures Order; (ii) such notice was good, sufficient and appropriate under the circumstances; and (iii) no other or further notice of the Bid Procedures, the Auction, the Sale Hearing, the Agreement, the Sale Transaction or the Sale Motion is or shall be required.

E.       Actual written notice of, and a reasonable opportunity to object and to be heard with respect to, the Sale Motion has been given, in light of the circumstances, to all interested persons and entities, including, without limitation, to: (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the DIP Agent; (iii) counsel to the First Lien Lenders; (iv) counsel to the Second Lien Lenders; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis (including counsel if known); (vi) the non-Debtor parties to any active UCC financing statements on file against any of the Debtors; (vii) the non-Debtor parties who hold any tax or judgment liens; (viii) entities previously identified by Moelis as potentially interested in a transaction with the Debtors; (ix) all parties requesting notices

4

(Page 5)
Debtors:                    Revel AC, Inc., et al.
Case No.:                  14-22654 (GMB)
Caption of Order:     ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS
                            OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS,
                            ENCUMBERANCES AND INTERESTS AND GRANTING RELATED
                            RELIEF

---

pursuant to Bankruptcy Rule 2002; (x) the Office of the Attorney General for the State of New

Jersey; (xi) the New Jersey Division of Gaming Enforcement; (xii) the New Jersey Casino

Control Commission; (xiii) the United States Attorneys' Office for the District of New Jersey;

(xiv) the United States Attorney General; (xv) the Environmental Protection Agency; (xvi) the

Internal Revenue Service; (xvii) the Securities and Exchange Commission; (xviii) holders of

Permitted Liens (as defined in the First Lien Credit Agreement); and (xix) the applicable state

and local taxing authorities.

F.        As demonstrated by (i) the evidence adduced at and prior to the Sale

Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the

Debtors have conducted a fair and open sale process in a manner reasonably calculated to

produce the highest and otherwise best offer for the Purchased Assets in compliance with the Bid

Procedures Order.  The Bid Procedures were substantively and procedurally fair to all parties and

were the result of arms' length negotiations.  The sale process, Bid Procedures and Auction were

non-collusive, duly noticed and afforded a full, fair and reasonable opportunity for any person to

make a higher and otherwise better offer to purchase all or any of the Purchased Assets.  The

bidding and related procedures established by the Bid Procedures Order have been complied

with in all material respects by the Debtors, the Purchaser and their respective counsel and other

advisors.  The Bid Procedures obtained the highest value for the Purchased Assets for the

Debtors and their estates, and any other transaction would not have yielded as favorable an

economic result.

5

(Page 6)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

G.     The Debtors provided all interested parties with timely and proper notice of the Sale, Sale Hearing and Auction.  Notice of the Debtors' assumption, assignment, transfer and/or sale to the Purchaser of the Assumed Contracts has been provided to each non-debtor party thereto, together with a statement therein from the Debtors with respect to the amount, if any, to be paid to such non-debtor party under section 365(b) of the Bankruptcy Code as a condition to assumption and assignment.  Each of the non-Debtor parties to the Assumed Contracts have had an opportunity to object to the Cure Amounts set forth in the notice.  In addition, the Purchaser has provided adequate assurance of its ability to perform its obligations under each of the Assumed Contracts within the meaning of section 365(f)(2)(B) of the Bankruptcy Code.  Therefore, the Assumed Contracts may be assumed by the Debtors and assigned and sold to the Purchaser.

H.     As evidenced by the affidavits of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Sale Motion, Auction, Sale Hearing and Sale Transaction has been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.  The Debtors also have complied with all obligations to provide notice of the Sale Motion, Auction, Sale Hearing and Sale Transaction required by the Bid Procedures Order.  The notices described above were good, sufficient and appropriate under the circumstances and no other or further notice of the Sale Motion, Auction, Sale Hearing, Sale Transaction or assumption, assignment, transfer and/or sale of the Assumed Contracts is required.

6

(Page 7)
Debtors:                    Revel AC, Inc., et al.
Case No.:                   14-22654 (GMB)
Caption of Order:           ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS
                            OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS,
                            ENCUMBERANCES AND INTERESTS AND GRANTING RELATED
                            RELIEF

I.      The disclosures made by the Debtors concerning the Agreement, Auction,

Sale Transaction, Sale Hearing and the assumption, assignment, transfer and/or sale of the

Assumed Contracts were good, complete and adequate.

