**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**McCARTER & ENGLISH, LLP**
Eduardo J. Glas
245 Park Avenue, 27th Floor
New York, NY 10167
Telephone: (212) 609-6800
Facsimile: (212) 609-6921

-and-

Scott H. Bernstein
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Attorneys for Ravel Hotel LLC*

| | |
|---|---|
| In re:<br><br>REVEL AC, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 14-22654 (GMB)<br><br>Jointly Administered<br><br>**Objection Deadline: 7/29/14 at 4:00 p.m.**<br>**Hearing Date: 8/05/14 at 10:00 a.m.** |

**MOTION OF RAVEL HOTEL LLC FOR ENTRY OF AN
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY
IN THE BANKRUPTCY CASE OF REVEL ENTERTAINMENT
GROUP, LLC IN CONNECTION WITH THE TRADEMARK LITIGATION**

Ravel Hotel LLC ("Ravel Hotel"), by and through its undersigned attorneys, hereby moves (this "Motion") for entry of an Order (the "Proposed Form of Order"), substantially in the form submitted concurrently, granting Ravel Hotel relief from the automatic stay in the bankruptcy case of Revel Entertainment Group, LLC ("Revel Entertainment"), pursuant to section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and Rule

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387), and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

ME1 18430264v.3

4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to proceed with the claims and counterclaims asserted in the litigation entitled *Ravel Hotel LLC v. Revel Entertainment Group, LLC and Revel Group, LLC* (bearing index number 1:13-cv-02581) (the "Trademark Litigation") pending in the United States District Court for the District of New Jersey (the "District Court") to judgment only. In support of this Motion, Ravel Hotel respectfully represents as follows:

## I. Preliminary Statement

Ravel Hotel, Revel Entertainment and Revel Group, LLC ("Revel Group," and together with Revel Entertainment, the "Defendants") are parties to a complex trademark litigation in the District Court. Ravel Hotel hereby seeks relief from the automatic stay with respect to the Trademark Litigation against Debtor Revel Entertainment so that the District Court can completely resolve the parties' disputes and present a liquidated claim (with prepetition and postpetition components) to be treated as part of any bankruptcy plan of reorganization.

## II. Jurisdiction, Venue and Predicates for Relief

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief sought herein are section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001.

## III. Background

### A. The Debtors' Bankruptcy Cases

3. On June 19, 2014 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court, thereby commencing these bankruptcy cases. The Debtors continue to operate

2

their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. To date, no official committee or examiner has been appointed by the Office of the United States Trustee in these Chapter 11 cases.

5. A hearing on approval of the Debtors' motion to establish bidding and auction procedures for a sale of substantially all of the Debtors' assets is scheduled for July 11, 2014 [Docket No. 57].

6. A hearing on approval of the Debtors' disclosure statement [Docket No. 33] for their joint chapter 11 plan [Docket No. 32] is scheduled for July 30, 2014 [Docket No. 37].

**B.     The Trademark Litigation**

7. Ravel Hotel owns U.S. Registration No. 3,727,980 for trademark RAVEL (the "Ravel Mark") in connection with "hotel services," in Class 43. Since at least as early as 2008, Ravel Hotel has promoted, offered and sold hotel services in connection with the Ravel Mark throughout the United States in connection with a high-end hotel located in Queens, New York.

8. On April 3, 2013, during the Debtors' first bankruptcy proceeding, Ravel Hotel commenced the Trademark Litigation (then bearing Adv. Pro. No. 13-03282) by filing an adversary proceeding complaint against the Defendants.

9. In the Trademark Litigation, Ravel Hotel (i) alleges, *inter alia*, that (a) the Defendants infringed (and continue to infringe) the Ravel Mark in violation of 15 U.S.C. § 1114, and (b) the Defendants committed (and continue to commit) trademark infringement, unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (ii) seeks the cancellation of registrations for infringing trademarks owned by the Defendants; and (iii) an award of damages under federal law, common law and statutes of various states (including the State of New Jersey) relating to the Defendants' unfair competition and trademark infringement. The crux of these claims

3

is the Defendants' use of the confusingly similar name REVEL in connection with hotel and casino services.

