**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**McCARTER & ENGLISH, LLP**
Eduardo J. Glas
245 Park Avenue, 27th Floor
New York, NY 10167
Telephone: (212) 609-6800
Facsimile:  (212) 609-6921

-and-

Scott H. Bernstein
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Telephone: (973) 622-4444
Facsimile:  (973) 624-7070

*Attorneys for Ravel Hotel LLC*

| | |
|---|---|
| In re:<br><br>REVEL AC, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 14-22654 (GMB)<br><br>Jointly Administered |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC
STAY IN THE BANKRUPTCY CASE OF REVEL ENTERTAINMENT
GROUP, LLC IN CONNECTION WITH THE TRADEMARK LITIGATION**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby ORDERED.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387), and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

ME1 18430264v.3

| | |
|---|---|
| Page 2 | |
| Debtor: | Revel AC, Inc. <u>et al</u>. |
| Case No: | 14-22654 (GMB) |
| Caption of Order: | Order Granting Relief From the Automatic Stay in the Bankruptcy Case of Revel Entertainment Group, LLC in Connection with the Trademark Litigation |

Upon consideration of the motion (the "<u>Motion</u>") of Ravel Hotel LLC for relief from the automatic stay in the bankruptcy case of Revel Entertainment Group, LLC, pursuant to section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "<u>Bankruptcy Code</u>") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to proceed with the claims and counterclaims asserted in the litigation entitled *Ravel Hotel LLC v. Revel Entertainment Group, LLC and Revel Group, LLC* (bearing index number 1:13-cv-02581) (the "<u>Trademark Litigation</u>") pending in the United States District Court for the District of New Jersey (the "<u>District Court</u>"), and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334, (b) this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) venue of the Debtors' cases under Chapter 11 of the Bankruptcy Code and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary, and (e) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED as set forth herein.

2. Ravel Hotel is hereby granted relief from the automatic stay under section 362 of the Bankruptcy Code to continue the Trademark Litigation against Debtor Revel Entertainment Group, LLC to judgment.

ME1 18430264v.3

| | |
|---|---|
| Page 3 | |
| Debtor: | Revel AC, Inc. et al. |
| Case No: | 14-22654 (GMB) |
| Caption of Order: | Order Granting Relief From the Automatic Stay in the Bankruptcy Case of Revel Entertainment Group, LLC in Connection with the Trademark Litigation |

3. Unless otherwise provided by further Order of this Court, any and all debts owed by Debtor Revel Entertainment Group, LLC to Ravel Hotel for monetary damages resulting from judgment in the Trademark Litigation shall be collected solely by means of a proof of claim or motion in this bankruptcy proceeding.

4. Notwithstanding any provision in the Bankruptcy Rules or the Local Rules of this Court to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

5. The Court hereby waives the requirement under D.N.J. LBR 9013-2 that a separate memorandum of law be submitted.

6. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

ME1 18430264v.3