# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| REVEL AC, INC., <u>et al.</u>, | ) | Case No. 14-22654 (GMB) |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors.[1] | ) |  |
|  | ) |  |

## SCHEDULE OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS FOR REVEL AC, LLC (CASE NO. 14-22655)

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER
REGARDING SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL
AFFAIRS OF REVEL AC, INC. AND ITS AFFILIATED DEBTORS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Revel AC, Inc. and its affiliated debtors (the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") have been prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors with the assistance of its legal and financial advisors.

The Schedules and Statements have been prepared by the Debtors' management exercising best efforts to ensure accuracy and completeness. The Schedules and Statements are unaudited and were prepared with data reasonably available as of June 30, 2014, or in the reasonable proximity thereof. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements have been signed by the Debtors' Chief Restructuring Officer, Shaun Martin. In reviewing and signing the Schedules and Statements, Mr. Martin has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtors. Mr. Martin has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

I.      Amendments to Schedules and Statements and General Reservation of Rights.

1)      While the Debtors' management has exercised best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate.

2)      Without limiting anything else expressly reserved herein, the Debtors reserve the right to dispute, or to assert offset or defenses to any claim reflected in the Schedules and/or Statements as to amount, liability and/or classification. The Debtors also reserve all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in their Schedules and Statements.

3)      Nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these Chapter 11 Cases, including but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under applicable sections of chapter 5 of the Bankruptcy Code and other applicable non-bankruptcy law to recover assets or avoid transfers.

II.     Basis of Presentation. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") nor are they intended to fully reconcile to the financial statements otherwise prepared and/or distributed by the Debtors. The amounts set forth in the Schedules and Statements differ in some respects from the financial statements of the Debtors and are not a basis for drawing conclusions concerning the Debtors' solvency or the specific dollar amount of disputed, contingent or unliquidated claims.

2

III.       General Assumptions.  The Debtors adopted the following conventions in the preparation of the Schedules and Statements:

      1)       Reporting Date.  Unless otherwise indicated, all asset and liability information is listed as of June 19, 2014.

      2)       Book Value.

      a)       Assets and liabilities of the Debtors are shown on the basis of the book value of the asset or liability in the Debtors' accounting books and records, unless otherwise noted, rather than the current market values of such interests in property and/or liabilities. Exceptions to this include certain tax claims, which are presented based on assessment values. Certain other assets, such as intangible assets, are listed with undetermined amounts. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.

      b)       Amounts shown for total liabilities exclude items that are designated as "unliquidated" or identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

      3)       Estimates.  To prepare and file the Schedules and Statements shortly after the Petition Date, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

      4)       Causes of Action.  Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy law to recover assets.  As discussed above, the Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action or avoidance actions or in any way prejudice or impair the assertion of such claims, causes of action or avoidance actions.

      5)       Property and Equipment – owned.  Costs of major improvements that enhance the usefulness of the asset are capitalized and depreciated over the estimated useful life of the asset. Depreciation and amortization expense for principal asset classifications are calculated on a straight-line basis.

      6)       Trade Accounts Receivable and Accounts Payable.  Trade accounts receivable are presented net of an allowance for doubtful accounts, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtors, unless otherwise stated.  Likewise, accounts payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights or collateral that has been posted on behalf of the counterparty.

      7)       Claims Description.  The Debtors' decision to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" is subject to review at any time as permitted by the Bankruptcy Code.  The Debtors reserve the right to subsequently amend their Schedules to designate a claim as "disputed," "contingent" or "unliquidated" in the event the Debtors determine that

3

such claim is disputed, or subject to setoff rights, counterclaims or defenses as to amount, liability or classification.

8)      <u>Court Orders</u>.  On June 20, 2014, the Court entered orders authorizing (but not directing) the Debtors to pay or honor, among other things, certain prepetition claims of employees [Docket No. 39], certain taxes and fees [Docket No. 43] and certain customer obligations [Docket No. 47].  Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims may be paid under this authority.  To the extent possible, amounts are not listed in the Schedules and Statements if they have already been, or are expected to be, paid or honored pursuant to court order shortly after the commencement of these Chapter 11 Cases.

9)      <u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill, accrued salaries, employee benefit accruals, accrued insurance expenses, deferred insurance expenses and deferred gains.  As noted above, certain liabilities expected to be paid pursuant to court order (e.g., accrued salaries and employee benefit accruals, certain taxes and fees), were also excluded from the Schedules and Statements.  Additionally, other immaterial assets and liabilities may also have been excluded.

10)     <u>Recharacterization</u>.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize and designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements.  However, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized or designated certain items.  The Debtors thus reserve all of their rights to characterize, reclassify, recategorize or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

IV.     <u>Schedules of Assets and Liabilities</u>.

1)      <u>Summary of Schedules</u>.  The sum of liabilities listed on Schedule D excludes certain secured claims for which the value of such claims is currently undetermined.  The Summary of Schedules lists the sum of liabilities from Schedule D and, accordingly, does not reflect these undetermined values.

