Order Filed on
7/14/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834

**WHITE & CASE LLP**
John K. Cunningham, Esq. (admitted *pro hac vice*)
Richard S. Kebrdle, Esq. (admitted *pro hac vice*)
Kevin M. McGill, Esq. (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., et al., | Case No. 14-22654 (GMB) |
| | Jointly Administered |
| Debtors.[1] | **Re: Docket No. 57** |

**ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF**

**DATED: 7/14/2014**

Gloria M. Burns, Chief Judge
United States Bankruptcy Court Judge

The relief set forth on the following pages two (2) through fourteen (14) is hereby ORDERED:

Upon the motion (the "Motion")[2] of Revel AC, Inc. ("Revel") and its affiliated

debtors and debtors in possession (collectively, the "Debtors" or "Sellers") for entry of: an order, pursuant to

sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"),

Rules 2002, 6004 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1

of the District of New Jersey Local Bankruptcy Rules (the "Local Rules") (a) authorizing and approving bid

procedures (the "Bid Procedures") to be employed in connection with the proposed sale and transfer (the

"Sale") of the assets (the "Purchased Assets") of Sellers, (b) scheduling an auction (the "Auction") and a

hearing (the "Sale Hearing") to consider approval of the Sale, (c) authorizing and approving procedures (the

"Assignment Procedures") to be employed in connection with the assumption and assignment of certain

contracts (the "Assumed Contracts"), leases (the "Assumed Leases") and intellectual property (the

"Intellectual Property Rights") of the Debtors, (d) approving the manner and form of notice of the auction

with respect to the Sale (the "Auction"), the Sale Hearing and the Assignment Procedures, substantially in

the form attached to this Bid Procedures Order as Exhibit "2" (the "Sale Notice"), Exhibit "3" (the

"Publication Notice") and Exhibit "4" (the "Assignment Notice") and (e) granting related relief, all as more

fully set forth in the Motion; and no previous motion for similar relief having been made; and it appearing

that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth

therein is sufficient under the circumstances and that no other or further notice need be provided; and it

further appearing that the relief requested in the Motion is in the best interests of the Debtors and their

estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor,

NOW, THEREFORE, THE COURT HEREBY FINDS THAT:

A.The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

*Approved by Judge Gloria M. Burns July  14, 2014*

Case No.:                    14-22654 (GMB)

Caption of Order:            ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE
                             EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS
                             OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING,
                             (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D)
                             APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND
                             ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF

B.                          This is a core proceeding pursu

District and before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Notice of the Motion having been

given as described above, is timely, adequate, sufficient and proper under the circumstances.

C.                          The Debtors have articulated good

interests of the estate, creditors, employees and other parties in interest and stakeholders will be

served by, the Court granting certain of the relief requested in the Motion, including approval of

(i) the Bid Procedures, (ii) the Assignment Procedures and (iii) the form, timing and manner of

notice of the proposed Sale, the Bid Procedures, the Assignment Procedures and the other

matters described herein, including the Sale Notice, the Publication Notice and the Assignment

Notice.

D.                          The Bid Procedures are reasonably

achieved for the Purchased Assets.

E.                          Under the circumstances, the Bid I

adequate and proper means to provide potential bidders with an opportunity to submit and pursue

offers for the Purchased Assets.

F.                          The Sale Notice is reasonably calc

proper notice of the potential sale of the Purchased Assets, the related Bid Procedures, the Sale

Hearing, the structure of the Sale and related implication on interested parties, including, without

limitation, creditors, customers, suppliers and employees.

*Approved by Judge Gloria M. Burns July  14, 2014*

G.                                                      The Assignment Notice is reasona

the Assumed Contracts, Assumed Leases and Intellectual Property Rights with proper notice of

the potential assumption and assignment of their executory contracts or unexpired leases and Cure Payment

Liabilities (as defined below) relating thereto and the Assignment Procedures.

H.                                                      Publication of the Publication

Edition) and the Press of Atlantic City is reasonably calculated to provide all potential claimants and all

unknown creditors and parties not otherwise required to be served with a copy of the Sale Notice pursuant

to this Order with proper notice of the potential sale of the Purchased Assets, the related Bid Procedures, the

Auction and the Sale Hearing.

I.                                                      The Motion and this Order con

the Bankruptcy Rules and the Local Rules.

J.                                                      Due, sufficient and adequate n

interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.                          The Motion is GRANTED as set forth herein.

2.                                                      All objections to the Motion a

withdrawn are overruled.

3.                                                      The following Bid Procedures

Sale of the Purchased Assets and Assumed Liabilities:

a.                                    Letters of Intent.  Each bidder shall, on or
Deadline"), deliver to the Debtors: (a) a letter of intent to bid under the Bid Procedures (the "Letter
of Intent"), (b) reasonable proof acceptable to the Debtors, in consultation with a steering committee
of Tranche B Term Loan Lenders under the First Lien Credit Agreement and the Second Lien
Lenders (collectively, the "Steering Committee"), JPMorgan Chase Bank, N.A., as the First Lien
Agent, Wilmington Trust, N.A., as the Second Lien Agent, Wells Fargo Bank, N.A., as the DIP
Agent (the "DIP Agent"), and the Official Committee of Unsecured Creditors (collectively, the
"Consultation Parties"), of the bidder's ability to consummate a purchase of the Purchased Assets

(Page 4)

Case No.: 14-22654-MBK    Doc 227-A  Filed 07/14/14    Entered 07/14/14 10:26:11    Desc Main
Case No.:             14-22654 (GMB)    Document    Page 5 of 30

Caption of Order:    ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE
                     EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS
                     OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING,
                     (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D)
                     APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND
                     ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF

and assumption of the Assumed Liabilities, which, if the bidder is an entity formed for the purpose of acquiring the Purchased Assets, shall include a written commitment for financing by the equity holder(s) of the bidder or another bona fide financing source to be responsible for the bidder's obligations with respect to the purchase of the Purchased Assets and assumption of the Assumed Liabilities and (c) a proposal detailing the structure and range of proposed purchase price for the Purchased Assets.  Unless otherwise agreed by the Debtors, a Letter of Intent submitted before the Letter of Intent Deadline is a prerequisite for a bid to be deemed a Qualified Bid (as defined below).  The Debtors shall provide copies of all Letters of Intent to the Consultation Parties promptly upon receipt.

