*Order Filed on 8/8/2014 by Clerk U.S. Bankruptcy Court District of New Jersey*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
Raymond M. Patella, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax (609) 348-6834
mviscount@foxrothschild.com
rpatella@foxrothschild.com

**WHITE & CASE LLP**
John K. Cunningham, Esq. (admitted *pro hac vice*)
Richard S. Kebrdle, Esq. (admitted *pro hac vice*)
Kevin M. McGill, Esq. (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744
jcunningham@whitecase.com
rkebrdle@whitecase.com
kmcgill@whitecase.com
*Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| REVEL AC, INC., et al., | Case No. 14-22654 (GMB) |
| Debtors.[1] | Jointly Administered |
| | Relates to ECF No. 100 |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF FOX ROTHSCHILD LLP AS BANKRUPTCY COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

The relief set forth on the following pages numbered 2 through 3, is hereby **ordered**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**DATED: 8/8/2014**

ACTIVE 26573041v1 08/08/2014

*Gloria M. Burns, Chief Judge*
United States Bankruptcy Court Judge

In re:         Revel AC, Inc., et al.
Case No:    14-22654 GMB
Page 2

Upon the application (the "Application") of Revel AC, Inc. and its affiliates, as debtors and debtors-in-possession in the above-captioned case (the "Debtors"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and D.N.J. LBR 2014-1 and 9013-1, authorizing the employment and retention of Fox Rothschild LLP ("Fox"), effective as of the Petition Date, as the Debtors' co-counsel; and the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") having filed an Objection to the Application [ECF No. 406] (the "U.S. Trustee Objection"); and Fox and U.S. Trustee having entered into a settlement resolving the U.S. Trustee Objection; and the Court having reviewed the terms of the settlement placed on the record and in this Order together with all declarations in support of the same; and the Court being satisfied that Fox does not hold or represent any interest adverse to the Debtors or their estates, that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and that its employment is necessary and in the best interest of the Debtors' estates, creditors and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED to the extent set forth below.

2. To resolve the U.S. Trustee Objection, Fox shall return to the Debtors the sum of $254,004.67 (the "Total Amount").

3. Of the Total Amount returned to the Debtors, $54,004.67 shall be placed in a client trust account held on behalf of the Debtors. Fox may include its pre-petition time and charges from an invoice dated June 24, 2014 in an amount not to exceed $54,004.67, in its first fee application. The U.S. Trustee will not object to the fee application solely on the grounds of

*Approved by Judge Gloria M. Burns August  08, 2014*

In re:         Revel AC, Inc., et al.
Case No:       14-22654 GMB
Page 3

the inclusion of the pre-petition bankruptcy services within the fee application.  The U.S. Trustee reserves her right to object on all other grounds.

4. The Total Amount shall be paid and the trust account referenced above in paragraph 3, shall be funded within 10 days of entry of this Order.  Fox shall provide proof to the Office of the U.S. Trustee of the transfer of the funds and the creation of the trust account within 3 days of the transfer.

5. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors, as debtors and debtors-in-possession, are authorized to employ and retain Fox as its co-counsel, effective as of the Petition Date, upon the terms and for the purposes set forth in the Application and to perform the professional services set forth in the Application.

6. Fox shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.  Fox also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by attorneys in larger Chapter 11 cases effective as of November 1, 2013 (the "Revised UST Guidelines), both in connection with this application and the interim and final fee applications to be filed by Fox in these chapter 11 cases.

7. Fox shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the

*Approved by Judge Gloria M. Burns August  08, 2014*

In re:      Revel AC, Inc., et al.
Case No:    14-22654 GMB
Page 4

reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.  Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

9.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

*Approved by Judge Gloria M. Burns August 08, 2014*