UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X

| | |
|---|---|
| In re REVEL AC, INC. | Case No.: 14-22654-GMB |
| In re REVEL AC, LLC | 14-22655-GMB |
| In re REVEL ENTERMAINMENT GROUP, LLC | 14-22659-GMB |

**MOTION TO FILE LATE PROOF OF CLAIM**

---------------------------------------------------------X

**CREDITOR'S MOTION TO ALLOW**
**FILING OF A LATE PROOF OF CLAIM**

COMES NOW, Creditor, CONSUMER FRAUD CLASS ACTION (S.D.N.Y. 13-5965-KPF), and seeks permission from this honorable court to file an untimely Proof of Claim in the above-referenced consolidated bankruptcy cases, or, in the alternative, to have the already-filed Proofs of Claim deemed timely filed nunc pro tunc.

**BACKGROUND**

The creditors at the center of this matter represent the named and unnamed plaintiffs in a consumer fraud class action case, consolidated and currently stayed as a result of the within bankruptcy, in the United States District Court for the Southern District of New York (13-5965-KPF). The defendants in the consolidated class action are Revel AC, Inc., Revel AC, LLC, and Revel Entertainment Group, LLC. Earlier this year, all three named defendants filed for Bankruptcy in this court.

Subsequent to being granted a stay in the consolidated District Court case, the notices pertaining to bar dates for filing Proofs of Claim were mailed to each anticipated creditor. These

1

notices were sent via regular postage, and included no markings indicating their urgency, nor the names of any individuals to whom they should be delivered. The notices became stockpiled within our firm's mail, winding up in the mail of summer interns and a law clerk on extended leave to sit for the New York State Bar Exam.

Following the instructions of the mailed notices, an attempt was made to file with "www.revelcaseinfo.com." The site's elementary filing form was insufficient for filing on behalf of multiple claimants at once or presenting speculative or not-yet-known claims, let alone on behalf of large class action litigations. When the court clerk was contacted in an attempt to solve these problems with the provided site, the clerk was unaware of the site's mere existence, and thus, was unable to help solve the problem. Eventually, an ECF login was created for this court's filing system and the three Proofs of Claim were immediately filed, albeit untimely by thirteen (13) days (eight business days). In summary, upon discovery of the filing bar date, all necessary steps were taken to quickly rectify the situation. *See Exhibit A.*

## **ARGUMENT**

Bankruptcy Rule 3003(c)(3) allows a Bankruptcy court to extent a time period for which claims may be filed "for good cause shown." Additionally, Rule 9006(b)(1) allows for the enlargement of the filing time period if a movant can demonstrate that "the failure to act was the result of excusable neglect."

Following Ninth Circuit precedent, the United States Supreme Court has determined that "excusable neglect" is a term that boils down to a balancing of equities involving four non-exclusive factors: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was

2

within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs., U.S.*, 113 S.Ct. 1489, 1493 (1993)(referencing *In re Dix*, 95 Bankr. 134, 138 (CA9 Bkrtcy. Appellate Panel 1988)). The *Pioneer* Court elaborated further, looking to the Webster's Dictionary definition of "neglect," meaning "to leave undone or unattended to, especially through carelessness" including "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id. at 1495*. This has since become the scope through which the aforementioned balancing of equities is analyzed.

*Prejudice to the Debtors*

In this case, it hardly seems as if allowing the filing of this claim would pose any prejudice to the Debtors involved. The Proofs of Claim at issue here were filed merely thirteen (13) days after the set bar date, which, relative to the length of an ordinary bankruptcy proceeding, is an incredibly short amount of time. Additionally, as the Debtors included the movants in the underlying class action litigation on their list of potential creditors and White & Case LLP represents the debtors in both the bankruptcy and the underlying class action litigation, allowing an untimely filing of these Proofs of Claim poses no danger of prejudice to the Debtors in the form of a surprise filing. As the Supreme Court in *Pioneer* indicated that holding fast to a rigid bar date would be a construction "irreconcilable" with the premise of "excusable neglect," the likelihood of prejudice to the debtors here is practically non-existent. *Pioneer*, at 1498 n. 1.

*Length of Delay and Impact on Judicial Proceedings*

The filing of the Proofs of Claim in these three cases a mere thirteen (13) days after the bar date is de minimis. The *Pioneer* Court held that a filing that was twenty (20) days late had no impact on judicial proceedings Additionally, the Bankruptcy Court for the Southern District of

3

Ohio held that a two week lateness is minimal and will *not* affect administration of an estate. *In re Eagle-Picher Indus. Inc.*, 158 Bankr. 713, 715 (Bankr. S.D. Ohio 1993)(citing *In re Dix*, 95 Bankr. 134, 138 (Bankr. 9th Cir. 1988In the instant case, the length of the delay in filing the Proofs of Claim should be found to have no prejudicial impact on the Debtors, nor the proper administration of the bankruptcy proceedings.

*Reason for the Delay*

In the present situation, at worst, the delay in filing the Proofs of Claim were caused by mere law office inattention, coupled with inadvertently, unfortunately planned office absences, and oversight of inconspicuously marked envelopes. However, these reasons are of no consequence, as "blamelessness on the part of the movant is no longer the standard of 'excusable neglect.'" *Herman's*, at 11 (referencing *Pioneer*, at 1498). "The Supreme Court meticulously justified its rejection of the standard…that reason for the delay be based on circumstances beyond the control of the movant. *Id.* (citing *Pioneer*, at 1495-99). The *Herman's* Court also held that "finding of lack of prejudice and impact on judicial proceedings weigh strongly on the side of finding movant's neglect 'excusable.' *Id.* at 13. Thus, the reason for the delay, simple neglect, is of very little consequence, when considered in conjunction with the lack of prejudice and delay caused by the late filing.

*Movants' Good Faith*

There has been no showing, nor is there any indication, that Movants acted in bad faith whatsoever. Movants have been forthright in disclosing the missing of the bar date deadline and have even sought the consent of the Debtors' attorneys to file the Proofs of Claim past this deadline. *See Exhibit B.* Additionally, the Movants have further shown their good faith by

4

diligently filing this Motion with the Court in order to seek the Court's permission for the untimely filing.

## **CONCLUSION**

In light of the foregoing reasoning, the Court should allow the Movants to file untimely Proofs of Claim, or, in the alternative, deem the already-filed Proofs of Claim to be timely file nunc pro tunc.

Dated: August 25, 2014                                          Respectfully submitted,


                                                              ___/s/ Todd D. Muhlstock_____
                                                              By: Todd D. Muhlstock, Esq.
                                                              Baker Sanders, LLC
                                                              *Attorneys for Movants*
                                                              100 Garden City Plaza, Suite 500
                                                              Garden City, New York 11530
                                                              (516) 741-4799

5