| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**DECOTIIS, FITZPATRICK & COLE, LLP**<br>Glenpointe Centre West<br>500 Frank W. Burr Blvd., Suite 31<br>Teaneck, New Jersey 07666<br>(201) 928-1100 (Phone)<br>(201) 928-0588 (Facsimile)<br>rpassamano@decotiislaw.com<br>Russell J. Passamano, Esq.<br>Attorneys for the City of Atlantic City | |
| In re:<br><br>Revel AC, Inc., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-22654(GMB) |

## DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, Michael P. Stinson, hereby declare as follows:

1. I am the Director of Revenue and Finance for the City of Atlantic City (the "City").

2. I make this Declaration on personal knowledge and in support of the City's Motion to Lift the Automatic Stay (the "Motion").

3. In the Motion, the City seeks relief from the automatic stay so as to allow the sale of a Tax Sale Certificate for monies owed to the City by the Debtors for real estate taxes.

**A.    Background.**

4. The City is a resort community located along the ocean in Atlantic County, New Jersey. The City covers an area of approximately 12 square miles and has a population of approximately 40,000.

1706734

5.  The City is the only municipality in the State of New Jersey that allows casino gambling.

6.  The Debtors are the owners of real property and improvements located in the City (the "Property"). Annexed hereto as Exhibit "A" is a schedule of the parcels owned by the Debtors.

7.  The Debtors operate a casino/resort hotel known as the "Revel" on the Property.

8.  The Revel is one of eleven (11) casino/hotels that are operating in the City. Eight (8) of them are located on the City's boardwalk and three (3) are located in the City's Marina District. The Revel is one of the eight casinos that are located on the boardwalk.

9.  Three of the boardwalk casinos, including the Revel, closed or are scheduled to close in September of this year.

10. The Revel, which cost approximately $2.4 billion to build, opened in 2012.

11. The Revel is a premium facility having upscale hotels rooms (each with an ocean view), premium restaurants and nightclubs, other guest amenities and a modern casino. Having forty-seven (47) stories, the Revel is the tallest building in the City.

12. Notwithstanding these advantages, the Revel has been plagued by financial difficulties.

13. In March of 2013, within a year of opening, the Revel's owners sought relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Revel emerged from that first bankruptcy case in May of 2013.

14. The Revel's troubles continued and on June 19, 2014 (the "Petition Date"), the Debtors filed the within consolidated Chapter 11 Bankruptcy Proceedings.

15. As of the Petition Date, the Debtors were in default of their obligation to pay real estate taxes. The defaults in payment of real estate taxes have continued post-petition.

16. The City now seeks relief from the automatic stay so as to sell a tax sale certificate (a "Tax Certificate") for the taxes owed.

### B. The Importance of Real Estate Taxes to the City.

17. As with other municipalities in New Jersey, the City relies on real estate taxes to fund essential municipal services such as police and fire protection and municipal governance.

18. In addition, part of the tax levy goes to fund schools and county government. Those amounts, although they do not go to the City, are collected as a part of the real estate tax levy and the City is responsible for turning over to the schools and county their respective portions. The City is required to make full payment to the schools and the county regardless of whether or not the taxpayer pays the City. Unpaid taxes thus cause further hardship for the City and further strain the City's budget.

19. The importance of the real estate tax levy in New Jersey is shown by the fact that municipalities are given a statutory priming lien for unpaid taxes, and the fixing of that lien has been given a specific exception to the automatic stay imposed under Section 362 of the Bankruptcy Code.

20. The real estate tax levy is based on the assessed valuation of taxable property within the City and, with the exception of some tax exempt uses, is paid by all property owners.

21. Real estate taxes are paid quarterly and are due on February 1, May 1, August 1, and November 1 of each year.

22. As a resort community, and as the only municipality in the state of New Jersey that allows casino gambling, the City has come to rely heavily on the casino industry as a source of revenue.

23. That industry accounts for over sixty (60%) percent of the City's total real estate tax levy.

24. When there are defaults in payment of real estate taxes, the City suffers a budget shortfall, which threatens the ability to provide essential public safety services.

### C. Taxes Owed by the Revel.

25. The Debtors last made a payment of real estate taxes on April 1, 2014, which was for the payment that had been due on February 1, 2014.

26. The Debtors are delinquent in their tax payments for all time periods subsequent to May 1, 2014, which represent the payments due for the second and third quarters. Those payments were due on May 1 and August 1.

27. As of the morning of August 5, there was outstanding the sum of $19,637,896.22 in unpaid real estate taxes, and $395,293.63 in interest for a total of $20,033,189.85.