J.      The Purchased Assets constitute property of the Debtors' estates and title

thereto is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy

Code.  The Debtors have all right, title and interest in the Purchased Assets required to transfer

and convey the Purchased Assets to the Purchaser.  The Debtors have taken all corporate or other

entity action necessary to authorize and approve the Agreement and the consummation of the

Sale Transaction, and the Debtors' sale of the Purchased Assets to the Purchaser has been duly

and validly authorized by all necessary corporate or other entity action.  Upon entry of this Sale

Order, the Debtors shall have full authority to consummate the Agreement and transactions

contemplated by the Agreement

K.      Approval of the Agreement and consummation of the Sale Transaction is

in the best interests of the Debtors, their estates, creditors and other parties in interest.  The

Debtors have demonstrated good, sufficient and sound business purposes and justifications for

the Sale to the Purchaser pursuant to section 363(b) of the Bankruptcy Code.  Such business

purposes and justifications include, but are not limited to, the following: (i) the Sale Transaction

is the only viable alternative to liquidation; and (ii) the Agreement and the closing thereon will

present the best opportunity to realize the value of the Purchased Assets on a going concern basis

and avoid decline and devaluation of the Purchased Assets.

7

(Page 8)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

L.      The Agreement was negotiated, proposed and entered into by the Debtors and the Purchaser without collusion, in good faith and from arms' length bargaining positions. The Purchaser is not an "insider" or an "affiliate" of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code.

M.      The sale price in respect of the Purchased Assets was not controlled by any agreement among potential bidders at such sale and neither the Debtors nor the Purchaser engaged in collusion or any other conduct that would cause or permit the Agreement or Sale Transaction to be avoidable under section 363(n) of the Bankruptcy Code.  Accordingly, neither the Agreement nor the Sale Transaction may be avoided and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code.

N.      The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.  The Purchaser is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in consummating the Sale Transaction.  The Purchaser has proceeded in good faith in all respects in that, among other things, (i) the Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the Purchased Assets; (ii) the Purchaser complied with the provisions of the Bid Procedures Order; (iii) the Purchaser's bid was subjected to the competitive Bid Procedures set forth in the Bid Procedures Order; (iv) no common identity of directors or officers exists among the Purchaser and the Debtors; and (v) all payments to be made by the Purchaser and all other material agreements or arrangements entered into by the Purchaser and the Debtors in connection with the Sale Transaction have been disclosed and are appropriate.

8

(Page 9)
Debtors:            Revel AC, Inc., et al.
Case No.:          14-22654 (GMB)
Caption of Order:    ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS
OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBERANCES AND INTERESTS AND GRANTING RELATED
RELIEF

O.        The consideration to be provided by the Purchaser pursuant to the Agreement: (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Purchased Assets; (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practically available alternative; and (iv) constitutes reasonably equivalent value and fair consideration.  In reaching this determination, the Court has taken into account both the consideration to be realized directly by the Debtors' estates and the indirect benefits of the Sale Transaction for the Debtors' employees, vendors and suppliers and the public served, directly and indirectly, by the functions performed by the Debtors' employees and the business.  The Debtors' determination that the Agreement constitutes the highest or otherwise best offer for the Purchased Assets is a result of due deliberation by the Debtors and constitutes a valid and sound exercise of the Debtors' business judgment consistent with their fiduciary duties.  Entry of an order approving the Sale Motion, the Agreement and the Sale Transaction is a necessary condition precedent to the Purchaser consummating the Sale Transaction.

P.        The transfer of the Purchased Assets to the Purchaser will be a legal, valid and effective transfer of the Purchased Assets and will vest the Purchaser with all right, title and interest of the Debtors to the Purchased Assets free and clear of all liens, claims, encumbrances and other interests of any kind and every kind whatsoever, other than (i) Permitted Encumbrances and Assumed Liabilities and (ii) permits that are subject to review and approval by a Governmental Authority as provided in the Agreement; _provided_, that all liens, claims, encumbrances and interests of which the Purchased Assets are sold free and clear shall attach to the proceeds of the sale in order of priority.

9

(Page 10)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

Q.      The Purchaser would not have entered into the Agreement and would not consummate the Sale Transaction if the transfer of the Purchased Assets to the Purchaser was not free and clear of all liens, claims, encumbrances and other interests of any kind and every kind whatsoever (other than Permitted Encumbrances and Assumed Liabilities), or if the Purchaser would, or in the future could, be liable for any such liens, claims, encumbrances or other interests.  A sale of the Purchased Assets other than one free and clear of such liens, claims, encumbrances and other interests would adversely impact the Debtors' estates, and would yield substantially less value for the Debtors' estates, with less certainty than the Sale Transaction.