10. On May 28, 2013, each of the Defendants answered the adversary proceeding complaint and asserted a counterclaim seeking the cancellation of the Ravel Mark and an award of damages in its favor and against Ravel Hotel.

11. On July 9, 2013, the District Court granted Ravel Hotel's unopposed motion to withdraw the reference in connection with the Trademark Litigation from the Bankruptcy Court to the District Court because the adversary proceeding involved substantial trademark and other federal law that does not arise under the Bankruptcy Code. Upon the withdraw of the reference, the Clerk of the District Court assigned Civil Action No. 1:13-cv-02581 to the Trademark Litigation.

12. From approximately July 9, 2013 to the Petition Date, in accordance with a Scheduling Order entered by the District Court, the parties made substantial progress to complete fact discovery. Indeed, as of the Petition Date, four depositions were already taken and six other depositions were scheduled to be taken.

13. On June 23, 2014, the Defendant Revel Entertainment filed a *Suggestion of Bankruptcy* in the District Court, invoking an automatic stay of the Trademark Litigation.

14. On June 25, 2014, the District Court issued an *Order of Administrative Termination Without Prejudice* administrative terminating the Trademark Litigation without prejudice based on the Debtors' bankruptcy filings.

15. On June 27, 2014, Ravel Hotel moved in the District Court to reopen the Trademark Litigation as to defendant Revel Group because Revel Group has not filed a petition for relief under the Bankruptcy Code. The motion to reopen the Trademark Litigation as to defendant Revel Group is scheduled to be heard on the papers by the District Court on July 21, 2014.

## IV.  Relief Requested

16. By this Motion, Ravel Hotel seeks entry of an Order, substantially in the form of the Proposed Form of Order, granting relief from the automatic stay in the bankruptcy case of Revel Entertainment to permit Ravel Hotel to prosecute the Trademark Litigation against Debtor Revel Entertainment to judgment.

## V.  Basis for Relief Requested

17. Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). Other than for lack of adequate protection, the Bankruptcy Code does not define the term "for cause," leaving courts to consider what constitutes cause based on the totality of circumstances in each particular case. *See Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) (citation omitted). A bankruptcy court is granted wide discretion to determine whether to lift the automatic stay for cause. *See In re Rosen*, 208 B.R. 345, 356 (D. N.J. 1997).

18. Courts in the Third Circuit generally consider the following three (3) factors in deciding whether cause exists: (i) whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (ii) balancing of the hardships between the parties; and (iii) the movant's probability of success on the merits if the automatic stay is lifted. *See In re SCO Group, Inc.*, 395 B.R. 852, 856-57 (Bankr. D. Del. 2007).

19. Ravel Hotel submits that the continuation of the Trademark Litigation will not result in great prejudice to Revel Entertainment and its bankruptcy estate. Revel Entertainment cannot argue that the cost of litigating the Trademark Litigation constitutes prejudice. A resolution of the Trademark Litigation is necessary for the Debtors' reorganization (including the Debtors' proposed sale of substantially all of their assets) because the Debtors cannot sell rights in trademarks that do not belong to the Debtors' estates. As resolution of the Trademark Litigation is necessary for the

5

Debtors' reorganization, the Debtors will not suffer prejudice if the automatic stay is lifted to allow the Trademark Litigation to proceed against Revel Entertainment in the District Court.[2]

20. Furthermore, lifting the automatic stay to allow the Trademark Litigation to proceed against Revel Entertainment in the District Court promotes judicial economy. As recognized by the District Court's granting of Ravel Hotel's uncontested motion to withdraw the reference from the Bankruptcy Court during the Debtors' first bankruptcy proceeding, the claims and counterclaims asserted in the Trademark Litigation are non-core claims within the meaning of 28 U.S.C. § 157. Under *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and its progeny, a bankruptcy court is required to submit proposed findings of fact and conclusions of law to a district court when deciding non-core claims. Accordingly, lifting the automatic stay will promote judicial economy. *See In re IB Agric., Inc.*, Case No. 13-60967-11, 2013 Bankr. LEXIS 4367, ** 8-12 (Bankr. D. Mont. Oct. 18, 2013) (granting stay relief to allow non-core claims to be heard by district court); *In re Aquarius Disk Services, Inc.*, 254 B.R. 253, 260, (Bankr. N.D. Cal. 2000) (stay lifted to allow a creditor to proceed with pending litigation in part due to the fact that the claim needed to be liquidated and judicial economy militated in favor of the non-bankruptcy forum).