2)      <u>Schedule A: Real Property</u>

a)      With respect to the amounts listed in Schedule A, if any, such amounts are based on the valuation of such property done in connection with emergence from the Debtors' cases under chapter 11 of the Bankruptcy Code during 2013, which valuations are the most recent valuations of such property.

3)      <u>Schedule B: Personal Property</u>.

a)      Unless otherwise indicated, asset values described in Schedule B are as reflected in the Debtor's books and records as of June 19, 2014.

b)      Cash accounts are presented at book value as of June 19, 2014.

c)      The amounts listed in Schedule B reflect that the Debtors underwent fresh start accounting in 2013.  Additionally, beginning in 2011, the Debtors undertook an inspection and investigation of the construction costs associated with their facility for the purpose

4

of identifying and allocating the reported building costs into the proper modified accelerated cost recovery system classifications for federal income tax purposes.  These allocations resulted in certain cost reclassifications that are reflected in the Debtors' schedules.

        d)      With respect to the amounts described in the Schedule B29 Attachment, the Impairment or Disposal of Long-Lived Assets Subsections of ASC 360-10, "Property, Plant, and Equipment—Overall," long-lived assets, such as property, plant and equipment, and purchased intangible assets subject to amortization, are reviewed for impairment whenever events or changes in circumstances indicate that the carrying amount of an asset may not be recoverable. If the carrying value of the long-lived asset is not recoverable on an undiscounted cash flow basis, impairment is recognized to the extent the carrying value exceeds its fair value.  Fair value is determined through various valuation techniques including discounted cash flow models, quoted market values and third-party independent appraisals, as necessary.  While the Debtors have not completed a financial audit for the year ending December 31, 2013, it is believed that circumstances subsequent to December 31, 2013 indicate that an impairment charge is warranted. The Debtors are undergoing the analysis to determine the amount of such impairment and it is the Debtors' intent to record an impairment charge as expeditiously as possible.  Such impairment will be reflected in the December 31, 2013 asset values.

        4)      <u>Schedule D: Creditors Holding Secured Claims</u>.

        a)      Except as otherwise agreed pursuant to a stipulation, agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

        b)      Except as specifically stated herein, real property sublessors, utility companies and other parties that may have lien rights on certain assets have not been listed on Schedule D.

        c)      In certain instances, holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment to the Debtors are not included on Schedule D.

        d)      The sum of liabilities listed on Schedule D excludes certain secured claims for which the value of such claims is currently undetermined.

        5)      <u>Schedule E: Creditors Holding Unsecured Priority Claims</u>.

        a)      The Bankruptcy Court has approved payment by the Debtors of, among other things, certain employee-related and tax claims, and as a result, such claims have not been included in the Debtors' Schedules and Statements.

5

b)        Claim amounts on Schedule E are broken into two categories: "Amount Entitled to Priority" and "Amount Not Entitled to Priority, If Any".  The aggregate amounts listed for Schedule E in the Summary of Schedules for the Debtors reflects both categories and the latter category is not duplicated on Schedule F.  The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

c)        The Debtors are seeking to sell substantially all of their assets.  To the extent that such a sale closes, the amount of the Debtors' unsecured priority claims may be significantly reduced.  The Debtors reserve the right to amend the amount of such claims under such circumstances.

6)    Schedule F: Creditors Holding Unsecured Non-Priority Claims.

a)        The Bankruptcy Court has approved payment by the Debtors of, among other things, certain customer-related claims, and as a result, such claims have not been included in the Debtors' Schedules and Statements.

b)        Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

c)        The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

d)        Schedule F contains information regarding potential, pending and closed litigation involving the Debtors.  To the extent litigation involving the Debtors has been identified, such information is contained in the Schedules and Statements.  The Debtors expressly incorporate by reference into Schedule F all parties to potential and pending litigation listed in the Debtors' Schedules and Statements as contingent, unliquidated and disputed claims to the extent not already listed on Schedule F.  Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any potential suits and proceedings included therein.

e)        The claims of individual creditors for, among other things, goods and services are listed in the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor.  The Debtors reserve all rights respecting such credits or allowances.

f)        The dollar amounts listed may be exclusive of contingent and unliquidated amounts.  All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected, unless otherwise agreed to.  Not all such claims are duplicated on Schedule F.

6

g)      Any discrepancy between Schedule F and the list of the Debtors' top 30 creditors attached to the Debtors' petition results from the continued examination and analysis of the Debtors' books and records following the Petition Date.