b.    Qualified Bids.  Each bidder shall, on or before August 4, 2014 (the "Bid Deadline"), deliver to the Debtors: (a) a cash deposit of 10% of the purchase price (the "Deposit"), (b) reasonable proof acceptable to the Debtors, in consultation with the Consultation Parties, of the bidder's ability to consummate a purchase of the Purchased Assets and assumption of the Assumed Liabilities, including copies of such bidder's annual, quarterly and monthly financial statements for the most recently ended fiscal periods, certified to be true, correct and complete in all material respects, or if the bidder is an entity formed for the purpose of acquiring the Purchased Assets, the aforementioned financial statements for the equity holder(s) of the bidder, and evidence of sufficient financing, (c) reasonable proof acceptable to the Debtors, in consultation with the Consultation Parties, of whether the bidder will require a casino license, and, if so, disclosure as to whether (i) the bidder ever applied for a casino license in New Jersey or another jurisdiction and been denied or subsequently withdrew the application, (ii) the bidder currently holds a casino license in New Jersey or another jurisdiction, (iii) the bidder ever admitted to any violation or settled with the New Jersey Casino Control Commission ("NJCCC"), the New Jersey Division of Gaming Enforcement, or any other gaming investigatory or licensing entity or Federal Government, and (iv) there are any other reasons why the bidder believes that it may not obtain interim authorization from the NJCCC and (d) an executed asset purchase agreement on substantially the terms of, or on more favorable terms than those set forth in, the form of Asset Purchase Agreement attached hereto as Exhibit "1" (the "Agreement"), which asset purchase agreement shall (i) specify the amount of cash or other form of consideration acceptable to the Debtors (in consultation with the Consultation Parties), offered by the bidder for the Purchased Assets, (ii) not be subject to unperformed due diligence or obtaining financing nor provide for an expense reimbursement or break-up amount in favor of such bidder, (iii) constitute an irrevocable offer by such bidder to complete its proposed purchase upon the terms set forth therein, and must be irrevocable until closing of the Sale of the Purchased Assets to the Successful Bidder, (iv) seek to acquire the Purchased Assets, (v) include a copy of a board resolution or similar document demonstrating the authority of the bidder to submit an offer to purchase the Purchased Assets on the terms proposed by

*Approved by Judge Gloria M. Burns July  14, 2014*

such bidder and identifies the officer(s) or authorized agent(s) appearing on behalf of the bidder and (vi) be accompanied by a marked-up version of (x) such asset purchase agreement reflecting changes from the Agreement and (y) the Sale Order (a "Qualified Bid"). Nothing in the Bid Procedures shall prevent the Debtors, in the exercise of their business judgment, from considering bids for the purchase of less than substantially all of the Debtors' assets. The Debtors shall provide copies of all bids received by the Bid Deadline to the Consultation Parties promptly upon receipt.

c.   <u>Qualified Bidders</u>.   The Debtors shall determine, in consultation with the Consultation Parties, whether a bid, including any credit bid by any secured creditor, qualifies as a Qualified Bid. Only those persons who have submitted a Qualified Bid in compliance with this Bid Procedures Order shall be a "Qualified Bidder." If a bid submitted on or before the Bid Deadline fails to meet all the requirements of a Qualified Bid, the Debtors are entitled to work with such bidder in an effort to cure any defects in the bid and to cause such bid to become a Qualified Bid, in consultation with the Consultation Parties, prior to the commencement of the Auction. Notwithstanding anything to the contrary contained herein but subject to the terms and conditions set forth in the DIP Loan Documents, the DIP Agent and the Prepetition First Lien Agent shall be deemed to be Qualified Bidders for purposes of proposing any credit bid(s) and participating in any auction, without the need for compliance with any of the requirements contained in section 3(b) above; <u>provided</u>, <u>however</u>, that any such credit bid shall only qualify as a Qualified Bid if so determined by the Debtors, in consultation with the Consultation Parties. If the DIP Agent and/or the Prepetition First Lien Agent intends to submit a credit bid, such party or parties must declare its intention to do so and submit the credit bid prior to the commencement of the Auction. In the event the DIP Agent and/or the Prepetition First Lien Agent declares its intention to submit a credit bid, its status as a Consultation Party shall be terminated at that time.

d.   <u>Due Diligence</u>.   Upon execution of a confidentiality agreement in a form acceptable to the Debtors, any bidder that wishes to conduct due diligence on the Debtors or their assets shall be granted access to all material information that has been or will be provided to other bidders, subject, in all cases, to the terms and conditions of the confidentiality agreement, applicable law or other restrictions the Debtors may deem necessary or appropriate to protect the proprietary information of the Debtors. The due diligence period for bidders will end one business day prior to the Bid Deadline. The Debtors shall coordinate all reasonable requests for additional information and due diligence access from potential bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline. The Purchased Assets shall be sold on an "as is, where is" basis and by submitting a bid, each potential bidder acknowledges such. The due diligence period for bidders may be extended by the Debtors, in consultation with the Consultation Parties.

e.   <u>The Auction</u>.   In the event the Debtors receive more than one Qualified Bid, an Auction shall commence at 9:00 a.m. (prevailing Eastern Time) on August 7, 2014. Each Qualified Bidder shall be invited to attend the Auction at the office of Debtors' counsel, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, which Auction must be attended in person. The Consultation Parties and their advisors shall be able to attend the Auction in person. The Purchased Assets shall be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under section 363(f) of the Bankruptcy Code. The following rules shall govern the

| | |
|---|---|
| Debtor: | 14-22654 |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

Auction:

i.      Subject to the limitations set forth in these Bid Procedures, the opening price at such Auction shall be the highest and/or best offer of a Qualified Bidder selected, in consultation with the Consultation Parties, and announced by the Debtors.

ii.     Only Qualified Bidders may bid at the Auction.  If multiple Qualified Bids are received, each Qualified Bidder shall have the right to continue to improve its Qualified Bid at the Auction.

iii.    Each subsequent overbid must provide an incremental amount of at least $1,000,000.00 of value to the Debtors, or such other amount as designated by the Debtors from time to time, in consultation with the Consultation Parties.