28. The Schedule annexed as Exhibit "A" also shows for each lot and block owned by the Debtors, the specific entity that owns the parcel, the total tax, the amount due and the interest due.

### D. Continuing the Stay will Negatively Impact the City.

29. In New Jersey Tax Certificates are sold at municipal tax sales through a competitive bidding process.

30. When real estate taxes have not been paid by the 11th day of the 11th month in the fiscal year in which they are levied, they may be included in a tax sale. Any taxes that are delinquent as of November 10 are subject to an accelerated tax sale in December.

31. Selling a Tax Certificate at a tax sale is the City's recourse for unpaid taxes.

32. The City will hold a tax sale on December 11, 2014. The first notices of the sale will be sent to property owners on November 14, and the sale will be published starting November 28.

33. Taxes will continue to accrue on the Property after the sale of the Tax Certificate and the purchaser of the Certificate will have the option to pay the subsequent taxes. The purchaser will earn interest on any taxes that it pays.

34. After two (2) years, the purchaser will have the ability to initiate a proceeding in Superior Court to foreclose on the Property. If there is no purchase, the City will own the Tax Certificate and will be able to initiate a proceeding to foreclose six (6) months from the date of the tax sale.

35. The Property owner is able to redeem the Tax Certificate prior to foreclosure by paying the taxes, interest and fees.

36. The sale of a Tax Certificate does not deprive the Debtors of any of rights to use and occupy the Property. Nor will the sale of a Tax Certificate prevent the Debtors from conveying the Property, subject to the tax lien.

37. The Debtors will not suffer any prejudice from the sale of the Tax Certificate.

38. The City will, however, be highly prejudiced absent the ability to sell a Tax Certificate for the unpaid taxes.

39. The City's fiscal year runs from January 1 to December 31 of each year and the City's total budget for fiscal year 2014 is $200,000,000.

40. The tax levy on the Revel is an important and significant part of the City's budget.

41. Absent the ability to sell a Tax Certificate, the City will be hindered in its ability to manage its budget and finances.

42. I have annexed hereto as Exhibit "B" a copy of the City's Audit Report for the Year Ended December 31, 2013, which is available on the City's Website (the "Audit Report"). I attach a copy of it here so as to illustrate some of the issues and show with real numbers some of the negative impact that continuing the stay will have on the City – and why it is important that the City be allowed to include the Debtors' unpaid taxes in the December sale.

43. On page 30, in the notes to Financial Statements, the Audit Report states that "[t]he municipality is responsible for remitting 100% of the school and county taxes to the respective agency. The loss for delinquent or uncollectible accounts is borne by the municipality and not the school district, or county."

44. On page 13 of the Audit Report, there is a Statement of Revenues – Regulatory Basis for the Year Ended December 31, 2013.

45. That Statement shows that Net Revenue from Collections for 2013 was $354,102,158.20. The amount "Allocated to: School, County and Other Taxes" was $166,659,365.13. The "Balance for Support of Municipal Budget Appropriations" was $187,442,793.07.

46. As shown by that Statement, approximately forty-seven (47%) of the Net Revenue from Collections was allocated to the schools, county and other taxes.

47. Also as shown on page 30 of the Audit Report, the City is responsible for those payments, notwithstanding "any loss for delinquent or uncollectible accounts."

48. I note that the statement on page 30 regarding the remittance to the school district and county is under the heading "Levy of Taxes."

49. In that same section, the Audit Report provides an outline of the tax levy, the dates for tax payment and states that "[a]ny taxes that have not been paid by the 11th day of the 11th month in the fiscal year levied are subject to being included in the tax sale and the lien enforce by selling the property in accordance with NJSA 54:5 et seq."

50. The effect of the tax sale is that it allows the City (or any other municipality in the State) to realize within the same fiscal year, the revenues necessary to meet the obligations that are paid out of the tax levy – notwithstanding that the property owner failed to make the payment.

51. By allowing the tax sale to include the taxes unpaid on the 11th day of the 11th month of the fiscal year, the City is able to obtain the revenues needed to fund its obligations for that fiscal year.

52. Absent the ability to go forward with the tax sale, the City would be in the position where (using the numbers from the Audit Report (from year end 2013, the most recent which is available)) as an example, it would have to pay forty-seven (47%) of the tax levy to the school district and county, with no practical way to actually collect on any unpaid portion of the levy.

53. I can state that while the numbers for the 2014 budget will vary in some of the particular dollar amounts from what is shown in the year end 2013 Audit Report, the overall picture is consistent.