R.      The Debtors may sell the Purchased Assets free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever (other than Permitted Encumbrances and Assumed Liabilities), because, in each case, one or more of the standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code have been satisfied.  Each entity with a lien, claim, encumbrance or other interest in the Purchased Assets to be transferred on the Closing Date (as defined in the Agreement) (i) has, subject to the terms and conditions of this Sale Order, consented to the Sale Transaction or is deemed to have consented; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such lien, claim, encumbrance or interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Those holders of liens, claims, encumbrances and interests who did not object to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

10

(Page 11)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

S.      The transfer of the Purchased Assets to the Purchaser, including the assumption by the Debtors and assignment, transfer and/or sale to the Purchaser of the Assumed Contracts, will not subject the Purchaser to any liability (including any successor liability) with respect to the operation of the Debtors' business prior to the Closing Date or by reason of such transfer, except that the Purchaser shall remain liable for the Assumed Liabilities.  The Purchaser (i) is not, and shall not be, considered a successor to the Debtors; (ii) has not, de facto or otherwise, merged with or into the Debtors; (iii) is not a continuation or substantial continuation of the Debtors or any enterprise of the Debtors; (iv) does not have a common identity of incorporators, directors or equity holders with the Debtors; and (v) is not holding itself out to the public as a continuation of the Debtors.

T.      The Agreement is a valid and binding contract between the Debtors and the Purchaser, which is and shall be enforceable according to its terms.  The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.  No Debtor nor the Purchaser is entering into the Sale Transaction fraudulently.

U.      The assumption, assignment and/or transfer of the Assumed Contracts pursuant to the terms of this Sale Order is integral to the Agreement and is in the best interests of the Debtors and their estates, creditors and other parties in interest and constitutes a valid and sound exercise of the Debtors' business judgment consistent with their fiduciary duties.

V.      Pursuant to section 365 of the Bankruptcy Code, upon payment of the Cure Amounts, the Debtors or the Purchaser, as applicable, shall have: (i) cured and/or provided

11

(Page 12)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

adequate assurance of cure of any monetary default existing prior to the Petition Date under any of the Assumed Contracts; and (ii) provided compensation or adequate assurance of compensation to any party for actual pecuniary loss to such party resulting from a default prior to the Petition Date under any of the Assumed Contracts.

W.      Other than claims arising under the Agreement, the Debtors agree and acknowledge that they have no claims against the Purchaser.

X.      The Sale Transaction must be approved and consummated promptly in order to preserve the viability of the business and maximize the value of the Debtors' estates. Time is of the essence in consummating the Sale Transaction. Cause has been shown as to why this Sale Order should not be subject to any stay provided by Bankruptcy Rules 6004(h) and 6006(d).

Y.      The Sale Transaction does not constitute a de facto plan of reorganization or liquidation as it does not and does not propose to (i) impair or restructure existing debt of, or equity interests in, the Debtors; (ii) impair or circumvent voting rights with respect to any plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests or extend debt maturities.

Z.      The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b) and 365(f) of the Bankruptcy Code and all of the

12

(Page 13)
Debtors:            Revel AC, Inc., et al.
Case No.:           14-22654 (GMB)
Caption of Order:   ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS
                    OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS,
                    ENCUMBERANCES AND INTERESTS AND GRANTING RELATED
                    RELIEF

applicable requirements of such sections have been complied with in respect of the Sale

Transactions.

AA.    There is other good and sufficient cause to grant the relief requested in the

Sale Motion and approve the Agreement and the Sale Transaction.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Sale Motion is GRANTED.

2.    Any objections to the Sale Motion or the entry of this Sale Order that have

not been withdrawn, waived or settled, and all reservations of rights included therein, are denied

and overruled on the merits and with prejudice.