21. Moreover, proceeding with the Trademark Litigation would not prejudice the Debtors or their estates because the Trademark Litigation would not interfere with the administration of the Debtors' estates. Specifically, proceeding with the Trademark Litigation would not distract the Debtors' management or their bankruptcy counsel from the Debtors' reorganization. The continuation of the Trademark Litigation will not require the Debtors' management or directors to devote undue attention to the case. With the exception of the Debtors' Chief Financial Officer (who

---

[2] Indeed, timely resolution of the Trademark Litigation would be in the best interests of the Debtors' estates and their creditors. If Revel Entertainment is found to have infringed on the Ravel Mark, the Debtors' estates may well be liable for substantial post-petition damages, which would result in a substantial administrative expense to the bankruptcy estate. *See* 11 U.S.C. § 503(b)(1)(A). Consequently, the longer the Debtors delay resolution of the Trademark Litigation, the greater the Debtors' administrative expense exposure grows.

ME1 18430264v.3

Ravel Hotel would like to depose for a single day),[3] such focus likely will not involve significant attention from or testimony of officers or directors who are essential to the day-to-day reorganization efforts of the Debtors. In addition, the Defendants are using separate litigation counsel for the Trademark Litigation, so the continuation of the Trademark Litigation (including the counterclaims asserted by the Defendants) will not distract the Debtors' restructuring lawyers. *See In re SCO Group, Inc.*, 395 B.R. 852, 858 (Bankr. D. Del. 2007).

22. Maintaining the automatic stay of the Trademark Litigation will cause substantial hardship to Ravel Hotel but, as stated above, there will be no hardship or prejudice to Revel Entertainment. Because the Defendants are actively infringing the Ravel Mark, Ravel Hotel is greatly prejudiced by maintaining the stay. The Trademark Litigation is the only way Ravel Hotel can enforce its legitimate property interests and prevent the Defendants' trademark infringement. Indeed, Ravel Hotel's lack of adequate protection of its interest in the Ravel Mark is, in and of itself, "cause" for lifting the automatic stay. *See* 11 U.S.C. § 362(d)(1) ("the court shall grant relief from the stay . . . for cause, including *the lack of adequate protection of an interest in property of such party in interest*") (emphasis added).

23. Ravel Hotel is highly likely to prevail on the merits of the Trademark Litigation. Courts hold that the required showing of the creditor's likelihood of prevailing on the merits need only be "very slight." *In re Rexene Products Co.*, 141 B.R. 574, 578 (Bankr. D. Del. 1992). Here, Ravel Hotel's likelihood of success on the merits is more than slight –indeed, there is a considerable likelihood of success on the merits.

24. Ravel Hotel owns a valid and subsisting federal registration for the Ravel Mark in connection with hotel services, which is prima facie evidence of the validity of the mark, *see* 15 U.S.C. §1057(b), and Ravel Hotel has priority in the Ravel Mark. Ravel Hotel opened its doors in

---

[3] This representation is based on information currently available to Ravel Hotel and is without prejudice to the rights of Ravel Hotel to notice depositions of other members of the Debtors' management team if warranted upon the completion of further discovery in the Trademark Litigation.

7

ME1 18430264v.3

April of 2008 and the registration for the Ravel Mark issued on December 22, 2009. The Defendants did not make use in commerce of their infringing mark until 2012, more than four years after Ravel Hotel opened its doors, and the Defendants' registrations did not issue until July 31, 2012 and August 21, 2012. To the extent that the Defendants claim priority based upon "analogous use" beginning in 2008, Ravel Hotel has comparable analogous use beginning in January 2006, which gives Ravel Hotel priority in its Ravel Mark.

25. Confusion between the trademarks is likely. The trademarks are very similar in overall commercial impression and they are both used in connection with hotels that have a restaurant and lounge. The hotels of both Ravel Hotel and the Defendants have a similar modern-style décor that promotes image of being "upscale." The hotels target the same customers, including visitors from the NY/NJ/PA area, customers from around the country, and customers from around the world. In addition, the hotels owned by Ravel Hotel and the Defendants are both advertised on the Internet.