7)      <u>Schedule G: Executory Contracts</u>.

a)      Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and/or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters or other documents, instruments or agreements which may not be listed therein.  It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date.  The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

b)      Certain of the leases and contracts listed on Schedule G may contain certain purchase orders, amendments, restatements, waivers and other miscellaneous rights that are embedded in the Debtors' agreements.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Schedule G may not include certain stand alone purchase orders for goods, services or equipment, nondisclosure agreements or volume penalty agreements.  The Debtors reserve all rights with respect to any agreements that are not included on Schedule G.

c)      The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim.

d)      Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by their omission.  Schedule G may be amended at any time to add any omitted contract or agreement.

e)      For the purposes of Schedule G, contracts have been listed only where that Debtor is an actual party to the contract.  The omission of any contract from Schedule G to which a Debtor is an intended beneficiary shall not constitute a waiver of any rights the Debtor may have in that contract, including the right to enforce such contract or the right to recover damages in the event that there is a breach of such contract.

8)      <u>Schedule H: Co-Debtors</u>.  In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

7

V.        Statements of Financial Affairs.

a)        Statement of Financial Affairs Question 3b.   The Debtors have scheduled known payments to creditors aggregating more than $6,225 that were made during the 90 days prior to the Petition Date other than ordinary course wages or expense reimbursements to employees.

b)        Statement of Financial Affairs Question 3c.

1.        As it relates to the Debtors' insiders, the response to Question 3c and 23 only include payments to: (i) directors, (ii) officers and (iii) other members of the Debtor's senior management team.  The listed insiders include only those individuals that the Debtors believe have a "policy making" role at any of the Debtors.

2.        Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual or (iv) whether such individual is actually an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

c)        Statement of Financial Affairs Question 8.  The Debtors have not listed any operational losses incurred in connection with their gaming operations in the ordinary course of the Debtors' business.

d)        Statement of Financial Affairs Question 13.  The Debtors and their vendors may set-off mutual obligations in the ordinary course of business and pursuant to trade terms agreed upon by the parties which include, but are not limited to, vendor rebate deductions and credit memos.  The Debtors have not included any of these set-offs in their responses to Question 13.

e)        Statement of Financial Affairs Questions 21b.

1.        As it relates to each Debtor's stockholders, in response to Question 21b the Debtors' have listed only (a) those holders of 5% or more of the ownership interests of Revel AC, Inc., and (b) the direct and indirect members of each limited liability company.

2.        The list of officers provided in response to Question 21b includes only those individuals who are designated as the officers of such Debtor pursuant to that Debtor's organizational documents.

* * * END OF GLOBAL NOTES * * *

8

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

## District of New Jersey

In re  Revel AC, LLC                              ,          Case No.  14-22655 (GMB)
_____Debtor_____

Chapter  11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 0.00 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 9 | | $ 447,026,940.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 13 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $ |
| TOTAL | | 30 | $ 0.00 | $ 447,026,940.00 | |

B6A (Official Form 6A) (12/07)

In re  Revel AC, LLC                                             ,          Case No.  14-22655 (GMB)
                    **Debtor**                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Total ➤

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re  Revel AC, LLC _____,        Case No.  14-22655 (GMB)
                 **Debtor**                                                           **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

In re   Revel AC, LLC                                    ,          Case No.   14-22655 (GMB)
              **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Revel Atlantic City, LLC, Revel Entertainment Group, LLC, NB Acquisition, LLC | | Unknown |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) - Cont.

In re   Revel AC, LLC                                              ,          Case No.   14-22655 (GMB)
              **Debtor**                                                            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____0_____ continuation sheets attached     Total ➤     $                    Unknown

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B 6D (Official Form 6D) (12/07)