iv.     At the conclusion of the Auction and subject to Court approval following the Auction, the Debtors, in consultation with the Consultation Parties, shall announce the highest or otherwise best bid for the Purchased Assets (the "Successful Bidder") and the backup bidder (the "Backup Bidder").

v.      The Auction may be adjourned by the Debtors, in consultation with the Consultation Parties, from time to time without further notice other than an announcement of such adjournment by the Debtors at the Auction.

vi.     All parties' rights under section 363(k) of the Bankruptcy Code are preserved.  In the event a valid credit bid (subject to and in accordance with section 363(k) of the Bankruptcy Code) is received for the Purchased Assets, it shall be deemed in all respects to be equal in value to an all-cash bid in an amount equal to the face value of such credit bid on a dollar-for-dollar basis.

f.      Successful Bidder.  The Debtors may base the selection of the Successful Bidder and Backup Bidder on the following factors, among others: purchase price; liabilities assumed in the bid; the ability to obtain necessary licenses, and the markup of the Agreement submitted with the bid.  The Debtors may, in consultation with the Consultation Parties, (a) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures or the terms and conditions of sale or (iii) contrary to the best interests of Sellers, their estates and creditors and/or (b) refuse to consider any bid that fails to comply with the Bid Procedures.  After the determination of the Successful Bidder, the Debtors shall promptly execute the asset purchase agreement previously executed and submitted by such Successful Bidder, together with any changes thereto necessitated by the parties' actions

Approved by Judge Gloria M. Burns July  14, 2014

at the Auction.

g.  <u>Backup Bidder</u>.  If the Successful Bidder fails to consummate the sale, breaches the asset purchase agreement executed by the Successful Bidder or otherwise fails to perform, (a) the Debtors, in consultation with the Consultation Parties, may consummate the proposed sale with the next highest or best bidder at the Auction (i.e., the Backup Bidder), which hereafter shall be included in the definition of "Successful Bidder," without the need for further Court approval, (b) the Debtors, in consultation with the Consultation Parties, will retain the Deposit of such bidder and (c) the Debtors will maintain the right to pursue all available remedies against such bidder.  Notwithstanding anything to the contrary in these Bid Procedures, the Deposit of the Successful Bidder will be retained by the Debtors.  Deposits of all other bidders will be retained by the Debtors until closing of the sale of the Purchased Assets to the Successful Bidder.

h.  <u>Reservation of Rights</u>.  The Debtors reserve the right, in consultation with the Consultation Parties, to modify the Bid Procedures in any manner that will best promote the goals of the Sale; <u>provided</u>, <u>however</u>, that any such modification must be in form and substance reasonably satisfactory to the DIP Agent and the Required Lenders under the DIP Credit Agreement.

i.  <u>Fees and Expenses</u>.  All bidders submitting bids shall bear their own fees and expenses in connection with the bid, the bid process, the Auction and the proposed sale, whether or not such sale is ultimately approved, unless otherwise agreed to by the Debtors and approved by the Court, in consultation with the Consultation Parties.  Further, by submitting a bid, a bidder shall be deemed to waive its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code in any way related to the submission of its bid, the bid process, the Auction or the Sale.

4.  The Sale Hearing shall be held on August 8, 2014 at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel may be heard, before the Honorable Gloria M. Burns, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, New Jersey  08101.  At the Sale Hearing, the Debtors will seek entry of the Sale Order.  The Sale Hearing may be adjourned from time to time without further notice other than an announcement by the Debtors in Court on the date scheduled for the Sale Hearing.  Notwithstanding anything herein or in the Motion to the contrary, the Debtors may elect to seek to consummate all or part of the Sale in connection with and pursuant to a chapter 11 plan in these Chapter 11 Cases.

5.  The form of Sale Notice and the form of Publication Notice are hereby approved. The Debtors shall (a) serve within two (2) business days (by first class mail, postage prepaid) after entry of

*Approved by Judge Gloria M. Burns July  14, 2014*

(Page 8)
Case No.: 14-22654-MBK   Doc 227   Filed 07/14/14   Entered 07/14/14 10:26:11   Desc Main
Case No.:        14-22654 (GMB)   Document   Page 9 of 30
Caption of Order:   ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES
                    TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE
                    OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN
                    AUCTION AND SALE HEARING, (C) AUTHORIZING AND
                    APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE
                    MANNER AND FORM OF NOTICE OF THE AUCTION AND
                    ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED
                    RELIEF

this Bid Procedures Order (the "Mailing Deadline"), the Sale Notice upon the Service Parties and (b) on the

Mailing Deadline, or as soon as practicable thereafter, submit for publication the Publication Notice in the

New York Times (National Edition) and the Press of Atlantic City and on the website of the

Debtors' claims and noticing agent, AlixPartners, LLP, www.revelcaseinfo.com.

6.      Notice as set forth in the preceding paragraph shall constitute good and

sufficient notice of the Motion as it relates to the Debtors' request for approval of the Sale Order,

the Auction and the Sale Hearing, and no other or further notice of the Motion, the Auction

and/or the Sale Hearing shall be necessary or required.

7.      Responses or objections, if any, to the entry of the Sale Order shall be

filed with this Court and served, so as to be actually received no later than August 1, 2014 at

4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline") on: (i) the Debtors, c/o Revel

AC, Inc. 500 Boardwalk, Atlantic City, New Jersey 08401 (Attn: Loretta Pickus, Esq.); (ii)

co-counsel to the Debtors, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900,

Miami, Florida  33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 1301

Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.);

(iii) counsel to the DIP Agent; (iv) the Office of the United States Trustee for the District of New

Jersey, One Newark Center, Suite 2100, Newark, New Jersey  07102 (Attn: Mitchell Hausman,

Esq. and Jeffrey Sponder, Esq.); (v) counsel to the Steering Committee, Paul, Weiss, Rifkind,

Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn:

*Approved by Judge Gloria M. Burns July  14, 2014*

Andrew N. Rosenberg, Esq. and Elizabeth R. McColm, Esq.); (vi) counsel to the First Lien

Agent; (vii) counsel to the Second Lien Agent; and (viii) counsel to the Official Committee of

Unsecured Creditors, Cole, Schotz, Meisel, Forman & Leonard, P.A., 25 Main Street, Hackensack, New

Jersey 07601 (Attn: Michael D. Sirota, Esq. and Warren A. Usatine, Esq.). Notwithstanding the foregoing

or anything herein to the contrary, the deadline to file an objection to the assumption and assignment of any

Assumed Contract, Assumed Lease or Intellectual Property Right in connection with the Sale, other than a

Cure Objection (as defined below), shall be August 11, 2014 at 4:00 p.m. (prevailing Eastern Time), and

any such assumption and assignment objection shall be heard by the Court on August 18, 2014 at 10:00 a.m.