1706734                                7

54. The Debtors' tax levy of approximately $37,000,000 for the year 2014 equals approximately 18% of the City's total budget and represents approximately 10% of the total tax levy, which is then allocated between the City's budget and the portion to be paid to the school district and county.

55. The inability to realize those revenues during the fiscal year will have a severe adverse impact on the City's budget and finances.

56. The City respectfully requests that the Court allow relief from the automatic stay so as allow the City to include the Debtors' unpaid taxes in the tax sale that will take place in December.

I, Michael P. Stinson, hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

*/s/ Michael P. Stinson*
Michael P. Stinson

Dated: September 10, 2014

EXHIBIT "A"

August 5, 2014  
09:11 AM  

CITY OF ATLANTIC CITY  
Condensed Tax Account Delinquent Report By Bank Code  

Page No: 1

```
Range of Bank Codes: 85213 to 85213        As Of Date: 08/05/14          Include Prior Yr/Prds In Balance: N
Property Class Range: First to Last   Print Balances Greater Than:  0.00  Include Interest Through: 08/18/14
      Bill Year Range: 2014 to 2014            Print Taxes: Y                    Include Tax Sp Charges: N
      Bill Period Range: 1 to 3                                          Include Other Special Charges: N
* Includes Special Charges Tax Account                       Include Utility Balances Due As Of 08/05/14: N
```

| Bank Block | Bank Name Lot | Qual | Owner Name / Property Location | Taxes | Prin Due | Interest | Total |
|---|---|---|---|---|---|---|---|
| 85213 | REVEL ENTERTAINMENT | | | | | | |
| 62. | 1. | | REVEL ATLANTIC CITY LLC<br>500 BOARDWALK | 16,660,800.00 | 12,085,200.00 | 244,750.02 | 12,329,950.02 |
| 62. | 1. | -BLDG - - | REVEL ATLANTIC CITY LLC<br>500 BOARDWALK | 8,683,879.70 | 6,299,002.62 | 127,546.34 | 6,426,548.96 |
| 62. | 2. | | REVEL ATLANTIC CITY LLC<br>601 BOARDWALK | 1,266,320.31 | 918,547.38 | 18,561.27 | 937,108.65 |
| 65. | 9. | | SI LLC A NJ LLC<br>127 S CONGRESS AVE | 3,315.97 | 2,405.29 | 21.65 | 2,426.94 |
| 65. | 10. | | SI LLC A NJ LLC<br>129 S CONGRESS AVE | 3,320.60 | 2,408.65 | 21.68 | 2,430.33 |
| 65. | 17. | | SI LLC A NJ LLC<br>120 S MASSACHUSETTS AVE | 3,376.13 | 2,448.93 | 22.05 | 2,470.98 |
| 68. | 3.02 | | NB ACQUISITIONS LLC<br>117 S MASSACHUSETTS AVE | 22,253.74 | 16,142.13 | 282.39 | 16,424.52 |
| 70. | 5. | | SI LLC A NJ LLC<br>121 S METROPOLITAN AVE | 7,983.30 | 5,790.82 | 72.72 | 5,863.54 |
| 70. | 6. | | SI LLC A NJ LLC<br>115 S METROPOLITAN AVE | 6,942.00 | 5,035.50 | 57.42 | 5,092.92 |
| 71. | 1. | | SI LLC A NJ LLC<br>200 S RHODE ISLAND AVE | 9,691.04 | 7,029.56 | 97.81 | 7,127.37 |
| 71. | 6. | | SI LLC A NJ LLC<br>212 S RHODE ISLAND AVE | 5,815.09 | 4,218.07 | 40.86 | 4,258.93 |
| 71. | 8. | | SI LLC A NJ LLC<br>218 S RHODE ISLAND AVE | 6,511.60 | 4,723.30 | 51.09 | 4,774.39 |
| 71. | 9. | | SI LLC A NJ LLC<br>220 S RHODE ISLAND AVE | 8,885.76 | 6,445.44 | 85.98 | 6,531.42 |
| 71. | 16. | | SI LLC A NJ LLC<br>236 S RHODE ISLAND AVE | 4,186.03 | 3,036.41 | 27.34 | 3,063.75 |
| 71. | 18. | | NB ACQUISITION LLC<br>240 S RHODE ISLAND AVE | 3,364.56 | 2,440.54 | 21.97 | 2,462.51 |
| 71. | 19. | | SI LLC A NJ LLC<br>242 S RHODE ISLAND AVE | 4,186.03 | 3,036.41 | 27.34 | 3,063.75 |
| 71. | 36. | | SI LLC A NJ LLC<br>245 S METROPOLITAN AVE | 2,195.99 | 1,592.90 | 14.34 | 1,607.24 |
| 71. | 38. | | SI LLC A NJ LLC<br>239 S METROPOLITAN AVE | 3,517.28 | 2,551.32 | 22.97 | 2,574.29 |
| 71. | 39. | | SI LLC A NJ LLC<br>237 S METROPOLITAN AVE | 6,046.49 | 4,385.92 | 44.26 | 4,430.18 |
| 71. | 40. | | NB ACQUISITION LLC<br>235 S METROPOLITAN AVE | 5,116.26 | 3,711.17 | 33.41 | 3,744.58 |
| 71. | 43. | | SI LLC A NJ LLC<br>229 S METROPOLITAN AVE | 5,116.26 | 3,711.17 | 33.41 | 3,744.58 |
| 71. | 45. | | SI LLC, & WOLFE, KENNETH<br>225 S METROPOLITAN AVE | 5,116.26 | 3,711.17 | 33.41 | 3,744.58 |
| 71. | 46. | | SI LLC, & WOLFE, KENNETH | 5,116.26 | 3,711.17 | 33.41 | 3,744.58 |