3.    The Agreement and the Sale Transaction are APPROVED in all respects.

4.    Pursuant to section 363 of the Bankruptcy Code, the Debtors are

authorized to (i) execute, deliver and perform under, consummate and implement the Agreement

and the Sale Transaction together with all additional instruments and documents that are

requested by the Purchaser and may be reasonably necessary or desirable to implement the

Agreement, (ii) take any and all actions as the Debtors deem necessary, appropriate or advisable

for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser or

reducing to the Purchaser's possession, the Purchased Assets, or as may be necessary or

appropriate to the performance of the obligations as contemplated by the Agreement, including,

without limitation, any and all actions reasonably requested by the Purchaser which are

consistent with the Agreement; and (iii) take all other and further acts or actions as may be

reasonably necessary to implement the Sale Transaction.

NEWYORK 9225279
ACTIVE 26088628v1 06/20/2014

(Page 14)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

5.      Pursuant to sections 105(a), 363(f) and 365(b) of the Bankruptcy Code, upon the Closing Date: (i) the transfer of the Purchased Assets to the Purchaser pursuant to the Agreement shall constitute a legal, valid and effective transfer of the Purchased Assets and shall vest the Purchaser with all right, title and interest in and to the Purchased Assets; and (ii) the Purchased Assets shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances and other interests of any kind and every kind whatsoever (including liens, claims, encumbrances and interests of any Governmental Authority), other than Permitted Encumbrances and Assumed Liabilities, in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, encumbrances and interests of which the Purchased Assets are sold free and clear to attach to the proceeds of the Sale Transaction, in the order of their priority, with the same validity, force and effect which they had against the Purchased Assets prior to the entry of this Sale Order, subject to any rights, claims and defenses the Debtors and all interested parties may possess with respect thereto.

6.      On the Closing Date, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets acquired under the Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all the Purchased Assets to the Purchaser.

7.      This Sale Order is and shall be effective as a determination that all liens, claims, encumbrances and interests, other than Permitted Encumbrances and Assumed Liabilities, shall be and are, without further action by any person, released with respect to the Purchased Assets as of the Closing Date.  After the Closing Date, no holder of any liens, claims,

14

(Page 15)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

encumbrances and interests, other than Permitted Encumbrances and Assumed Liabilities, or other party in interest may interfere with the Purchaser's use and enjoyment of the Purchased Assets based on or related to such lien, Claim, encumbrance or other interest or any actions that the Debtors may take in their Chapter 11 Cases, and no party may take any action to prevent, interfere with, impair or otherwise enjoin consummation of the Sale Transaction.  All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Purchased Assets to the Purchaser in accordance with the terms of the Agreement and this Sale Order.

8.      The Purchaser and its Affiliates, successors and assigns shall not be deemed or considered a successor to the Debtors or the Debtors' estates by reason of any theory of law or equity and the Purchaser has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates, except with respect to the Assumed Liabilities, the employment of certain employees pursuant to Section 8 of the Agreement, or as otherwise expressly provided in the Agreement.  Without limitation, the Purchaser and its Affiliates, successors and assigns shall have no successor, transferee or vicarious liability of any kind or character, including, without limitation, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, regulation or doctrine, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date,

15

(Page 16)
Debtors:              Revel AC, Inc., et al.
Case No.:             14-22654 (GMB)
Caption of Order:     ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS
                      OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS,
                      ENCUMBERANCES AND INTERESTS AND GRANTING RELATED
                      RELIEF

including, without limitation, liabilities on account of any taxes or other Governmental Authority

fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in

connection with, or in any way relating to, the operation of the Purchased Assets prior to the

Closing Date or arising based on actions of the Debtors taken after the Closing Date.

9.        Except to the extent expressly included in the Assumed Liabilities or to

enforce the Agreement, pursuant to sections 105 and 363 of the Bankruptcy Code, all persons

and entities, including, without limitation, the Debtors, all debt security holders, all equity

security holders, the Debtors' employees or former employees, governmental, tax and regulatory

or investigatory authorities of any sort, lenders, parties to or beneficiaries under any benefit plan,

trade and other creditors asserting or holding any liens, claims, encumbrances and other interests

of any kind and every kind whatsoever against, in or with respect to any of the Debtors, the

business or all or any part of the Purchased Assets (whether legal or equitable, secured or

unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising

under or out of, in connection with, or in any way relating to the Debtors, all or any part of the

Purchased Assets, the operation of the business prior to the Closing Date or the transfer of the

Purchased Assets to the Purchaser shall be forever barred, estopped and permanently enjoined

from asserting, prosecuting or otherwise pursuing such liens, claims, encumbrances or other

interests, whether by payment, setoff or otherwise, directly or indirectly, against the Purchaser or

any affiliate, successor, or assign thereof, or against the Purchased Assets.