26. Moreover, there have been numerous instances of actual confusion. Since the Revel Hotel in Atlantic City opened its doors in May 2012, employees and management at Ravel Hotel have had to dispel confusion among a multitude of confused vendors and consumers. Several of Ravel Hotel's vendors, including its insurance broker, its online marketing vendor and a vendor that supplies Ravel Hotel with its laundry chemicals, have mistakenly believed that the Revel Hotel was a new venture associated with Ravel Hotel. Further, a travel agent, intending to call Revel Hotel, mistakenly called Ravel Hotel demanding to be "comped" for a room.

27. In addition, many customers have mistakenly booked a room at Ravel Hotel, when they intended to book at the Revel Hotel, requiring Ravel Hotel to issue refunds and lose business. Other customers have mistakenly reserved tables at the wrong lounge and restaurant based upon confusion between the names Revel and Ravel. Still other consumers have attempted to check in at the Revel Hotel only to be told that the hotel did not have a room reservation for them. In addition,

Ravel Hotel has received numerous calls from consumers who mistakenly call Ravel Hotel looking for directions to the Revel Hotel. On multiple occasions, Ravel Hotel's guests have inquired about booking a reservation at Ravel Hotel's Atlantic City hotel based upon the mistaken belief that Ravel Hotel and the Revel Hotel are owned by the same entity or are otherwise affiliated with one another. Worse still, many of Ravel Hotel's guests have heard about the Debtors' bankruptcy proceeding and mistakenly ask Ravel Hotel about its bankruptcy proceeding, when Ravel Hotel has never filed for bankruptcy.

28. Given the unquestionable similarity between the trademarks RAVEL and REVEL, Ravel Hotel's prior rights in the Ravel Mark, and the overwhelming number of instances of confusion, Ravel Hotel is likely to succeed on the merits of its claims against the Defendants.

29. For the foregoing reasons, Ravel Hotel respectfully submits that cause exists to lift the automatic stay in the bankruptcy case of Revel Entertainment to permit the continuation of the Trademark Litigation against Revel Entertainment to judgment only.

## VI.    Request Waiver of Stay Under Bankruptcy Rule 4001(a)(3)

30. In the event that this Court enters an Order granting Ravel Hotel's request for relief from the automatic stay, Ravel Hotel requests a waiver of the fourteen (14) days stay of such Order provided under Bankruptcy Rule 4001(a)(3). Ravel Hotel submits that ample cause exists to grant this request because of the substantial impairment of the value of the Ravel Mark that is resulting from the Defendants' day-to-day infringement of the Ravel Mark.

## VII.    Notice

31. No trustee, examiner or creditors' committee has been appointed in these Chapter 11 cases. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel to the Debtors and Revel Entertainment; (iii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis as set forth in the Debtors' bankruptcy petitions; and (iv) those parties who have filed a notice of appearance and request for service of

pleadings in these Chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Ravel Hotel submits that no other or further notice is necessary.

### VIII. Waiver of Memorandum of Law

32. As no novel issue of law is raised and the relevant authorities relied upon by Ravel Hotel are set forth herein, Ravel Hotel respectfully requests that the Court waive the requirement under D.N.J. LBR 9013-2 that a separate memorandum of law be submitted.

### IX. No Prior Request for Relief

33. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, for the foregoing reasons, Ravel Hotel respectfully requests that the Court enter an Order, substantially in the form of the Proposed Form of Order submitted concurrently herewith, (i) granting relief from the automatic stay so that Ravel Hotel may continue the prosecution of the Trademark Litigation against Revel Entertainment to judgment only, and (ii) granting such other and further relief to Ravel Hotel as the Court deems just and proper.

Dated: July 2, 2014
       Newark, New Jersey

Respectfully submitted,

McCARTER & ENGLISH, LLP

*/s/ Eduardo J. Glas*
Eduardo J. Glas
245 Park Avenue, 27th Floor
New York, NY 10167
Telephone: (212) 609-6800
Facsimile:  (212) 609-6921

-and-

Scott H. Bernstein
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Telephone: (973) 622-4444
Facsimile:  (973) 624-7070

*Attorneys for Ravel Hotel LLC*

ME1 18430264v.3