In re  Revel AC, LLC                                ,        Case No.   14-22655 (GMB)
                    **Debtor**                                                         **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>JP Morgan Chase Bank, NA<br>Attn: Atkins, Susan<br>383 Madison Ave, 24th floor<br>New York, NY 10179 | X | | November 8, 2013 Amended and Restated First Lien Credit Agreement Tranche A-1 Revolver | X | X | | 10,000,000 | Unknown |
| | | | VALUE $       Unknown | | | | | |
| ACCOUNT NO.<br><br>Wells Fargo Principal Lending<br>Attn: Bohannon, Mike<br>2450 Colorado Avenue, 3000 W<br>Santa Monica, CA 90404 | X | | November 8, 2013 Amended and Restated First Lien Credit Agreement Tranche A-2 Revolver | X | X | | 75,000,000 | Unknown |
| | | | VALUE $       Unknown | | | | | |
| ACCOUNT NO.<br><br>Capital Research American Funds Insurance Series<br>Attn: Crehan, Angela<br>333 South Hope Street, 55th floor<br>Los Angeles, CA 90071 | X | | November 8, 2013 Amended and Restated First Lien Credit Agreement Term Loan B | X | X | | 2,110,150 | Unknown |
| | | | VALUE $       Unknown | | | | | |
|  _8_  continuation sheets attached | | | Subtotal ▶<br>(Total of this page) | | | | $ 87,110,150 | $ |
| | | | Total ▶<br>(Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Capital Research American High Income<br>Attn: Crehan, Angela<br>333 South Hope Street, 55th Floor<br>Los Angeles, CA 90071 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $14,771,047 | Unknown |
| Chatham Asset High Yield Master Fund<br>Attn: Reyes, Albert<br>26 Main Street, Suite 204<br>Chatham, NJ 07928 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $13,715,972 | Unknown |
| Credit Suisse Loan Funding LLC<br>Attn: Sawh, Ashwinee<br>11 Madison Avenue, 23rd Floor<br>New York, NY 10010 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $6,330,449 | Unknown |
| J.P. Morgan Whitefriars Inc.<br>Attn: Virginia Conway<br>383 Madison Avenue, 27th Floor<br>New York, NY 10017 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $395,653 | Unknown |
| The Canyon Value Realization Master<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $7,037,349 | Unknown |
| Permal Canyon Fund Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $195,189 | Unknown |
| Citi Canyon Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $116,058 | Unknown |
| Canyon - TCDRS Fund, LLC<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90068 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $269,044 | Unknown |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Canyon - GRF Master Fund II, LP<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $195,189 | Unknown |
| Canyon Value Realization MAC 18 Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $52,754 | Unknown |
| Canyon Value Realization Fund LP<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $4,515,720 | Unknown |
| Canyon Distressed Opportunitiy Master<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $1,208,061 | Unknown |
| Canyon Blue Credit Investment Fund LP<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $21,102 | Unknown |
| Canyon Balanced Master Fund, Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $1,498,206 | Unknown |
| AAI Canyon Fund plc<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | November 8, 2013<br>Amended and Restated<br>Lien Credit Agreement<br>Term Loan B<br>Value: Unknown | X | X | | $321,798 | Unknown |
| AAI Canyon Fund plc<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | May 21, 2013<br>Second Lien Credit<br>Agreement<br><br>Value: Unknown | X | X | | $1,855,639 | Unknown |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| American Funds Insurance Series Capital Research and Management Attn: Angela Crehan 333 South Hope Street, 33rd Floor Los Angeles, CA 90071 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $11,915,453 | Unknown |
| American High-Income Trust Capital Research and Management Attn: Angela Crehan 333 South Hope Street, 33rd Floor Los Angeles, CA 90071 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $82,238,555 | Unknown |
| Canyon Balanced Master Fund, Ltd. Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $8,614,664 | Unknown |
| Canyon Blue Credit Investment Fund LP Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $112,463 | Unknown |
| Canyon Distressed Opportunitiy Master Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $6,944,589 | Unknown |
| Canyon Value Realization MAC 18 Ltd. Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $309,273 | Unknown |
| The Canyon Value Realization Master Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $40,486,673 | Unknown |
| Canyon Value Realization Fund LP Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $25,978,949 | Unknown |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Canyon - GRF Master Fund LP<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $3,109,601 | Unknown |
| Canyon - GRF Master Fund II, LP<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $1,124,630 | Unknown |
| Canyon - TCDRS Fund, LLC<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90068 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $1,546,366 | Unknown |
| Chatham Asset High Yield Master Fund,<br>Chatham Asset Management, LLC<br>Attn: Albert Reyes<br>26 Main Street, Suite 204<br>Chatham, NJ 07928 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $17,431,762 | Unknown |
| Chatham Eureka Fund, L.P.<br>Chatham Asset Management, LLC<br>Attn: Albert Reyes<br>27 Main Street, Suite 204<br>Chatham, NJ 07929 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $10,683,983 | Unknown |
| Citi Canyon Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $674,778 | Unknown |
| Credit Suisse Loan Funding LLC<br>Credit Suisse<br>Attn: Ashwinee Sawh<br>Eleven Madison Avenue, 23rd Floor<br>New York, NY  10010 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $28,115,745 | Unknown |
| Hartford Accident and Indemnity<br>Hartford Investment Management<br>Attn: David Stevenson<br>54 Farmington Avenue<br>Hartford, CT 06104 | X | | May 21, 2013<br>Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $2,515,797 | Unknown |

**SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS**

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Hartford Fire Insurance Company Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $2,604,643 | Unknown |
| Hartford Institutional Trust High Yield Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $228,300 | Unknown |
| Hartford Insurance Company of Illinois Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $1,044,781 | Unknown |
| Hartford International Life Reassurance Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $102,341 | Unknown |
| Hartford Life and Accident Insurance Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $404,867 | Unknown |
| Hartford Life and Annuity Insurance Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $872,713 | Unknown |
| Hartford Life Insurance Company Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $4,237,605 | Unknown |
| HIMCO Dynamic Allocation Fixed Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $439,730 | Unknown |

**SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS**

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| J.P. Morgan Whitefriars Inc. JPMorgan Attn: Virginia Conway 383 Madison Avenue, 27th Floor New York, NY 10017 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $2,282,999 | Unknown |
| Omega Charitable Partnership, LP Omega Advisors, Inc. Attn: Adam Klein 88 Pine Street 31st Floor New York, NY 10005 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $2,249,260 | Unknown |
| Oppenheimer Global Strategic Income OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $1,490,135 | Unknown |
| Oppenheimer Variable Account Funds OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $5,285,760 | Unknown |
| Oppenheimer Master Loan Fund, LLC OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $3,711,278 | Unknown |
| Oppenheimer Quest for Value Funds OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $326,143 | Unknown |
| Oppenheimer Senior Floating Rate Fund OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $36,421,136 | Unknown |
| Permal Canyon Fund Ltd. Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $1,113,384 | Unknown |

### SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| The Hartford Investment and Savings Plan Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $549,944 | Unknown |
| Twin Haven Special Opportunities Fund Twin Haven Capital Attn: Michael Vinci 33 Riverside Avenue, 3rd Floor Westport, CT 06880 | X | | May 21, 2013 Second Lien Credit Agreement<br><br>Value: Unknown | X | X | | $2,249,260 | Unknown |
| Tishman Construction Corp of New Jersey 249 South Rhode Island Avenue Atlantic City, NJ 08401 | X | | January 3, 2013 Construction Lien<br><br>Value: Unknown | X | X | X | $          - | Unknown |
| Philadelphia D&M, Inc 500 Davis Drive, Suite 100 Plymouth Meeting, PA 19462 | X | | September 4, 2012 Construction Lien<br><br>Value: Unknown | X | X | X | $          - | Unknown |
| Philadelphia D&M, Inc 500 Davis Drive, Suite 100 Plymouth Meeting, PA 19462 | X | | October 17, 2012 Construction Lien<br><br>Value: Unknown | X | X | X | $          - | Unknown |
| Imperial Woodworking Enterprises, Inc 1920 Vindicator Drive, Suite 113 Colorado Springs, CO 80919 | X | | December 3, 2012 Construction Lien<br><br>Value: Unknown | X | X | X | $          - | Unknown |
| Imperial Woodworking Enterprises, Inc 1920 Vindicator Drive, Suite 113 Colorado Springs, CO 80919 | X | | December 3, 2012 Construction Lien<br><br>Value: Unknown | X | X | X | $          - | Unknown |
| Imperial Woodworking Enterprises, Inc 1920 Vindicator Drive, Suite 113 Colorado Springs, CO 80919 | X | | December 3, 2012 Construction Lien<br><br>Value: Unknown | X | X | X | $          - | Unknown |

In re **Revel AC, LLC**                                                                                    Case No. **14-22655**
Debtor

**SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS**

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Imperial Woodworking Enterprises, Inc 1920 Vindicator Drive, Suite 113 Colorado Springs, CO 80919 | X | | December 3, 2012 Construction Lien  Value: Unknown | X | X | X | $                   - | Unknown |
| Imperial Woodworking Enterprises, Inc 1920 Vindicator Drive, Suite 113 Colorado Springs, CO 80919 | X | | December 3, 2012 Construction Lien  Value: Unknown | X | X | X | $                   - | Unknown |
| **TOTAL** | | | | | | | **$447,026,940  $            -** | |

B6E (Official Form 6E) (04/13)

In re __Revel AC, LLC_____,                    Case No. __14-22655 (GMB)_____
_____*Debtor*                                                    *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.  Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors.  If a joint petition is filed, state whether the  husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."         If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet.  Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule.  Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) – Cont.

In re ___Revel AC, LLC_____ ,    Case No. ___14-22655 (GMB)_____
_____*Debtor*_____          _____*(if known)*_____

☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

  Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

___0___ continuation sheets attached

In re ___Revel AC, LLC_____,    Case No. ___14-22655 (GMB)_____
                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☑ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | Subtotal▶ | | | | $ |

___0___ continuation sheets attached

Total▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re  Revel AC, LLC                            ,     Case No.  14-22655 (GMB)
                    **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

　　　Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Operating/LLC Agreement |
| Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Operating/LLC Agreement |
| NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Operating/LLC Agreement |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re   Revel AC, LLC                              ,                    Case No.   14-22655 (GMB)
              **Debtor**                                                        **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See Attached | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| JPMorgan Chase Bank, N.A.<br>Attn: Atkins, Susan<br>383 Madison Avenue, 24th Floor<br>New York, NY 10179 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Wells Fargo Principal Lending, LLC<br>Attn: Bohannon, Mike<br>2450 Colorado Avenue, Suite 3000 West<br>Santa Monica, CA 90404 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Capital Research American Funds Insurance Series<br>Attn: Crehan, Angela<br>333 South Hope Street, 55th Floor<br>Los Angeles, CA 90071 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Capital Research American High Income<br>Attn: Crehan, Angela<br>333 South Hope Street, 55th Floor<br>Los Angeles, CA 90071 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Chatham Asset High Yield Master Fund<br>Attn: Reyes, Albert<br>26 Main Street, Suite 204<br>Chatham, NJ 07928 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Credit Suisse Loan Funding LLC<br>Attn: Sawh, Ashwinee<br>11 Madison Avenue, 23rd Floor<br>New York, NY 10010 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| J.P. Morgan Whitefriars Inc.<br>Attn: Virginia Conway<br>383 Madison Avenue, 27th Floor<br>New York, NY 10017 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| The Canyon Value Realization Master<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Permal Canyon Fund Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Citi Canyon Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |

SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Canyon - TCDRS Fund, LLC<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90068 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Canyon - GRF Master Fund II, LF<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Canyon Value Realization MAC 18 Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Canyon Value Realization Fund LF<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Canyon Distressed Opportunitiy Master<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Canyon Blue Credit Investment Fund LF<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Canyon Balanced Master Fund, Ltd.<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| AAI Canyon Fund plc<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| AAI Canyon Fund plc<br>Canyon Capital Advisors LLC<br>Attn: Lena Najarian<br>2000 Avenue of the Stars, 11th floor<br>Los Angeles, CA 90067 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| American Funds Insurance Series<br>Capital Research and Management<br>Attn: Angela Crehan<br>333 South Hope Street, 33rd Floor<br>Los Angeles, CA 90071 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| American High-Income Trust Capital Research and Management Attn: Angela Crehan 333 South Hope Street, 33rd Floor Los Angeles, CA 90071 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon Balanced Master Fund, Ltd. Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon Blue Credit Investment Fund LF Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon Distressed Opportunitiy Master Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon Value Realization MAC 18 Ltd. Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |

SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| The Canyon Value Realization Master Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon Value Realization Fund LF Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon - GRF Master Fund LF Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon - GRF Master Fund II, LF Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Canyon - TCDRS Fund, LLC Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90068 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**

(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Chatham Asset High Yield Master Fund, Chatham Asset Management, LLC Attn: Albert Reyes 26 Main Street, Suite 204 Chatham, NJ 07928 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Chatham Eureka Fund, L.P. Chatham Asset Management, LLC Attn: Albert Reyes 27 Main Street, Suite 204 Chatham, NJ 07929 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Citi Canyon Ltd. Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Credit Suisse Loan Funding LLC Credit Suisse Attn: Ashwinee Sawh Eleven Madison Avenue, 23rd Floor New York, NY 10010 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Hartford Accident and Indemnity Company Hartford Investment Management Attn: David Stevenson 54 Farmington Avenue Hartford, CT 06104 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Hartford Fire Insurance Company<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Hartford Institutional Trust High Yield<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Hartford Insurance Company of Illinois<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Hartford International Life Reassurance<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Hartford Life and Accident Insurance<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Hartford Life and Annuity Insurance<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Hartford Life Insurance Company<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| HIMCO Dynamic Allocation Fixed Income<br>Hartford Investment Management<br>Attn: David Stevenson<br>55 Farmington Avenue<br>Hartford, CT 06105 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| J.P. Morgan Whitefriars Inc.<br>JPMorgan<br>Attn: Virginia Conway<br>383 Madison Avenue, 27th Floor<br>New York, NY 10017 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |
| Omega Charitable Partnership, LP<br>Omega Advisors, Inc.<br>Attn: Adam Klein<br>88 Pine Street 31st Floor<br>New York, NY 10005 | Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | NB Acquisition, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | SI LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Oppenheimer Global Strategic Income OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Oppenheimer Variable Account Funds OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Oppenheimer Master Loan Fund, LLC OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Oppenheimer Quest for Value Funds OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Oppenheimer Senior Floating Rate Fund OppenheimerFunds, Inc. Attn: Rob Chavez 6801 South Tucson Way Englewood, CO 80112-3924 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Permal Canyon Fund Ltd. Canyon Capital Advisors LLC Attn: Lena Najarian 2000 Avenue of the Stars, 11th floor Los Angeles, CA 90067 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| The Hartford Investment and Savings Plan Hartford Investment Management Attn: David Stevenson 55 Farmington Avenue Hartford, CT 06105 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Twin Haven Special Opportunities Fund Twin Haven Capital Attn: Michael Vinci 33 Riverside Avenue, 3rd Floor Westport, CT 06880 | Revel AC, Inc. 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | NB Acquisition, LLC 500 Boardwalk Atlantic City, NJ 08401 | SI LLC 500 Boardwalk Atlantic City, NJ 08401 |
| Tishman Construction Corp of New Jersey 249 South Rhode Island Avenue Atlantic City, NJ 08401 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | | | |
| Philadelphia D&M, Inc 500 Davis Drive, Suite 100 Plymouth Meeting, PA 19462 | Revel Atlantic City, LLC 500 Boardwalk Atlantic City, NJ 08401 | Revel Entertainment Group, LLC 500 Boardwalk Atlantic City, NJ 08401 | | | |