(prevailing Eastern Time).

8.      If the Debtors seek to consummate the Sale pursuant to confirmation of a chapter 11

plan after the Objection Deadline, no party in interest that failed to file a timely objection to entry of the

Sale Order shall be permitted to object to confirmation of such Chapter 11 plan on any grounds that could

have formed the basis for an objection to entry of the Sale Order.

9.      The Debtors are authorized and empowered to take such steps, incur and pay such

costs and expenses and do such things as may be reasonably necessary to fulfill the notice requirements

established by this Bid Procedures Order.

10.     The following Assignment Procedures shall govern the assumption and assignment of

the Assumed Contracts, Assumed Leases and the Intellectual Property Rights in connection with the Sale of

the Purchased Assets to the Successful Bidder:

a.      Not later than fourteen (14) days prior to the Sale Hearing (as may be adjourned from
time to time), the Debtors shall file with the Court a list (the "Cure Schedule") identifying such
contracts and leases which may constitute Assumed Contracts, Assumed Leases and Intellectual
Property Rights in connection with the Sale and the amounts necessary to cure defaults and/or
provide compensation or adequate assurance of compensation for actual pecuniary loss resulting
from a default at the time of assumption as determined by the Debtors (such amounts, "Cure
Payment Liability"). The Debtors shall serve all counterparties to such contracts and leases with the
Assignment Notice, specifically stating that the Debtors are or may be seeking the sale, assumption

Approved by Judge Gloria M. Burns July 14, 2014

| Debtors: | 14-22654 |
| Case No.: | 14-22654 (MBK) |
| Caption of Order: | ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN AUCTION AND SALE HEARING, (C) AUTHORIZING AND APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE MANNER AND FORM OF NOTICE OF THE AUCTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF |

and assignment of such contracts and leases and notifying such parties of the deadline for objecting (a "Cure Objection") to the amount of any Cure Payment Liability related thereto, which deadline shall be August 5, 2014 at 4:00 p.m. (the "Cure Objection Deadline"), with any unresolved Cure Objections to be heard before the Court at the Sale Hearing.

b.    In cases in which the Debtors are unable to establish that a default exists, the relevant Cure Payment Liability shall be set at $0.00 in the Assignment Notice.

c.    Notwithstanding anything herein to the contrary, the Debtors may, from time to time, modify the Cure Schedule to add or remove a contract or lease counterparty or to modify the proposed Cure Payment Liability with respect to any counterparty. The non-debtor counterparty to any such contract or lease will be provided written notice of any such modification and at least fourteen (14) days advance notice of its deadline to object to such modification, and the Debtors will seek to set any such objection for hearing before the Court as promptly as is reasonably possible.

11.    The form of notice of the Assignment Notice is hereby approved in all respects.

12.    The notice provided in the Assignment Procedures of (a) the Assumed Contracts, Assumed Leases and Intellectual Property Rights and the amounts necessary to cure defaults under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights determined by the Debtors and (b) the deadline for objecting to the proposed Cure Payment Liabilities, shall constitute adequate and sufficient notice and no additional notice need be provided.

13.    This Bid Procedures Order shall constitute findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

14.    To the extent this Bid Procedures Order is inconsistent with any prior

*Approved by Judge Gloria M. Burns July  14, 2014*

order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Bid Procedures Order shall govern.

15.    Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004(h), or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bid Procedures Order shall be immediately effective and enforceable upon its entry.

16.    The Court shall retain exclusive jurisdiction over any matter or dispute arising from or relating to the implementation of this Bid Procedures Order.

*Approved by Judge Gloria M. Burns July  14, 2014*

(Page 12)

Case No.:

Caption of Order:

Case 14-22654-MBK  Doc 227  Filed 07/14/14    Entered 07/14/14 10:26:11    Desc Main
Debtor:                  R & A Inc. et al.
14-22654 (GMB)
Document      Page 13 of 30

ORDER (A) AUTHORIZING AND APPROVING BID PROCEDURES
TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE
OF THE ASSETS OF THE DEBTORS, (B) SCHEDULING AN
AUCTION AND SALE HEARING, (C) AUTHORIZING AND
APPROVING ASSIGNMENT PROCEDURES, (D) APPROVING THE
MANNER AND FORM OF NOTICE OF THE AUCTION AND
ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED
RELIEF

## EXHIBIT 1

(Agreement)

*Approved by Judge Gloria M. Burns July  14, 2014*

## EXHIBIT 2

(Sale Notice)

2.

*Approved by Judge Gloria M. Burns July  14, 2014*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)** | |
| **FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Michael J. Viscount, Jr., Esq.<br>Raymond M. Patella, Esq.<br>1301 Atlantic Avenue, Suite 400<br>Atlantic City, NJ 08401<br>(609) 348-4515/fax (609) 348-6834<br>mviscount@foxrothschild.com<br>rpatella@foxrothschild.com<br><br>**WHITE & CASE LLP**<br>John K. Cunningham, Esq. (admitted *pro hac vice*)<br>Richard S. Kebrdle, Esq. (admitted *pro hac vice*)<br>Kevin M. McGill, Esq. (admitted *pro hac vice*)<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>(305) 371-2700/fax (305) 358-5744<br>jcunningham@whitecase.com<br>rkebrdle@whitecase.com<br>kmcgill@whitecase.com<br><br>*Proposed Co-Counsel to the Debtors and*<br>*Debtors in Possession* | |
| In re:<br><br>REVEL AC, INC., <u>et al.</u>,<br><br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-22654 (GMB)<br><br>Jointly Administered |

**NOTICE OF (I) PROPOSED SALE OF THE ASSETS OF REVEL AC, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) BID PROCEDURES AND (III) AUCTION RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

       1.                       On June 19, 2014, Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Sellers") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy

*Approved by Judge Gloria M. Burns July 14, 2014*

Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").  On June 20, 2014, the Debtors filed with the Court a motion [Docket No. 57] (the "Sale Motion") seeking, among other things: (a) authority to sell the assets of the Debtors free and clear of all liens, claims, interests and encumbrances (the "Sale"); (b) approval of certain procedures (the "Bid Procedures") for the solicitation of bids with respect to the Sale (the "Bid Procedures Relief"); (c) approval of certain procedures (the "Assignment Procedures") in connection with the identification and assumption of certain contracts and intellectual property rights in connection with the Sale; and (d) scheduling an auction (the "Auction") and a final hearing with the Court for approval of the Sale (the "Sale Hearing").