August 5, 2014  
09:11 AM  

CITY OF ATLANTIC CITY  
Condensed Tax Account Delinquent Report By Bank Code

Page No: 2

| Bank Block | Bank Name Lot | Qual | Owner Name Property Location | Taxes | Prin Due | Interest | Total |
|---|---|---|---|---|---|---|---|
| 71. | 47. | | 223 S METROPOLITAN AVE<br>SI LLC A NJ LLC | 5,116.26 | 3,711.17 | 33.41 | 3,744.58 |
| 71. | 51. | | 221 S METROPOLITAN AVE<br>SI LLC A NJ LLC | 3,024.40 | 2,193.80 | 19.75 | 2,213.55 |
| 71. | 53. | | 213 S METROPOLITAN AVE<br>SI LLC A NJ LLC | 3,954.63 | 2,868.56 | 25.82 | 2,894.38 |
| 73. | 2. | | 209 S METROPOLITAN AVE<br>BLOCK 73, LLC | 3,954.63 | 2,868.56 | 25.82 | 2,894.38 |
| 73. | 3. | | 202 S VICTORIA AVE<br>73 LLC, | 3,954.63 | 2,868.56 | 25.82 | 2,894.38 |
| 73. | 4. | | 204 S VICTORIA AVE<br>73 LLC, | 3,954.63 | 2,868.56 | 25.82 | 2,894.38 |
| 73. | 13. | | 206 S VICTORIA AVE<br>BLOCK 73, LLC | 8,372.06 | 6,072.82 | 78.43 | 6,151.25 |
| 73. | 17. | | 224 S VICTORIA AVE<br>73 LLC, | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 73. | 19. | | 230 S VICTORIA AVE<br>73 LLC, | 2,559.29 | 1,856.42 | 16.71 | 1,873.13 |
| 73. | 24. | | 323 HYGEIA PL<br>SI LLC A NJ LLC | 65,349.68 | 47,402.52 | 915.59 | 48,318.11 |
| 73. | 25. | | 249 S RHODE ISLAND AVE<br>SI LLC A NJ LLC | 24,651.05 | 17,881.06 | 317.61 | 18,198.67 |
| 73. | 26. | | 315 BOARDWALK<br>73 LLC, | 2,325.58 | 1,686.90 | 15.19 | 1,702.09 |
| 73. | 27. | | 331 HYGEIA PL<br>SI LLC A NJ LLC | 2,325.58 | 1,686.90 | 15.19 | 1,702.09 |
| 73. | 33. | | 333 HYGEIA PL<br>BLOCK 73, LLC | 8,372.06 | 6,072.82 | 78.43 | 6,151.25 |
| 73. | 34. | | 233 S RHODE ISLAND AVE<br>BLOCK 73, LLC | 6,745.32 | 4,892.83 | 54.53 | 4,947.36 |
| 73. | 36. | | 231 S RHODE ISLAND AVE<br>SI LLC A NJ LLC | 6,745.32 | 4,892.83 | 54.53 | 4,947.36 |
| 73. | 38. | | 227 S RHODE ISLAND AVE<br>SI LLC A NJ LLC | 5,206.50 | 3,776.62 | 34.00 | 3,810.62 |
| 73. | 43. | | 223 S RHODE ISLAND AVE<br>73 LLC, | 5,581.37 | 4,048.54 | 37.43 | 4,085.97 |
| 74. | 4. | | 205 S RHODE ISLAND AVE<br>SI LLC A NJ LLC | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 74. | 5. | | 208 S VERMONT AVE<br>73 LLC, | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 74. | 7. | | 210 S VERMONT AVE<br>SI LLC A NJ LLC | 6,074.26 | 4,406.07 | 44.67 | 4,450.74 |
| 74. | 8. | | 214 S VERMONT AVE<br>73 LLC, | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 74. | 9. | | 216 S VERMONT AVE<br>SI LLC A NJ LLC | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 74. | 12. | | 218 S VERMONT AVE<br>BLOCK 73 LLC | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 74. | 15. | | 224 S VERMONT AVE<br>73 LLC, | 4,419.74 | 3,205.93 | 28.86 | 3,234.79 |
| 74. | 19. | | 230 S VERMONT AVE<br>SI LLC A NJ LLC | 2,193.68 | 1,591.22 | 14.32 | 1,605.54 |