10.        To the extent a counterparty to an Assumed Contract failed to timely

object to a Cure Amount, such Cure Amount shall be deemed to be finally determined and any

16

(Page 17)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

such counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of the Cure Amount at any time, and such Cure Amount, when paid, shall completely revive any Assumed Contract to which it relates.

11.    Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all non-Debtor parties to the Assumed Contracts are forever barred and permanently enjoined from raising or asserting against the Debtors or the Purchaser any assignment fee, default, breach or claim or pecuniary loss arising under or related to the Assumed Contracts existing as of the Petition Date or any assignment fee or condition to assignment arising by reason of the Closing other than with respect to the allowance and payment of any Cure Amount as provided in this Sale Order and in the Agreement.

12.    The consideration provided by the Purchaser for the Purchased Assets under the Agreement is fair and reasonable and constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act and (iii) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession or the District of Columbia.

13.    The Agreement and Sale Transaction shall not be avoidable under section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the Agreement or the Sale Transaction.

NEWYORK 9225279
ACTIVE 26088628v1 06/20/2014

(Page 18)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

14.     The Agreement and the Sale Transaction are undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Agreement and the Sale Transaction shall not affect the validity of the sale of the Purchased Assets to the Purchaser, unless this Sale Order is duly stayed pending such appeal.  The Purchaser is a good faith purchaser of the Purchased Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.  The Debtors and the Purchaser will be acting in good faith if they proceed to consummate the Sale Transaction at any time after the entry of this Sale Order.

15.     All persons and entities that are in possession of some or all of the Purchased Assets as of or after the Closing Date are hereby ordered to surrender possession of such Purchased Assets to the Purchaser as of the Closing Date or at such time thereafter as the Purchaser may request.  The Debtors agree to exercise commercially reasonable efforts to assist the Purchaser in assuring that all persons or entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets in which the Debtors hold an interest will surrender possession of the Purchased Assets to either (i) the Debtors before the Closing Date or (ii) the Purchaser on or after the Closing Date.

16.     This Sale Order is and shall be binding on and shall govern acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other

18

(Page 19)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Purchaser is the assignee and owner of the Purchased Assets free and clear of all liens, claims, encumbrances and interests, other than Permitted Encumbrances and Assumed Liabilities (all such entities being referred to as "Recording Officers").  All Recording Officers are authorized and specifically directed to strike recorded encumbrances, claims, liens and other interests against the Purchased Assets recorded prior to the date of this Sale Order, other than Permitted Encumbrances and Assumed Liabilities.  A certified copy of this Sale Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded encumbrances, claims, liens and other interests against the Purchased Assets recorded prior to the date of this Sale Order, other than Permitted Encumbrances and Assumed Liabilities.

17.     To the greatest extent available under applicable law and to the extent provided for under the Agreement, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Purchased Assets and, to the greatest extent available under applicable law and to the extent provided for under the Agreement, all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been transferred to the Purchaser as of the Closing Date.  To the extent any license or permit necessary for the operation of the business at those locations assumed by the Debtors and assigned to the Purchaser is not an assumable and assignable executory contract, the Purchaser shall make reasonable efforts to apply for and obtain any such license or permit promptly after the Closing

19

(Page 20)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

Date, and Debtors shall cooperate reasonably with the Purchaser in those efforts.  All existing licenses or permits applicable to the business shall remain in place for the Purchaser's benefit until either new licenses and permits are obtained or existing licenses and permits are transferred in accordance with applicable administrative procedures.

18.     The acts or actions that the Debtors are required to take under the Agreement or this Sale Order after the Closing Date or as otherwise set forth in the Agreement shall be taken at the Purchaser's expense (and subject to all related terms and conditions of the Agreement).

19.     The terms and provisions of the Agreement, any ancillary agreements and this Sale Order shall be binding in all respects on, and shall inure to the benefit of, the Debtors, the Purchaser and their respective affiliates, successors and assigns and any other affected third parties, notwithstanding the dismissal of any of the Debtors' cases or any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or conversion of the Debtors' cases to cases under chapter 7, as to which trustee(s) such terms and provisions likewise shall be binding and not subject to rejection or avoidance.  The Agreement, the Sale Transaction and this Sale Order shall be enforceable against and binding on, and shall not be subject to rejection or avoidance by, any chapter 7 or chapter 11 trustee appointed in these Chapter 11 Cases.