**SCHEDULE H - CODEBTORS**
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | NAMES AND ADDRESSES OF CODEBTORS | | | | |
|---|---|---|---|---|---|
| Philadelphia D&M, Inc<br>500 Davis Drive, Suite 100<br>Plymouth Meeting, PA 19462 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | | | |
| Imperial Woodworking Enterprises, Inc<br>1920 Vindicator Drive, Suite 113<br>Colorado Springs, CO 80919 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | | | |
| Imperial Woodworking Enterprises, Inc<br>1920 Vindicator Drive, Suite 113<br>Colorado Springs, CO 80919 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | | | |
| Imperial Woodworking Enterprises, Inc<br>1920 Vindicator Drive, Suite 113<br>Colorado Springs, CO 80919 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | | | |
| Imperial Woodworking Enterprises, Inc<br>1920 Vindicator Drive, Suite 113<br>Colorado Springs, CO 80919 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | | | |
| Imperial Woodworking Enterprises, Inc<br>1920 Vindicator Drive, Suite 113<br>Colorado Springs, CO 80919 | Revel Atlantic City, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Revel Entertainment Group, LLC<br>500 Boardwalk<br>Atlantic City, NJ 08401 | | | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re __Revel AC, LLC_____,    Case No. ___14-22655 (GMB)_____
          **Debtor**                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                                                                  Debtor

Date _____        Signature: _____
                                                                                        (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                      Social Security No.
of Bankruptcy Petition Preparer                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____        _____
  Signature of Bankruptcy Petition Preparer                                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

-------------------------------------------------------------------------------------------------
### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the __Chief Restructuring Officer_____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the __corporation_____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __31__ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date __07/03/2014_____        Signature: _____

                                                                            __Shaun M. Martin_____
                                                                            [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-------------------------------------------------------------------------------------------------
Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## District of New Jersey

In re:_Revel AC, LLC_____,   Case No._14-22655 (GMB)_____
         <span style="font-size:small">Debtor</span>                                      <span style="font-size:small">(if known)</span>

## STATEMENT OF FINANCIAL AFFAIRS

 This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

 Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

 *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

 *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

_____

 **1.   Income from employment or operation of business**

None


 State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

B7 (Official Form 7) (04/13)                                                                                                    2

**2.   Income other than from employment or operation of business**

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                             SOURCE

---

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within* **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)                                                                                                           3

None 

   c.  *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR          DATE OF          AMOUNT          AMOUNT
AND RELATIONSHIP TO DEBTOR            PAYMENT          PAID            STILL OWING

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None

   a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

CAPTION OF SUIT          NATURE OF          COURT OR AGENCY          STATUS OR
AND CASE NUMBER          PROCEEDING          AND LOCATION            DISPOSITION

   See Attached

---

None

   b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS          DATE OF          DESCRIPTION
OF PERSON FOR WHOSE       SEIZURE          AND VALUE
BENEFIT PROPERTY WAS SEIZED                OF PROPERTY

---

**5.  Repossessions, foreclosures and returns**

None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS          DATE OF REPOSSESSION,          DESCRIPTION
OF CREDITOR OR SELLER     FORECLOSURE SALE,             AND VALUE
                          TRANSFER OR RETURN            OF PROPERTY

B7 (Official Form 7) (04/13)                                                                                                      4

**6.   Assignments and receiverships**



a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|



b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7.   Gifts**



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.   Losses**



List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY  INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                5

**9.   Payments related to debt counseling or bankruptcy**



List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**10.  Other transfers**



a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |



b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11.  Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

B7 (Official Form 7) (04/13)                                                                                                          6

**12.  Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None 

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None ☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1301 Atlantic Avenue, Suite 200 Atlantic City, NJ 08401 | Revel AC, LLC | through April 2012 |

---

B7 (Official Form 7) (04/13)                                                                                     7

**16.  Spouses and Former Spouses**

None 

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17.  Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None 

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None 

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None

a.  *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

B7 (Official Form 7) (04/13)                                                                                              8

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

|  | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| See Attached |  |  |  |  |  |


None ✓

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                              ADDRESS

_____

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

_____

**19.  Books, records and financial statements**


None ✓

a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                                  DATES SERVICES RENDERED

None ✓

b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                                              ADDRESS                              DATES SERVICES RENDERED

B7 (Official Form 7) (04/13)                                                                                                          9

None

[✓]    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

       NAME                                       ADDRESS

None

[✓]    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

       NAME AND ADDRESS                          DATE ISSUED

---

**20.  Inventories**

None

[✓]    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

       DATE OF INVENTORY          INVENTORY SUPERVISOR      DOLLAR AMOUNT
                                                             OF  INVENTORY
                                                             (Specify cost, market or other basis)

None

[✓]    b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

       DATE OF INVENTORY                              NAME AND ADDRESSES
                                                             OF CUSTODIAN
                                                             OF INVENTORY RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None

[ ]    a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

       NAME AND ADDRESS          NATURE OF INTEREST     PERCENTAGE OF INTEREST

None

[ ]    b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                                  NATURE AND PERCENTAGE
       NAME AND ADDRESS                  TITLE           OF STOCK OWNERSHIP

       See Attached

---

B7 (Official Form 7) (04/13)                                                                                    10

**22 . Former partners, officers, directors and shareholders**

None ☐   a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                              ADDRESS                      DATE OF WITHDRAWAL

None ☑   b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                  TITLE                        DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS              DATE AND PURPOSE        AMOUNT OF MONEY
OF RECIPIENT,               OF WITHDRAWAL           OR DESCRIPTION
RELATIONSHIP TO DEBTOR                              AND VALUE OF PROPERTY