2.                                    The Debtors filed that certain form of Asset Purchase Agreement (including all exhibits, schedules and ancillary agreements related thereto, the "Agreement"), which contemplates the sale of the Sellers' assets (as described in Section 2.1 of the Agreement, the "Purchased Assets"), subject to higher and better offers made pursuant to the Bid Procedures.

3.                                    A hearing on the Bid Procedures was held before the Court on July 11, 2014, and thereafter the Court entered an order, among other things, approving the Bid Procedures Relief [Docket No. ___] (the "Bid Procedures Order").  The Bid Procedures Order establishes the Bid Procedures that govern the manner in which the Purchased Assets are to be sold.  All bidders must comply with the Bid Procedures and (i) submit a letter of intent so as to be received not later than July 18, 2014 and (ii) submit bids so as to be received not later than August 4, 2014.

5.                                    Pursuant to the Bid Procedures, each Qualified Bidder (as defined in the Bid Procedures) shall be invited to participate in the Auction at the office of Sellers' counsel, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, which Auction must be attended in person and which shall commence at 9:00 a.m. (prevailing Eastern Time) on August 7, 2014.

6.                                    The Sale Hearing currently is scheduled to be conducted on August 8, 2014 at 10:00 a.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, New Jersey 08101, before the Honorable Gloria M. Burns, United States Bankruptcy Judge, to consider the approval the highest and best offer by a Qualified Bidder (the "Successful Bidder") and of the Agreement (as modified by the Successful Bidder) and seeking entry of an order approving the Sale substantially in the form of the order attached to the Sale Motion as Exhibit "B" (the "Sale Order").  The Sale Hearing may be adjourned or rescheduled from time to time without further notice other than an announcement by the Debtors in the Court of such adjournment on the date scheduled for the Sale Hearing.

7.                                    Sellers shall have the right, in their sole discretion, to elect to seek to close all or part of the Sale through or in connection with a chapter 11 plan (a "Plan Election").  If a Plan Election is made, then, among other things, the hearing to confirm such chapter 11 plan (the "Confirmation Hearing") may be deemed the Sale Hearing and the order confirming such chapter 11 plan (the "Confirmation Order") may be deemed the Sale Order approving the Sale.  As such, the Bid Procedures reserve the Debtors' rights to seek

*Approved by Judge Gloria M. Burns July  14, 2014*

approval of the Sale in connection with and pursuant to a chapter 11 plan in these Chapter 11 Cases.

8.                              A copy of the Bid Procedures Order, the Agreement (attached to the Bid Procedures Order as Exhibit "1") and the Sale Motion (including the proposed Sale Order) may be obtained by (a) sending a written request to co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey 08401 (Attn: Michael J. Viscount, Esq.) or (b) accessing the website of the Debtors' claims and noticing agent, AlixPartners, LLP (www.revelcaseinfo.com).

9.                              OBJECTIONS TO ENTRY OF THE SALE ORDER (OTHER THAN THE PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, LEASES AND INTELLECTUAL PROPERTY OR TO ANY PROPOSED CURE PAYMENT LIABILITY AMOUNTS IN CONNECTION THEREWITH), INCLUDING THE DEBTORS' REQUEST TO APPROVE THE SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS TO PURCHASER (AS DEFINED IN THE AGREEMENT) OR ANOTHER SUCCESSFUL BIDDER (EACH, AN "OBJECTION"), MUST BE MADE IN WRITING, FILED AND SERVED SO AS TO BE ACTUALLY RECEIVED BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 1, 2014 (THE "OBJECTION DEADLINE").

10.                             ANY OBJECTION MUST BE SERVED IN ACCORDANCE WITH THE PRECEDING PARAGRAPH ON EACH OF THE FOLLOWING PARTIES: (i) the Debtors, c/o Revel AC, Inc. 500 Boardwalk, Atlantic City, New Jersey 08401 (Attn: Loretta Pickus, Esq.); (ii) co-counsel to the Debtors, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey 08401 (Attn: Michael J. Viscount, Esq.); (iii) counsel to the DIP Agent; (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Mitchell Hausman, Esq. and Jeffrey Sponder, Esq.); (v) counsel to the Steering Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Andrew N. Rosenberg, Esq. and Elizabeth R. McColm, Esq.); (vi) counsel to the First Lien Agent; (vii) counsel to the Second Lien Agent; and (viii) counsel to the Official Committee of Unsecured Creditors, Cole, Schotz, Meisel, Forman & Leonard, P.A., 25 Main Street, Hackensack, New Jersey 07601 (Attn: Michael D. Sirota, Esq. and Warren A. Usatine, Esq.).

11.                             The Bid Procedures Order approves the Assignment Procedures, which set forth: (i) the manner in which the Debtors will (a) identify the Assumed Contracts, the Assumed Leases and the Intellectual Property Rights (each as defined in the Sale Motion) and (b) identify amounts the Debtors believe are necessary to cure defaults under each of such Assumed Contracts, Assumed Leases and Intellectual Property Rights as determined by Sellers; and (ii) procedures to be followed by any party that wishes to object to the proposed assumption and assignment of any Assumed Contract, Assumed Lease or Intellectual Property Rights, or the cure amounts proposed by the Debtors in respect thereof. An

*Approved by Judge Gloria M. Burns July 14, 2014*

additional notice setting forth the specific Assumed Contracts, Assumed Leases and Intellectual Property Rights to be assumed by the Debtors and the proposed cure amounts for such contracts will be served upon all counterparties to the Assumed Contracts, Assumed Leases and Intellectual Property Rights.