August 5, 2014  
09:11 AM  
CITY OF ATLANTIC CITY  
Condensed Tax Account Delinquent Report By Bank Code  
Page No: 3

| Bank Block | Bank Name Lot | Qual | Owner Name Property Location | Taxes | Prin Due | Interest | Total |
|---|---|---|---|---|---|---|---|
| 74. | 22. | | 238 S VERMONT AVE<br>SI LLC A NJ LLC | 28,837.07 | 20,917.47 | 379.12 | 21,296.59 |
| 74. | 23. | | 301 BOARDWALK<br>SI LLC A NJ LLC | 15,348.77 | 11,133.49 | 180.94 | 11,314.43 |
| 74. | 24. | | 313 BOARDWALK<br>SI LLC A NJ LLC | 3,343.74 | 2,425.44 | 21.84 | 2,447.28 |
| 74. | 25. | | 239 S VICTORIA AVE<br>SI LLC A NJ LLC | 3,447.86 | 2,500.96 | 22.51 | 2,523.47 |
| 74. | 32. | | 237 S VICTORIA AVE<br>73 LLC, | 8,140.66 | 5,904.97 | 75.03 | 5,980.00 |
| 74. | 34. | | 221 S VICTORIA AVE<br>73 LLC, | 6,511.60 | 4,723.30 | 51.09 | 4,774.39 |
| 74. | 36. | | 219 S VICTORIA AVE<br>73 LLC, | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 74. | 37. | | 215 S VICTORIA AVE<br>SI LLC A NJ LLC | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 74. | 38. | | 213 S VICTORIA AVE<br>SI LLC A NJ LLC | 3,447.86 | 2,500.96 | 22.51 | 2,523.47 |
| 74. | 41. | | 211 S VICTORIA AVE<br>73 LLC, | 7,210.43 | 5,230.21 | 61.36 | 5,291.57 |
| 76. | 6. | | 205 S VICTORIA AVE<br>SI LLC A NJ LLC | 5,664.68 | 4,108.97 | 38.65 | 4,147.62 |
| 76. | 8. | | 212 S SEASIDE AVE<br>SI LLC A NJ LLC | 5,340.72 | 3,873.98 | 34.88 | 3,908.86 |
| 76. | 31. | | 216 S SEASIDE AVE<br>SI LLC A NJ LLC | 6,479.20 | 4,699.80 | 50.62 | 4,750.42 |
| 78. | 3. | | 203 S VERMONT AVE<br>NB ACQUISITION, LLC | 6,076.57 | 4,407.74 | 44.70 | 4,452.44 |
| 78. | 7. | | 206 S NEW HAMPSHIRE AVE<br>NB ACQUISITION, LLC | 6,076.57 | 4,407.74 | 44.70 | 4,452.44 |
| 128. | 26. | | 214 S NEW HAMPSHIRE AVE<br>SI LLC A NJ LLC<br>22 S RHODE ISLAND AVE | 1,490.22 | 1,080.95 | 9.73 | 1,090.68 |
| | | Totals For Bank 85213: | Accts: 65 | 27,073,036.72 | 19,637,896.22 | 395,293.63 | 20,033,189.85 |
| | | Report Totals: Banks: 1 | Accts: 65 | 27,073,036.72 | 19,637,896.22 | 395,293.63 | 20,033,189.85 |

NOTE: Taxes = Original + Adjusted Billing for Bill Year/Period Range.  
    Prin Due includes Bill Year/Period Range Only.  
    Prin Due also includes any 6% Penalty and Misc. Charge Balances for the Bill Year/Period Range.  
    Per Diem Interest is included for Bill Year/Period Range Only.