20.     Nothing contained in any chapter 11  plan confirmed in the Debtors' cases, in any order confirming any such plan, or in any other order of any type or kind entered in these Chapter 11 Cases (including, without limitation, any order entered after any conversion of any or

20

(Page 21)
Debtors:                    Revel AC, Inc., et al.
Case No.:                   14-22654 (GMB)
Caption of Order:           ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS
                            OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS,
                            ENCUMBERANCES AND INTERESTS AND GRANTING RELATED
                            RELIEF

all of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code) or in any related

proceeding shall alter, conflict with, or derogate from the provisions of the Agreement or the

terms of this Sale Order.

21.     The Agreement and any related agreements, documents or other

instruments may be amended by the parties in a writing signed by such parties without further

order of the Court, provided that any such amendment does not have a material adverse effect on

the Debtors or the Debtors' estates.

22.     The failure to include specifically any particular provision of the

Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it

being the intent of the Court that the Agreement be and is authorized and approved in its entirety

with such amendments thereto as may be made by the parties in accordance with this Sale Order

prior to the Closing Date.  To the extent of any inconsistency between the provisions of this Sale

Order, the Agreement and any documents executed in connection therewith, the provisions

contained in the Sale Order, the Agreement and any documents executed in connection therewith

shall govern, in that order.

23.     The provisions of this Sale Order authorizing the sale and assignment of

the Purchased Assets free and clear of all liens, claims, encumbrances and interests, other than

Permitted Encumbrances and Assumed Liabilities, shall be self-executing, and notwithstanding

the failure of the Debtors, the Purchaser or any other party to execute, file or obtain releases,

termination statements, assignments, consents or other instruments to effectuate, consummate or

implement the provisions hereof, all liens, claims, encumbrances and other interests on or against

21

(Page 22)
Debtors:            Revel AC, Inc., et al.
Case No.:          14-22654 (GMB)
Caption of Order:  ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS
                   OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS,
                   ENCUMBERANCES AND INTERESTS AND GRANTING RELATED
                   RELIEF

such Purchased Assets (other than Permitted Encumbrances and Assumed Liabilities), if any,

shall be deemed released, discharged and terminated in all respects.  To the extent the Purchaser

deems it necessary or appropriate, if, upon consummation of the transactions set forth in the

Agreement, any person or entity which has filed statements or other documents or agreements

evidencing liens, claims, encumbrances or other interests on or in all or any portion of the

Purchased Assets (other than Permitted Encumbrances and Assumed Liabilities) shall not have

delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the

appropriate parties, termination statements, instruments of satisfaction, releases of liens and

easements and any other documents necessary or desirable to the Purchaser for the purpose of

documenting the release of all such liens, claims, encumbrances or other interests, the Purchaser

is hereby authorized (but not required) to execute and file such statements, instruments, releases

and other documents on behalf of such person or entity with respect to the Purchased Assets.

24.	From time to time, as and when requested, each party to the Agreement

shall execute and deliver, or cause to be executed and delivered, all such documents and

instruments and shall take, or cause to be taken, all such further or other acts or actions as such

other party may reasonably deem necessary or desirable to consummate the Sale Transaction,

including such acts or actions as may be necessary to vest, perfect or confirm, of record or

otherwise, in the Purchaser its right, title and interest in and to all the Purchased Assets.

25.	To the extent applicable, the automatic stay pursuant to section 362(a) of

the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without

further order of the Court (a) to allow the Purchaser to give the Debtors any notice under the

22

(Page 23)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER APPROVING THE SALE AND PURCHASE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBERANCES AND INTERESTS AND GRANTING RELATED RELIEF |

Agreement and (b) to allow the Purchaser to take any and all acts or actions in accordance with the Agreement.

26.     Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062, this Sale Order shall be effective and enforceable immediately and shall not be stayed. Time is of the essence in closing the Sale Transaction and the Debtors and the Purchaser intend to close the Sale Transaction as soon as practicable.  This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being dismissed as moot.

27.     This Court shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or related to this Sale Order, the Agreement or any related agreements, including, without limitation: (i) any actual or alleged breach or violation of this Sale Order, the Agreement or any related agreements; (ii) the enforcement of any relief granted in this Sale Order; or (iii) as otherwise set forth in the Agreement.

NEWYORK 9225279
ACTIVE 26088628v1 06/20/2014