---

**24.  Tax Consolidation Group.**

None ☐   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION            TAXPAYER-IDENTIFICATION NUMBER (EIN)

Revel AC, Inc.                                27-4853856

---

**25.  Pension Funds.**

None ☑   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                  TAXPAYER-IDENTIFICATION NUMBER (EIN)

*  *  *  *  *  *

*[If completed by an individual or individual and spouse]*

B7 (Official Form 7) (04/13)                                                                                                   11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____          Signature of Debtor _____

Date _____          Signature of Joint Debtor  (if any) _____

_____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  07/03/2014                    Signature  *Sc M. Mt:*

                                    Print Name and Title  Shaun M. Martin, CRO

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

3   continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

_____

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***

**Revel AC, LLC**
**Statement of Financial Affairs**
**#4 a - Suits and administrative proceedings, executions, garnishments, and attachments**

| Status | Caption | Docket Number | Description/Allegation | Court |
|---|---|---|---|---|
| Closed | Howard Stern, on behalf of himself and all others similarly situated v. Revel AC, Inc., Revel AC, LLC, Revel Entertainment Group, LLC | MON-L-4371-13 | Class action litigation | Super Court of NJ Monmout |
| Open | Robert Meloni vs. Revel AC, Inc., Revel AC, LLC, Revel Atlantic City, LLC; Irwin Telescopic Seating Company | ATL-L-643-14 | Personal injury litigation | Superior Court of NJ |
| Open | Gerladine Redling and John Redling, her husband vs. Revel Casino Hotel, Revel Resorts, Revel AC, LLC, Revel AC, Inc., Revel Entertainment Group, LLC, ABC 1-10 (names being fictitious, actual names unknown), John Does 1-10 (names being fictitious, actual names unknown) DEF 1-10 (names being fictitious, actual names unknown), and Richard Roes 1-10 (names being fictitious, actual names unknown) | OCN-L-3365-13 | Personal injury litigation | Superior Court of NJ |
| Open | Howard Stern, on behalf of himslef and all others similarly situated v. Revel AC, Inc., Revel AC, LLC, Revel Entertainment Group, LLC and Chatham Asset Management, LLC | 1:14-cv-02056 | Alleged consumer fraud | USDC NJ |
| Open | Tishman v. Revel | ATL-L-154-14 | Breach of contract | Superior Court of NJ AC |
| Open | Ravel v. Revel | 13-16253-JHW Claim | Alleged trademark infringement. | US District Court NJ |

**In re Revel AC, LLC**
**Statement of Financial Affairs**
**#18a - Nature, location, and name of business**

Case No. <u>14-22655 (GMB)</u>

| Name | Last four digits of EIN | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|
| Revel Atlantic City, LLC | 9513 | 500 Boardwalk Atltanic City, NJ | Owner of land | Ongoing |
| Revel Entertainment Group, LLC | 2321 | 500 Boardwalk Atltanic City, NJ | Operating company | Ongoing |
| NB Acquisition, LLC | 9387 | 500 Boardwalk Atltanic City, NJ | Owner of land | Ongoing |

**In re Revel AC, LLC**                                                                                      Case No. **14-22655 (GMB)**
**Statement of Financial Affairs**
**#21 (b) - Current Partners, Officers, Directors, and Shareholders**

| Name and Address of Officer, Director, or 5% or Greater Stockholder | Title | Nature and Percentage of Ownership Interest |
|---|---|---|
| Revel AC, Inc.<br>500 Boardwalk<br>Atlantic City, NJ 08401 | Sole Member of Revel AC, LLC | 100% |
| Canyon RC Holdings LLC<br>2000 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067 | Stockholder of Revel AC, Inc. | 16% |
| American High-Income Trust<br>333 South Hope Street, 55th Floor<br>Los Angeles, CA 90071 | Stockholder of Revel AC, Inc. | 12% |
| The Income Fund of America<br>333 South Hope Street, 55th Floor<br>Los Angeles, CA 90071 | Stockholder of Revel AC, Inc. | 7% |
| Chatham Revel VoteCo, LLC<br>26 Main Street, Suite 204<br>Chatham, NJ 07928 | Stockholder of Revel AC, Inc. | 27% |
| Credit Suisse Securities (USA) LLC<br>11 Madison Avenue, 23rd Floor<br>New York, NY 10010 | Stockholder of Revel AC, Inc. | 6% |
| Oppenheimer Senior Floating Rate Fund<br>6803 South Tucson Way<br>Englewood, CO 80112 | Stockholder of Revel AC, Inc. | 5% |
| Trust under the Revel AC, Inc. 2013 Management Equity Incentive Plan<br>c/o Delaware Charter Guarantee & Trust Company<br>5080 Spectrum Drive, Suite 700E<br>Addison, TX 75001 | Stockholder of Revel AC, Inc. | 5% |