12.     Under the Agreement, Purchaser will assume certain specified liabilities of the Debtors that fall within the definition of "Assumed Liabilities" under the Agreement as described in Section 2.3 of the Agreement.  Purchaser will not be assuming certain "Excluded Liabilities" listed in Section 2.4 of the Agreement.

13.     The failure of any person or entity to file an objection on or before the Objection Deadline shall be deemed a consent to the Sale of the Purchased Assets to the Successful Bidder and the other relief requested in the Sale Motion and be a bar to the assertion, at the Confirmation Hearing or thereafter, of any objection to the Bid Procedures, the Sale Motion, the Auction, the sale of the Purchased Assets, Sellers' consummation and performance of the Agreement (or marked-up agreement) with the Successful Bidder (including in any such case, without limitation, the transfer of the Purchased Assets free and clear of all liens, claims, encumbrances and interests).  If a Plan Election is made after the Objection Deadline, no party in interest that failed to file a timely objection to entry of the Sale Order shall be permitted to object to confirmation of the Plan on any grounds that could have formed the basis for an objection to entry of the Sale Order.

14.     This Notice is subject to the full terms and conditions of the Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict.  The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated:  July __, 2014

John K. Cunningham

Richard S. Kebrdle

Kevin M. McGill

WHITE & CASE LLP

Southeast Financial Center

200 South Biscayne Boulevard, 49th Floor

Miami, Florida 33131

Telephone:  (305) 371-2700

Facsimile:  (305) 358-5744

Michael J. Viscount

Raymond M. Patella

FOX ROTHSCHILD LLP

1301 Atlantic Avenue, Suite 400

Atlantic City, New Jersey  08401

Telephone:  (609) 348-4515

Facsimile:   (609) 348-6834

NEWYORK 9250300

*Approved by Judge Gloria M. Burns July  14, 2014*

*Approved by Judge Gloria M. Burns July  14, 2014*

**EXHIBIT 3**

(Publication Notice)

*Approved by Judge Gloria M. Burns July  14, 2014*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)** | |
| **FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Michael J. Viscount, Jr., Esq.<br>Raymond M. Patella, Esq.<br>1301 Atlantic Avenue, Suite 400<br>Atlantic City, NJ 08401<br>(609) 348-4515/fax (609) 348-6834<br>mviscount@foxrothschild.com<br>rpatella@foxrothschild.com<br><br>**WHITE & CASE LLP**<br>John K. Cunningham, Esq. (admitted *pro hac vice*)<br>Richard S. Kebrdle, Esq. (admitted *pro hac vice*)<br>Kevin M. McGill, Esq. (admitted *pro hac vice*)<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>(305) 371-2700/fax (305) 358-5744<br>jcunningham@whitecase.com<br>rkebrdle@whitecase.com<br>kmcgill@whitecase.com<br><br>*Proposed Co-Counsel to the Debtors and*<br>*Debtors in Possession* | |
| In re:<br><br>REVEL AC, INC., <u>et al.</u>,<br><br><br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-22654 (GMB)<br><br>Jointly Administered |

### NOTICE OF (I) PROPOSED SALE OF THE ASSETS OF REVEL AC, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) BID PROCEDURES AND (III) AUCTION RELATED THERETO

**TO ALL INTERESTED PARTIES:**

               PLEASE TAKE NOTICE that on June 19, 2014, Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Sellers") filed voluntary petitions under chapter 11 of title 11 of the United States

*Approved by Judge Gloria M. Burns July  14, 2014*

Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). On June 20, 2014, the Debtors filed with the Court a motion [Docket No. 57] (the "Sale Motion") seeking, among other things, (a) authority to sell the assets of the Debtors free and clear of all liens, claims, interests and encumbrances (the "Sale"); (b) approval of certain procedures (the "Bid Procedures") for the solicitation of bids with respect to the Sale (the "Bid Procedures Relief"); and (c) approval of certain procedures (the "Assignment Procedures") in connection with the identification and assumption of certain contracts and intellectual property rights in connection with the Sale.

PLEASE TAKE FURTHER NOTICE that the Sellers filed that certain form of Asset Purchase Agreement (including all exhibits, schedules and ancillary agreements related thereto, the "Agreement"), which contemplates the sale of the Sellers' assets (as described in Section 2.1 of the Agreement, the "Purchased Assets").

PLEASE TAKE FURTHER NOTICE a hearing on the Bid Procedures was held before the Court on July 11, 2014, and thereafter the Court entered an order, among other things, approving the Bid Procedures Relief [Docket No. ___] (the "Bid Procedures Order"). The Bid Procedures Order establishes the Bid Procedures that govern the manner in which the Purchased Assets are to be sold.

PLEASE TAKE FURTHER NOTICE that all bidders must comply with the Bid Procedures and (i) submit a letter of intent so as to be received not later than July 18, 2014 and (ii) submit a bid so as to be received not later than August 4, 2014.

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures, each Qualified Bidder (as defined in the Bid Procedures) shall be invited to participate in an auction (the "Auction") at the office of Sellers' counsel, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, which Auction must be attended in person and which shall commence at 9:00 a.m. (prevailing Eastern Time) on August 7, 2014.

PLEASE TAKE FURTHER NOTICE that the Sale Hearing (as defined in the Bid Procedures Order) currently is scheduled to be conducted on August 8, 2014 at 10:00 a.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, New Jersey 08101, before the Honorable Gloria M. Burns, United States Bankruptcy Judge, to consider the approval the highest and best offer by a Qualified Bidder (the "Successful Bidder") and of the Agreement (as modified by the Successful Bidder) and seeking entry of an order approving the Sale substantially in the form of the order attached to the Sale Motion as Exhibit "B" (the "Sale Order"). The Sale Hearing may be adjourned or rescheduled from time to time without further notice other than an announcement by the Debtors in the Court of such adjournment on the date scheduled for the Sale Hearing.

PLEASE TAKE FURTHER NOTICE THAT the Debtors shall have the right, in their sole discretion, to elect to seek to close all or part of the Sale through or in connection with a chapter 11 plan (a "Plan Election"). If a Plan Election is made, then, among other things, the hearing to confirm such chapter 11 plan (the "Confirmation Hearing") may be deemed the Sale Hearing and the order confirming such chapter 11 plan (the "Confirmation Order") may be deemed the Sale Order approving the Sale. As such, the Bid Procedures reserve the Debtors'

rights to seek approval of the Sale in connection with and pursuant to a chapter 11 plan in these Chapter 11 Cases.

PLEASE TAKE FURTHER NOTICE that objections to entry of the Sale Order must be made in writing, filed with the Court and served in accordance with the terms and conditions established by the Bid Procedures Order so as to be actually received by 4:00 p.m. (prevailing Eastern Time) on August 1, 2014.  If a Plan Election is made after the Objection Deadline, no party in interest that failed to file a timely objection to entry of the Sale Order shall be permitted to object to confirmation of the Plan on any grounds that could have formed the basis for an objection to entry of the Sale Order.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE TO YOU OR THE OPPORTUNITY TO OBJECT.

PLEASE TAKE FURTHER NOTICE that a copy of the Agreement, the Bid Procedures Order and the Sale Motion (including the proposed Sale Order) may be obtained by (a) sending a written request to co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.) or (b) accessing the website of the Debtors' claims and noticing agent, AlixPartners, LLP (www.revelcaseinfo.com).

PLEASE TAKE FURTHER NOTICE that this Notice is subject to the full terms and conditions of the Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict.  The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated:  July __, 2014

*Approved by Judge Gloria M. Burns July  14, 2014*

John K. Cunningham

Richard S. Kebrdle

Kevin M. McGill

WHITE & CASE LLP

Southeast Financial Center

200 South Biscayne Boulevard, 49th Floor

Miami, Florida 33131

Telephone:  (305) 371-2700

Facsimile:  (305) 358-5744

Michael J. Viscount

Raymond M. Patella

FOX ROTHSCHILD LLP

1301 Atlantic Avenue, Suite 400

Atlantic City, New Jersey  08401

Telephone:  (609) 348-4515

Facsimile:   (609) 348-6834

*Approved by Judge Gloria M. Burns July  14, 2014*

# EXHIBIT 4

(Assignment Notice)

*Approved by Judge Gloria M. Burns July  14, 2014*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)** | |
| **FOX ROTHSCHILD LLP**<br>(Formed in the Commonwealth of Pennsylvania)<br>Michael J. Viscount, Jr., Esq.<br>Raymond M. Patella, Esq.<br>1301 Atlantic Avenue, Suite 400<br>Atlantic City, NJ 08401<br>(609) 348-4515/fax (609) 348-6834<br>mviscount@foxrothschild.com<br>rpatella@foxrothschild.com<br><br>**WHITE & CASE LLP**<br>John K. Cunningham, Esq. (admitted *pro hac vice*)<br>Richard S. Kebrdle, Esq. (admitted *pro hac vice*)<br>Kevin M. McGill, Esq. (admitted *pro hac vice*)<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>(305) 371-2700/fax (305) 358-5744<br>jcunningham@whitecase.com<br>rkebrdle@whitecase.com<br>kmcgill@whitecase.com<br><br>*Proposed Co-Counsel to the Debtors and*<br>*Debtors in Possession* | |
| In re:<br><br>REVEL AC, INC., <u>et al.</u>,<br><br><br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-22654 (GMB)<br><br>Jointly Administered |

## NOTICE OF DEBTORS' INTENT TO ASSUME AND ASSIGN

## <u>CERTAIN CONTRACTS, LEASES AND INTELLECTUAL PROPERTY RIGHTS</u>

PLEASE TAKE NOTICE THAT on June 19, 2014, Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Sellers") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession

*Approved by Judge Gloria M. Burns July  14, 2014*

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT on June 20, 2014, the Debtors filed a motion [Docket No. 57] (the "Motion") with the Court seeking, among other things, approval of certain procedures (the "Assignment Procedures") applicable to the identification and assumption of certain contracts (the "Assumed Contracts"), certain leases (the "Assumed Leases") and certain intellectual property rights (the "Intellectual Property Rights"), and assignment thereof, in connection with the Sale[2] by which the Debtors intend to sell their assets.

PLEASE TAKE FURTHER NOTICE THAT on July __, 2014, the Court entered an order (the "Order") granting the Motion as set forth therein [Docket No. _____] and approving the procedures for the assumption and assignment of the Assumed Contracts, Assumed Leases and Intellectual Property Rights.  A copy of the Order is attached hereto as Exhibit "1".

PLEASE TAKE FURTHER NOTICE THAT the Debtors may assume and assign to the Successful Bidder the Assumed Contracts, Assumed Leases and Intellectual Property Rights listed on Exhibit "2" annexed hereto pursuant to section 365 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE THAT the Debtors have set forth on Exhibit "2" hereto (the "Cure Schedule") the amounts due and owing, if any, under the Assumed Contracts and Assumed Leases through the date hereof (the "Cure Amounts").  The Bankruptcy Code requires that the Cure Amounts (which include any amounts owing on account of the Debtors' obligations under the Assumed Contracts and Assumed Leases as of the date of assumption) be paid in full to the parties owed such amounts upon the Debtors' assumption of the Assumed Contracts and Assumed Leases.

PLEASE TAKE FURTHER NOTICE THAT the Debtors shall have the right, in their sole discretion, to elect to seek to close all or part of the Sale through or in connection with a chapter 11 plan (a "Plan Election").  If a Plan Election is made, then, among other things, the hearing to confirm such chapter 11 plan (the "Confirmation Hearing") may be deemed the Sale Hearing and the order confirming such chapter 11 plan (the "Confirmation Order") may be deemed the Sale Order approving the Sale.  As such, the Bid Procedures reserve the Debtors' rights to seek approval of the Sale in connection with and pursuant to a chapter 11 plan in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY SEEKING TO ASSERT AN OBJECTION TO THE VALIDITY OF ANY CURE AMOUNT AS DETERMINED BY THE DEBTORS OR TO OTHERWISE ASSERT THAT ANY OTHER AMOUNTS, DEFAULTS, CONDITIONS OR PECUNIARY LOSSES MUST BE CURED OR SATISFIED UNDER THE ASSUMED CONTRACTS AND ASSUMED LEASES (NOT INCLUDING ACCRUED BUT NOT YET DUE OBLIGATIONS) MUST FILE AND SERVE ITS OBJECTION (ANY SUCH OBJECTION, A "CURE OBJECTION") SETTING FORTH WITH SPECIFICITY THE CURE AMOUNT OR OTHER OBLIGATION THE OBJECTING PARTY ASSERTS IS DUE, THE SPECIFIC TYPES AND DATES OF THE ALLEGED DEFAULTS, PECUNIARY LOSSES AND CONDITIONS TO ASSIGNMENT AND THE SUPPORT THEREFOR, IF ANY, WITH RESPECT TO SUCH CONTRACT, LEASE OR INTELLECTUAL PROPERTY RIGHT**

*Approved by Judge Gloria M. Burns July  14, 2014*

**SO THAT SUCH CURE OBJECTION IS ACTUALLY RECEIVED BY THE FOLLOWING PARTIES (THE "NOTICE PARTIES"):** (i) the Debtors, c/o Revel AC, Inc. 500 Boardwalk, Atlantic City, New Jersey 08401 (Attn: Loretta Pickus, Esq.); (ii) co-counsel to the Debtors, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.) and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey 08401 (Attn: Michael J. Viscount, Esq.); (iii) counsel to the DIP Agent; (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Mitchell Hausman, Esq. and Jeffrey Sponder, Esq.); (v) counsel to the Steering Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Andrew N. Rosenberg, Esq. and Elizabeth R. McColm, Esq.); (vi) counsel to the First Lien Agent; (vii) counsel to the Second Lien Agent; and (viii) counsel to the Official Committee of Unsecured Creditors, Cole, Schotz, Meisel, Forman & Leonard, P.A., 25 Main Street, Hackensack, New Jersey 07601 (Attn: Michael D. Sirota, Esq. and Warren A. Usatine, Esq.) **BY AUGUST 5, 2014 AT 4:00 P.M. (THE "CURE OBJECTION DEADLINE").**

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY SEEKING TO ASSERT AN OBJECTION TO THE ASSUMPTION AND ASSIGNMENT OF ANY ASSUMED CONTRACT, ASSUMED LEASE OR INTELLECTUAL PROPERTY RIGHT IN CONNECTION WITH THE SALE, OTHER THAN A CURE OBJECTION, MUST FILE AND SERVE ITS OBJECTION (ANY SUCH OBJECTION, AN "ASSUMPTION OBJECTION") SO THAT SUCH ASSUMPTION OBJECTION IS ACTUALLY RECEIVED BY THE NOTICE PARTIES BY AUGUST 11, 2014 (THE "ASSUMPTION OBJECTION DEADLINE").**

PLEASE TAKE FURTHER NOTICE THAT if, as to any Assumed Contract, Assumed Lease or Intellectual Property Right, no Cure Objection or Assumption Objection is received by the Cure Objection Deadline or Assumption Objection Deadline, as applicable, such Assumed Contract, Assumed Lease or Intellectual Property Right shall be deemed assumed by the Debtors and assigned to Successful Bidder without further order of the Court, effective as of the later of (i) the Assumption Objection Deadline, (ii) the payment of the applicable Cure Amount, if any, set forth in Exhibit "2" hereto or (iii) the date specified in the Agreement. If a Cure Objection is received by the Cure Objection Deadline and the Debtors and/or the Successful Bidder is unable to resolve such objection consensually, the Cure Objection shall be heard by the Court on August 8, 2014 at 10:00 a.m. If an Assumption Objection is received by the Assumption Objection Deadline and the Debtors and/or the Successful Bidder is unable to resolve such objection consensually, the proposed assumption and assignment which is the subject of such Assumption Objection shall be subject to further order of the Court and a hearing on such Assumption Objection shall be held on August 18, 2014 at 10:00 a.m..

PLEASE TAKE FURTHER NOTICE THAT hearings with respect to Cure Objections and Assumption Objections may be held on such later dates as the Court may designate.

PLEASE TAKE FURTHER NOTICE THAT the Debtors may, from time to time, modify the Cure Schedule to add or remove a contract or lease counterparty or to modify the

*Approved by Judge Gloria M. Burns July 14, 2014*

proposed Cure Amount with respect to any counterparty.  The non-debtor counterparty to any such contract or lease will be provided separate written notice of any such modification and at least fourteen (14) days advance notice of its deadline to object to such modification, and the Debtors will seek to set any such objection for hearing before the Court as promptly as is reasonably possible.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU AGREE WITH THE CURE AMOUNTS SET FORTH ON EXHIBIT "2" AND DO NOT OTHERWISE OBJECT TO THE DEBTORS' ASSUMPTION AND ASSIGNMENT OF YOUR CONTRACT, LEASE OR INTELLECTUAL PROPERTY RIGHT YOU NEED NOT TAKE ANY FURTHER ACTION.**

PLEASE TAKE FURTHER NOTICE THAT a complete copy of the Motion may be obtained by (a) sending a written request to co-counsel to the Debtors, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Facsimile: (305) 358-5744 (Attn: John K. Cunningham, Esq.) or Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey  08401 (Attn: Michael J. Viscount, Esq.) or (b) accessing the website of the Debtors' claims and noticing agent, AlixPartners, LLP (www.revelcaseinfo.com).

Dated:  July __, 2014

| | |
|---|---|
| John K. Cunningham | Michael J. Viscount |
| Richard S. Kebrdle | Raymond M. Patella |
| Kevin M. McGill | FOX ROTHSCHILD LLP |
| WHITE & CASE LLP | 1301 Atlantic Avenue, Suite 400 |
| Southeast Financial Center | Atlantic City, New Jersey  08401 |
| 200 South Biscayne Boulevard, 49th Floor | Telephone:  (609) 348-4515 |
| Miami, Florida 33131 | Facsimile:  (609) 348-6834 |
| Telephone:  (305) 371-2700 | |
| Facsimile:  (305) 358-5744 | |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel

*Approved by Judge Gloria M. Burns July  14, 2014*

Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

2       Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1       The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

1       The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

1       The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

2       Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Approved by Judge Gloria M. Burns July  14, 2014*