UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**FOX ROTHSCHILD LLP**
(Formed in the Commonwealth of Pennsylvania)
Michael J. Viscount, Jr., Esq.
John H. Strock, Esq.
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401
(609) 348-4515/fax 609-348-6834

**WHITE & CASE LLP**
John K. Cunningham, Esq. (admitted *pro hac vice*)
Richard S. Kebrdle, Esq. (admitted *pro hac vice*)
Kevin M. McGill, Esq. (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
(305) 371-2700/fax (305) 358-5744

*Co-Counsel to the Debtors and*
*Debtors in Possession*

Order Filed on May 6, 2015
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

REVEL AC, INC., et al.,

Debtors.[1]

Chapter 11

Case No. 14-22654 (GMB)

Jointly Administered

**Re: Docket Nos. 1618, 1672 & 1673**

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO
THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC.
AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS
AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR
THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND
PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION
THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN
CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B)
TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND
(V) SCHEDULING A HEARING ON PLAN CONFIRMATION**

**DATED: May 6, 2015**

Honorable Gloria M. Burns
United States Bankruptcy Court Judge

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax
identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel
Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors'
corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

(Page 2)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

The relief set forth on the following pages two (2) through twenty-four (24) is hereby

ORDERED:

Upon the record of the hearing held on May 4, 2015 (the "Disclosure Statement Hearing") to consider (a) the approval of the Disclosure Statement [Docket No. 1673] (as may be amended from time to time, the "Disclosure Statement") relating to the Second Amended Joint Chapter 11 Plan dated April 20, 2015 [Docket No. 1672] (as may be amended from time to time, the "Plan") for Revel AC, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") and (b) the motion (the "Motion")[2] of the Debtors for entry of an order (i) approving the Disclosure Statement; (ii) approving the form of ballots and proposed solicitation and tabulation procedures for the Plan; (iii) approving the Solicitation Packages and prescribing the form and manner of notice and distribution thereof; (iv) establishing procedures for (a) voting in connection with the Plan confirmation process and (b) temporary allowance of claims related thereto; and (v) scheduling a confirmation hearing on the Plan; and upon consideration of the objections to the Disclosure Statement (the "Objections"); and it appearing that the Court has jurisdiction over this matter; and due and proper notice of the Motion,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(Page 3)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

Disclosure Statement and Disclosure Statement Hearing having been given; and it appearing that

no other or further notice need be given; and it appearing that the relief requested in the Motion

is in the best interests of the Debtors, their estates, their creditors and equity interest holders; and

the Court having determined after due deliberation that the Disclosure Statement contains

adequate information, as such term is defined in section 1125 of the Bankruptcy Code; and

sufficient cause appearing therefor, it is hereby

ORDERED that, in accordance with section 1125 of the Bankruptcy Code and

Bankruptcy Rule 3017(b), the Disclosure Statement is hereby approved; and it is further

ORDERED that the Objections are hereby overruled; and it is further

ORDERED that, in accordance with Bankruptcy Rule 3017(c), the date and time

set as the deadline for voting on the Plan shall be June 2, 2015 at 4:00 p.m. (Prevailing Eastern

Time) (the "Voting Deadline"); and it is further

ORDERED that, in accordance with Bankruptcy Rule 3018(c), a hearing to

consider confirmation of the Plan and any objections that may be interposed (the "Confirmation

Hearing") shall be held before the Honorable Michael B. Kaplan, United States Bankruptcy

Judge, United States Bankruptcy Court for the District of New Jersey, 401 East State Street, 2nd

(Page 4)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

Floor, Room 8, Trenton, New Jersey, commencing on June 9, 2015 at 1:30 p.m. (Prevailing Eastern Time); and it is further

ORDERED that the Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing; and it is further

ORDERED that, in accordance with Bankruptcy Rules 3020(b) and 9006(c)(1), objections, if any, to the confirmation of the Plan (collectively, the "Plan Objections") must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or equity interest of such party, (b) state with particularity the basis and nature of each objection to confirmation of the Plan, (c) be filed, together with proof of service, with the Court and served so as to be received no later than 4:00 p.m. (Prevailing Eastern Time), on June 2, 2015 (the "Plan Objection Deadline"), by the Court and the following parties: (a) Co-Counsel for the Debtors: White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Attn: John K. Cunningham, Esq., and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey, Attn: Michael J. Viscount, Esq.; (b) counsel for the Committee: Cole Schotz P.C., Court Plaza North, 25 Main Street P.O. Box 800, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq.; (c) counsel for the DIP Agent: Milbank, Tweed, Hadley &

Americas 90557745 (2K)

(Page 5)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attn:

Thomas R. Kreller, Esq.; and (d) the Office of the United States Trustee, District of New Jersey,

One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn:

Mitchell Hausman, Esq.; and it is further

ORDERED that pursuant to Bankruptcy Rules 3017(c) and 3018(a), the date for

purposes of determining the creditors entitled to vote on the Plan or, in the case of non-voting

classes, for purposes of determining the creditors and equity interest holders entitled to receive

certain non-voting materials, shall be the date of entry of this Order (the "Record Date"); and it is

further

ORDERED that with respect to the Record Date, the record holders of claims and

equity interests will be determined based upon the following: (a) with respect to bank syndicates

or other similarly situated creditor groups entitled to vote on the Plan, the records of the

applicable agent bank or similarly situated agent as of the Record Date to the extent the total

amount reflected in the books and records of the Debtors; and (b) with respect to holders of

scheduled and filed claims and equity interests entitled to vote on the Plan or otherwise receive a

Notice of Non-Voting Status – Unimpaired Classes, the records of AlixPartners as of the Record

Date; and it is further

(Page 6)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

ORDERED that any notices of claim transfers received by bank agents or

AlixPartners after the Record Date shall not be recognized for purposes of voting on the Plan;

and it is further

ORDERED that the following voting procedures (the "Voting Procedures") are

hereby approved:

a.    if a claim is deemed allowed pursuant to the Plan, then such claim shall be allowed for voting purposes in the amount and classification deemed allowed in the Plan;

b.    except as otherwise provided herein and unless temporarily allowed for voting purposes by the Court, if a filed proof of claim asserts a claim in a wholly undetermined or unliquidated amount or is docketed in the Claims Registry as of the Record Date in the amount of $0, then such claim shall be allowed for voting purposes as a general unsecured claim only in the amount of $1.00;

c.    except as otherwise provided herein and unless temporarily allowed for voting purposes by the Court, if a filed proof of claim asserts a claim in a partially undetermined or unliquidated amount, then such claim shall be allowed for voting purposes only in the amount of the known or liquidated portion of the claim;

d.    if a claim has been estimated by an order of the Court, then such claim will be allowed for voting purposes in the amount approved by the Court, provided that such order is entered on or before the Voting Deadline;

e.    unless temporarily allowed for voting purposes by the Court or the Debtors have consented in writing, if a claim is listed in the

(Page 7)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

Debtors' Schedules as contingent, unliquidated or disputed and a proof of claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, then such claim shall be disallowed for voting purposes;

f.      notwithstanding anything else provided herein, if (i) the Debtors or another party in interest has objected to a claim by serving an objection, motion, adversary proceeding or otherwise to the entirety of a claim on or before the Record Date and (ii) the claim has not been temporarily allowed for voting purposes by the Court, then such claim shall be disallowed for voting purposes;

g.      notwithstanding anything else provided herein, if (i) the Debtors or another party in interest has objected to a claim by serving an objection, motion, adversary proceeding or otherwise to a portion of a claim on or before the Record Date and (ii) such portion of the claim has not been temporarily allowed for voting purposes by the Court, then the claim shall be allowed for voting purposes only in the undisputed amount that is set forth in the pending objection;

h.      notwithstanding anything else provided herein, if (i) the Debtors or another party in interest has objected to a claim by serving an objection, motion, adversary proceeding or otherwise to the classification of all or part of a claim on or before the Record Date (including any requests to subordinate such claim) and (ii) such claim has not been temporarily allowed for voting purposes by the Court, then the claim shall be allowed for voting purposes only in the amount and classification that is set forth in the pending objection (if any);

i.      unless such claim has been temporarily allowed for voting purposes by the Court or otherwise allowed as to all or part of the claim, if the Debtors or another party in interest has objected to a

Americas 90557745 (2K)

(Page 8)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

claim by serving an objection, motion, adversary proceeding or otherwise to a proof of claim based upon the claim being asserted against the wrong debtor, then the claim shall be allowed for voting purposes only in the undisputed amount and against the Debtor as set forth in the pending objection;

j.      except as otherwise provided herein or otherwise provided by an order of the Court, including this Order approving these Voting Procedures, the allowed amount of any proof of claim for voting purposes shall be the amount as docketed in the Claims Registry as of the Record Date;

k.      unless otherwise provided by an order of the Court or otherwise provided herein, for purposes of determining eligibility to vote, the classification of a claim shall be determined based on the classification as docketed in the Claims Registry as of the Record Date; provided, however, that any claims for which AlixPartners is unable to identify the classification shall be classified as general unsecured claims;

l.      except as otherwise provided herein and unless temporarily allowed for voting purposes by the Court, if a single proof of claim has been filed against multiple Debtors, then such claim shall be entitled to a single vote on the Plan with respect to such claim, against the Debtor as docketed in the Claims Registry as of the Record Date;

m.      except as otherwise provided herein and unless temporarily allowed for voting purposes by the Court, if duplicate proofs of claim have been filed against one or more Debtors, then such claims shall be entitled to a single vote on the Plan with respect to such claims, against the Debtor as docketed in the Claims Registry as of the Record Date;

(Page 9)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

n.   except as otherwise provided herein, if proofs of claim have been filed against multiple Debtors based on claims for which only a single satisfaction would be permitted under applicable law (e.g., guarantee claims or claims for joint or joint and several liability), then such claims will be entitled to a single vote on the Plan with respect to such claims;

o.   if a claim is allowed pursuant to a Court-approved settlement (except for a claim that is temporarily allowed by the Court, which claim may vote so long as such order temporarily allowing the claim is entered by the Voting Deadline) on or before five (5) days prior to the Voting Deadline, then such claim will be entitled to vote on the Plan in accordance with the terms of such settlement;

p.   unless temporarily allowed for voting purposes by the Court, if a proof of claim asserts a claim that is not in U.S. dollars, such claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00;

q.   unless temporarily allowed for voting purposes by the Court, if (i) a proof of claim was filed after the applicable Bar Date, (ii) the creditor did not obtain leave to file such late claim and (iii) the proof of claim is not docketed in the Claims Registry as of the Record Date as an amendment of a timely filed claim, then such claim shall be disallowed for voting purposes;

r.   unless otherwise temporarily allowed for voting purposes by the Court, if a proof of claim does not list a Debtor or the Debtor is unidentifiable on the proof of claim, then such claim shall be disallowed for voting purposes;

s.   unless otherwise temporarily allowed for voting purposes by the Court, if a claim is disallowed pursuant to section 502(d) of the Bankruptcy Code or is equitably subordinated under the

Americas 90557745 (2K)

(Page 10)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

Bankruptcy Code, then such claim shall be disallowed for voting purposes;

t.    if the Debtors list a claim in their Schedules and the creditor filed a proof of claim superseding such scheduled claim, the scheduled claim is deemed superseded in accordance with Bankruptcy Rule 3003(c)(4) and such scheduled claim shall be disallowed for voting purposes;

u.    if a union representative or plan administrator of an employee benefit program filed a claim on behalf of its constituents, then (i) such constituent creditor will only be entitled to vote its claim in the amount and classification set forth in the claim filed by the union representative or plan administrator and any other separate claim filed by a constituent creditor based upon the same facts and circumstances alleged in the claim filed by the union representative or plan administrator will be disallowed for voting purposes and (ii) the union representative or plan administrator will not be entitled to vote any amount on account of its proof of claim; and

v.    in addition to the foregoing, the Debtors may seek an order of the Court disallowing a claim for voting purposes at any time prior to the commencement of the Confirmation Hearing;

and it is further

ORDERED that any claimant seeking to challenge allowance or disallowance of its claim for voting purposes is directed to serve on the Debtors, the DIP Agent and any official committee formed in these Chapter 11 Cases and file with the Court a motion seeking entry of an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim only for purposes of

Americas 90557745 (2K)

(Page 11)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

voting to accept or reject the Plan (the "Temporary Allowance Motion"), provided that such motion is filed on or before the tenth (10th) business day after the Record Date (the "Temporary Allowance Deadline"); and it is further

ORDERED that all timely filed Temporary Allowance Motions shall be heard before the Court on May 26, 2015 at 1:30 p.m. (Prevailing Eastern Time) (the "Temporary Allowance Hearing"); and it is further

ORDERED that any claim that is the subject of a Temporary Allowance Motion must be temporarily allowed by an order of the Court by the Voting Deadline in order for such creditor's vote to be counted; and it is further

ORDERED that the Debtors and creditors may enter into stipulated settlements for the treatment of claims for voting purposes in lieu of the filing by a creditor of a Temporary Allowance Motion or other pleadings by the Debtors seeking to reduce the amount of the creditor's claim for voting purposes (the "Stipulations"); and it is further

ORDERED that Debtors are authorized to file the Stipulations under a Certification of Counsel, pursuant to which if no objections are received to the Debtors' entry into a Stipulation within five (5) days of service of notice of the Stipulation, the Stipulation shall be deemed approved by the Court; and it is further

(Page 12)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

ORDERED that the forms of Ballots substantially in the forms attached hereto as Exhibits "1", "2" and "3" are approved; and it is further

ORDERED that each holder of a Claim entitled to vote on the Plan shall be allowed to make the Opt-Out Election on its Ballot; provided, however, that failure to make such Opt-Out Election shall result in the deemed consent of such holder to the releases contained in Section 8.6 of the Plan; and it is further

ORDERED that each holder of a Claim or Equity Interest that is unimpaired under the Plan, and therefore conclusively presumed to have accepted the Plan, may submit an Opt-Out Election in writing to the Solicitation and Tabulation Agent as directed in the Notices of Non-Voting Status; provided, however, that failure to make such Opt-Out Election shall result in the deemed consent of such holder to the releases contained in Section 8.6 of the Plan; and it is further

ORDERED that following approval of the Disclosure Statement, the Debtors shall distribute or cause to be distributed Solicitation Packages containing copies of the following:

a.   the Disclosure Statement Order (excluding exhibits);

b.   the applicable Confirmation Hearing notice, substantially in the form attached hereto as Exhibit "5" (the "Confirmation Hearing Notice");

(Page 13)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

      c.      an applicable Ballot, substantially in the forms attached hereto as Exhibits "1", "2" and "3", and a pre-addressed postage pre-paid return envelope; and

      d.      either (i) a CD-ROM containing the Disclosure Statement (together with the Plan attached thereto) or (ii) a hard copy of the Disclosure Statement (together with the Plan attached thereto);

and such Solicitation Packages may also contain letters from the Debtors and the Committee urging creditors to vote in favor of the Plan; and it is further

      ORDERED that the Debtors shall mail the Solicitation Packages by no later than five (5) business days after the Record Date (the "Solicitation Date"), absent relief from the Court, to:

      a.      subject to subsection (c) below, record holders of scheduled claims, as of the Record Date, to the extent that such claims (i) are listed in the Debtors' Schedules in an amount greater than zero and are not identified as contingent, unliquidated or disputed, (ii) have not been superseded by a timely filed claim and (iii) entitle the holder thereof to vote on the Plan;

      b.      subject to subsection (c) below, record holders of timely filed claims, as of the Record Date, to the extent that such claims (i) are the subject of timely filed proofs of claim, (ii) have not been disallowed, expunged, disqualified or suspended prior to the Record Date, (iii) are not the subject of a pending objection as of the date set forth in this Order unless, notwithstanding being the subject of an objection, the Voting Procedures entitle such claimant to vote on the Plan in the manner set forth in the Voting

(Page 14)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

Procedures and (iv) entitle the holders thereof to vote on the Plan; and

c.      with respect to syndicated bank debt or other similarly situated creditor groups, the participating banks, as provided by the agent bank or other similarly situated agent as of the Record Date, or, if requested by the agent bank, to the agent bank to forward to the participating banks, to the extent that the holders of the applicable syndicated bank debt or other similarly situated debt are entitled to vote on the Plan;

and it is further

ORDERED that if service by CD-ROM imposes a hardship for any creditor (e.g., the creditor does not own or have access to a computer or the Internet), the Debtors, upon request to AlixPartners at (888) 369-8931, shall deliver by first class mail a paper copy of the Plan and Disclosure Statement at no cost to the creditor or equity holder within five (5) business days of receipt of such request; and it is further

ORDERED that the Debtors shall distribute or cause to be distributed by the Solicitation Date, the Solicitation Package without a (i) Ballot or (ii) return envelope to (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the Committee; (c) counsel to the DIP Agent; (d) the Office of the Attorney General for the State of New Jersey; (e) the New Jersey Division of Gaming Enforcement; (f) the New Jersey Casino Control

Americas 90557745 (2K)

(Page 15)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

Commission; (g) the Office of the Governor for the State of New Jersey; (h) the Securities and Exchange Commission; (i) the District Director of the Internal Revenue Service; (j) the Department of Justice; and (k) all parties requesting notice pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that the following additional procedures with respect to the solicitation of votes on the Plan are hereby approved:

- Publication Notice:

  Not less than twenty (20) days prior to the Plan Objection Deadline, the Debtors will cause the Confirmation Hearing Notice, substantially similar to the form attached hereto as Exhibit "5", to be published once in The New York Times (National Edition) and the Press of Atlantic City. Additionally, the Debtors will publish the Confirmation Hearing Notice electronically at www.njb.uscourts.gov and www.revelcaseinfo.com.

- Solicitation and Tabulation Agent:

  The Debtors will be using an agent for purposes of distributing Solicitation Packages and tabulating votes on the Plan. The Solicitation and Tabulation Agent will be responsible for the distribution of Solicitation Packages to, and tabulation of Ballots received from, the entities such agent solicited.

- Return of Ballots:

  Each claimant that has a Claim for which a Claim amount may be determined and which Claim is not treated as unimpaired under the Plan as

Americas 90557745 (2K)

(Page 16)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

of the Voting Deadline is entitled to vote to accept or reject the Plan. All Equity Interests are either treated as unimpaired under or deemed to have rejected the Plan and, accordingly, no holders of Equity Interests are entitled to vote to accept or reject the Plan. All Ballots will be accompanied by return postage pre-paid envelopes addressed to be returned as directed. All Ballots must be <u>actually</u> <u>received</u> by the Solicitation and Tabulation Agent by the Voting Deadline. If Ballots are not <u>actually</u> <u>received</u> by the Solicitation and Tabulation Agent by the Voting Deadline, they will not be counted.

- <u>Inquiries:</u>

    All inquiries related to the Plan, the Disclosure Statement and the Voting Procedures should be directed to the Solicitation and Tabulation Agent at the phone number set forth on the appropriate Ballot;

and it is further

ORDERED that to the extent that a creditor was not initially sent a Solicitation Package, and the creditor files a Temporary Allowance Motion on or before May 14, 2015 at 4:00 p.m. (Prevailing Eastern Time), the Debtors shall mail, <u>via</u> express or overnight mail, a Solicitation Package together with the appropriate Ballot (as discussed below, the "Temporary Allowance Ballot") to such creditor within five (5) business days after the filing of such motion; creditor shall receive the appropriate Temporary Allowance Ballot substantially in the form of the Ballot attached hereto as Exhibit "4", and shall execute and return the Temporary Allowance Ballot to the Solicitation and Tabulation Agent by the Voting Deadline; and it is further

Americas 90557745 (2K)

(Page 17)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

ORDERED that the Temporary Allowance Ballots shall be clearly and conspicuously titled as "provisional" Ballots and each Temporary Allowance Ballot shall, directly under the title for such Ballot, include a statement in bold, conspicuous text substantially as follows:

**This is a provisional Ballot ("Provisional Ballot") that has been sent to you because you have filed a motion requesting the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") to temporarily allow your claim for voting purposes. Receipt of this Provisional Ballot does not mean that your claim has been allowed for voting purposes. Rather, the amount and classification of your claim (if any) shall be determined by order of the Bankruptcy Court on or before May 26, 2015. The Debtors have provided you with this Provisional Ballot to provide you with sufficient time to review the Plan, Disclosure Statement and related materials so that you may determine how to vote on the Plan if your claim is ultimately allowed for voting purposes. Please review the voting procedures set forth in the enclosed Order, complete this Provisional Ballot as directed and return it to the Solicitation and Tabulation Agent as indicated on this Provisional Ballot, in the envelope provided herein (or by first class mail, overnight courier or hand delivery) by no later than June 2, 2015 at 4:00 p.m. (Prevailing Eastern Time) (the "Voting Deadline"). If the Bankruptcy Court ultimately allows your claim for voting purposes, then your vote will be counted if and only if the Solicitation and Tabulation Agent actually receives a fully executed copy of this Provisional Ballot by the Voting Deadline. If you have any questions about this Provisional Ballot, please contact the Solicitation and Tabulation Agent.**

and it is further

Americas 90557745 (2K)

(Page 18)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

ORDERED that the Debtors shall send to such holders of unimpaired claims and equity interests in the Unimpaired Classes a notice of non-voting status, substantially in the form attached hereto as Exhibit "6" (the "Notice of Non-Voting Status – Unimpaired Classes"), which identifies the classes designated as unimpaired, informs the claimant or equity holder of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained via the Internet at www.njb.uscourts.gov and www.revelcaseinfo.com, or CD-ROM upon request to AlixPartners at (888) 369-8931, as therein provided; and it is further

ORDERED that the Notice of Non-Voting Status – Unimpaired Classes satisfies the requirements of Bankruptcy Rule 3017(d), and accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as Exhibit "A" to the Disclosure Statement, need not be mailed to any holder of an unimpaired claim or equity interest unless such party makes a specific request for the same; and it is further

ORDERED that the Debtors shall send to holders of claims and equity interests that are not entitled to receive any distribution under the Plan in the Deemed Rejecting Classes a notice of non-voting status, substantially in the form attached hereto as Exhibit "7" (the "Notice of Non-Voting Status – Deemed Rejecting Classes" and, collectively with the Notice of Non-

(Page 19)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

Voting Status – Unimpaired Classes, the "Notices of Non-Voting Status"), which identifies the class designated as being deemed to have rejected the Plan, informs the claimant or interest holder of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained via the Internet at www.njb.uscourts.gov and www.revelcaseinfo.com, or CD-ROM upon request to AlixPartners at (888) 369-8931, as therein provided; and it is further

ORDERED that the Notice of Non-Voting Status – Deemed Rejecting Classes satisfies the requirements of Bankruptcy Rule 3017(d), and accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as Exhibit "A" to the Disclosure Statement, need not be mailed to any holder of a claim or equity interest that has been deemed to have rejected the Plan unless such party makes a specific request for the same; and it is further

ORDERED that the following procedures (the "Tabulation Procedures") are hereby approved:

a.   Votes will be tabulated on a consolidated basis for each relevant class.

b.   A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good

Americas 90557745 (2K)

(Page 20)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

faith or in accordance with the provisions of the Bankruptcy Code.

c.      Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall not be counted, unless otherwise ordered by the Court.

d.      Any Ballot that is illegible or contains insufficient information to permit identification of the claimant shall not be counted, unless otherwise ordered by the Court.

e.      All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with the Voting Procedures set forth in this Order and/or as set forth on the Ballot (as may be applicable).  Votes that are cast in any other manner shall not be counted, unless otherwise ordered by the Court.

f.      A holder of claims in more than one class must use separate Ballots for each class of claims entitled to vote to accept or reject the Plan.

g.      If multiple Ballots are received for a holder of claims voting the same claims, the last Ballot received, as determined by the Solicitation and Tabulation Agent from such holder prior to the Voting Deadline will be the Ballot that is counted.

h.      If multiple Ballots are received from different holders purporting to hold the same claim, in the absence of contrary information establishing which claimant held such claim as of the Record Date, the last Ballot received prior to the Voting Deadline will be the Ballot that is counted.

i.      If multiple Ballots are received from a holder of a claim and someone purporting to be his, her or its attorney or agent, the Ballot received from the holder of the claim will be the Ballot that

(Page 21)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

is counted, and the vote of the purported attorney or agent will <u>not</u> be counted, unless otherwise ordered by the Court.

j. Except as otherwise provided herein or otherwise ordered by the Court, a Ballot that is completed, but on which the claimant did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan shall <u>not</u> be counted.

k. Any Ballot that partially accepts and partially rejects the Plan shall <u>not</u> be counted, unless otherwise ordered by the Court.

l. A holder of Claims shall be deemed to have voted the full amount of its claim in each class and shall <u>not</u> be entitled to split its vote within a class.

m. If no votes to accept or reject the Plan are received with respect to a particular class, such class is deemed to have voted to accept the Plan; <u>provided</u>, <u>however</u>, that such deemed acceptance shall not itself constitute at least one impaired class accepting the Plan sufficient to satisfy section 1129(a)(10) of the Bankruptcy Code, unless otherwise ordered by the Court.

n. The Solicitation and Tabulation Agent shall not tabulate a vote received by facsimile, telecopy transmission or electronic mail, unless otherwise ordered by the Court.

o. For the purpose of voting on the Plan, the Solicitation and Tabulation Agent will be deemed to be in constructive receipt of any Ballot timely delivered to any address or designee that the Solicitation and Tabulation Agent designates for the receipt of Ballots cast on the Plan;

and it is further

Americas 90557745 (2K)

(Page 22)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

ORDERED that any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that the superseding Ballot is received by the Solicitation and Tabulation Agent on or before the Voting Deadline; and it is further

ORDERED that unless otherwise agreed to by the Debtors, entities desiring to change their votes after the Voting Deadline may do so only with approval of the Court for "cause" pursuant to Bankruptcy Rule 3018(a) by filing a motion with the Court on or before the Plan Objection Deadline so that it may be heard and considered at the Confirmation Hearing; and it is further

ORDERED that the Debtors shall provide to all creditors and equity holders as of the Record Date a copy of either of the following notices, to be sent contemporaneously with the Solicitation Packages, (i) the Confirmation Hearing Notice, setting forth (a) the date of approval of the Disclosure Statement; (b) the Record Date; (c) the Voting Deadline; (d) the Plan Objection Deadline; and (e) the time, date, and place for the Confirmation Hearing, or (ii) the applicable Notice of Non-Voting Status, setting forth (a) the date of approval of the Disclosure Statement; (b) the Plan Objection Deadline; and (c) the time, date, and place for the Confirmation Hearing; and it is further

Americas 90557745 (2K)

(Page 23)

| | |
|---|---|
| Debtors: | Revel AC, Inc., et al. |
| Case No.: | 14-22654 (GMB) |
| Caption of Order: | ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES FOR THE PLAN; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; (IV) ESTABLISHING PROCEDURES FOR (A) VOTING IN CONNECTION WITH THE PLAN CONFIRMATION PROCESS AND (B) TEMPORARY ALLOWANCE OF CLAIMS RELATED THERETO; AND (V) SCHEDULING A HEARING ON PLAN CONFIRMATION |

ORDERED that the Debtors shall be permitted to serve via electronic means, in each case where an electronic address is available, the applicable copy of the Confirmation Hearing Notice or Notice of Non-Voting Status; and it is further

ORDERED that the Debtors shall publish the Confirmation Hearing Notice, not less than twenty (20) days before the Plan Objection Deadline, in The New York Times (National Edition) and the Press of Atlantic City; the Debtor shall also publish the Confirmation Hearing Notice electronically at www.njb.uscourts.gov and www.revelcaseinfo.com; and it is further

ORDERED that the forms of notice of the Confirmation Hearing in substantially the forms attached hereto as Exhibits "5", "6" and "7" are hereby approved; and it is further

ORDERED that the provision of notice in accordance with the procedures set forth in this Order shall be deemed good and sufficient notice of the Confirmation Hearing, the Voting Deadline and the Confirmation Objection Deadline; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Americas 90557745 (2K)

## **Exhibit 1**

(Class 3 – Tranche A First Lien Lender Claims Ballot)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| REVEL AC, INC., et al., | ) | Case No. 14-22654 (GMB) |
| | ) | |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |
| | ) | |

[(Creditor Name)     (unique I.D.#)          (Voting class and voting amount)          (Debtor)]

[Creditor Address]

### BALLOT FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS

### Class 3 – Tranche A First Lien Lender Claims

This is a ballot to vote to accept or reject the Second Amended Joint Chapter 11 Plan (the "Plan") for Revel AC, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") for the above-listed claim. If you have more than one claim entitled to vote, you will receive an additional ballot(s) on which to cast your vote.

PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING. PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE OR BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE SOLICITATION AND TABULATION AGENT. THIS BALLOT **MUST BE ACTUALLY RECEIVED** BY THE SOLICITATION AND TABULATION AGENT ON OR BEFORE **JUNE 2, 2015 AT 4:00 P.M., PREVAILING EASTERN TIME**.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**Item 1.  Voting Classification and Amount.**  The undersigned is a holder of a Class 3 – Tranche A First Lien Lender Claim (as defined in the Plan) against the Debtors for the amount set forth above for voting purposes.

**Item 2.  Vote.**  The undersigned votes the above-listed Class 3 – Tranche A First Lien Lender Claim (check one box):

| ☐ Accept the Plan | ☐ Reject the Plan |
|---|---|

**Item 3. Opt-Out Election.**  Check this box if you elect <u>not</u> to grant the releases contained in Section 8.6 of the Plan as they relate to the opt-out release parties set forth in Section 8.6 of the Plan. Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 8.6 of the Plan to the fullest extent permitted by applicable law.  The full text of Section 8.6 of the Plan is set forth at the end of this Ballot.

| ☐ The undersigned elects <u>not</u> to grant the releases contained in Section 8.6 of the Plan. |
|---|

Name of Creditor:_____
(Print or Type)

By:_____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory:_____

Title:_____
(If Appropriate)

Street Address:_____

_____
(City, State and Zip Code)

Telephone Number:  (____) _____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed:_____

### PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT

This Ballot is submitted to you to solicit your vote to accept the Plan, which is described in the disclosure statement in support of the Plan (the "Disclosure Statement").  A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement.  The United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") approved the Disclosure Statement on May 4, 2015 (the "Disclosure Statement Order").  The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan.  A copy of the Disclosure Statement accompanies this Ballot.  If you did not receive a copy of the Plan and Disclosure Statement, you may obtain a copy by contacting the Debtors' Solicitation and Tabulation Agent, AlixPartners, LLP ("AlixPartners"), at (888) 369-8931.  Additionally, the Plan and Disclosure Statement are available at www.revelcaseinfo.com and www.njb.uscourts.gov.

Please complete, sign and date this Ballot and return it to the Debtors' Solicitation and Tabulation Agent, AlixPartners, REG Claims and Noticing Agent, 2101 Cedar Springs Road, Suite 1100, Dallas, TX 75201, in the enclosed preaddressed, postage prepaid envelope or by first class mail, overnight courier or

Americas 90557745 (2K)

hand delivery.  **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m. Prevailing Eastern Time, on June 2, 2015, it will not be counted.  Ballots transmitted by facsimile, telecopy transmission or electronic mail will not be accepted and will not be counted as a vote to accept or reject the Plan.**

On May 4, 2015, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures are set forth in the Disclosure Statement Order that accompanies this Ballot.

**By signing this Ballot, you make the following certifications:**

- "I have received a CD-ROM or have otherwise obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class of claims voting on the Plan and at least two-thirds in amount of the allowed interests in each class of interests voting on the Plan.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  **To have your vote count you must complete and return this Ballot, voting your entire claim to accept or reject the Plan, by 4:00 p.m., Prevailing Eastern Time, so that it is actually received by the Solicitation and Tabulation Agent on or before June 2, 2015.  Unsigned Ballots will not be counted.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtor of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT ALIXPARTNERS, AT (888) 369-8931.**

**Section 1.1(mmmm) of the Plan defines "Released Parties" to mean:**

**all Persons that are or were at any time on or after the Petition Date, and whether or not any such Person currently retains such capacity or position, (i) Debtors; (ii) directors, officers, agents, members of management and other employees of the Debtors, respectively; (iii) the Liquidation Trustee; (iv) the Committee and its members; (v) the DIP Lenders and DIP Agent, in such capacities, and as the First Lien Agent and/or First Lien Lenders, as applicable, under the First Lien Credit Documents; (vi) the Second Lien Agent; (vii) any secured lender that votes in favor of and does not file an objection to the Plan; (viii) predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i) and (ii) above on or after the Petition Date; and (ix) predecessors, successors and assigns, subsidiaries, affiliates, members,**

Americas 90557745 (2K)

partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (iii) through (vii) above

Section 8.6 of the Plan, entitled "Releases by Creditors and Equity Security Holders," states:

Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each holder of a Claim against or Equity Interest in any of the Debtors who either voted in favor of, or is conclusively presumed to have accepted, this Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan or the Disclosure Statement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the negotiation, formulation or preparation of this Plan, the DIP Documents, the Liquidation Trust Agreement, the solicitation of votes with respect to this Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; <u>except</u>, that nothing in this section shall be construed to release any party or entity from willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order; <u>except</u>, <u>further</u>, that the foregoing releases shall not apply to any holder of a Claim or Equity Interest if such holder elects to "opt out" of the releases provided in this Section on its timely submitted ballot.

4

# **Exhibit 2**

(Class 4 – Other Lender Claims Ballot)

Americas 90557745 (2K)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| REVEL AC, INC., et al., | ) | Case No. 14-22654 (GMB) |
| | ) | |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |
| | ) | |

[(Creditor Name)        (unique I.D.#)        (Voting class and voting amount)        (Debtor)]

[Creditor Address]

## BALLOT FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS

### Class 4 – Other Lender Claims

This is a ballot to vote to accept or reject the Second Amended Joint Chapter 11 Plan (the "Plan") for Revel AC, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") for the above-listed claim.  If you have more than one claim entitled to vote, you will receive an additional ballot(s) on which to cast your vote.

---

PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING.  PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE OR BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE SOLICITATION AND TABULATION AGENT.  THIS BALLOT **MUST BE ACTUALLY RECEIVED** BY THE SOLICITATION AND TABULATION AGENT ON OR BEFORE **JUNE 2, 2015 AT 4:00 P.M., PREVAILING EASTERN TIME**.

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**Item 1.  Voting Classification and Amount.**  The undersigned is a holder of a Class 4 – Other Lender Claim (as defined in the Plan) against the Debtors for the amount set forth above for voting purposes.

**Item 2.  Vote.**  The undersigned votes the above-listed Class 4 – Other Lender Claim (check one box):

| ☐ | Accept the Plan | ☐ | Reject the Plan |
|---|---|---|---|

**Item 3. Opt-Out Election.**  Check this box if you elect <u>not</u> to grant the releases contained in Section 8.6 of the Plan as they relate to the opt-out release parties set forth in Section 8.6 of the Plan. Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 8.6 of the Plan to the fullest extent permitted by applicable law.  The full text of Section 8.6 of the Plan is set forth at the end of this Ballot.

> ☐  The undersigned elects <u>not</u> to grant the releases contained in
> Section 8.6 of the Plan.

Name of Creditor:_____
(Print or Type)

By:_____
(Signature of Creditor or Authorized Agent)

Print Name of Signatory:_____

Title:_____
(If Appropriate)

Street Address:_____

_____
(City, State and Zip Code)

Telephone Number:  (____) _____

_____
(Social Security or Federal Tax I.D. No.)

Date Completed:_____

### PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT

This Ballot is submitted to you to solicit your vote to accept the Plan, which is described in the disclosure statement in support of the Plan (the "Disclosure Statement").  A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement.  The United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") approved the Disclosure Statement on May 4, 2015 (the "Disclosure Statement Order").  The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan.  A copy of the Disclosure Statement accompanies this Ballot.  If you did not receive a copy of the Plan and Disclosure Statement, you may obtain a copy by contacting the Debtors' Solicitation and Tabulation Agent, AlixPartners, LLP ("AlixPartners"), at (888) 369-8931.  Additionally, the Plan and Disclosure Statement are available at www.revelcaseinfo.com and www.njb.uscourts.gov.

Please complete, sign and date this Ballot and return it to the Debtors' Solicitation and Tabulation Agent, AlixPartners, REG Claims and Noticing Agent, 2101 Cedar Springs Road, Suite 1100, Dallas, TX 75201, in the enclosed preaddressed, postage prepaid envelope or by first class mail, overnight courier or

Americas 90557745 (2K)

hand delivery.  **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m. Prevailing Eastern Time, on June 2, 2015, it will not be counted.  Ballots transmitted by facsimile, telecopy transmission or electronic mail will not be accepted and will not be counted as a vote to accept or reject the Plan.**

On May 4, 2015, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures are set forth in the Disclosure Statement Order that accompanies this Ballot.

**By signing this Ballot, you make the following certifications:**

- "I have received a CD-ROM or have otherwise obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class of claims voting on the Plan and at least two-thirds in amount of the allowed interests in each class of interests voting on the Plan.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  **To have your vote count you must complete and return this Ballot, voting your entire claim to accept or reject the Plan, by 4:00 p.m., Prevailing Eastern Time, so that it is actually received by the Solicitation and Tabulation Agent on or before June 2, 2015.  Unsigned Ballots will not be counted.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtor of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT ALIXPARTNERS, AT (888) 369-8931.**

**Section 1.1(mmmm) of the Plan defines "Released Parties" to mean:**

**all Persons that are or were at any time on or after the Petition Date, and whether or not any such Person currently retains such capacity or position, (i) Debtors; (ii) directors, officers, agents, members of management and other employees of the Debtors, respectively; (iii) the Liquidation Trustee; (iv) the Committee and its members; (v) the DIP Lenders and DIP Agent, in such capacities, and as the First Lien Agent and/or First Lien Lenders, as applicable, under the First Lien Credit Documents; (vi) the Second Lien Agent; (vii) any secured lender that votes in favor of and does not file an objection to the Plan; (viii) predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i) and (ii) above on or after the Petition Date; and (ix) predecessors, successors and assigns, subsidiaries, affiliates, members,**

3

partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (iii) through (vii) above

Section 8.6 of the Plan, entitled "Releases by Creditors and Equity Security Holders," states:

Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each holder of a Claim against or Equity Interest in any of the Debtors who either voted in favor of, or is conclusively presumed to have accepted, this Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan or the Disclosure Statement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the negotiation, formulation or preparation of this Plan, the DIP Documents, the Liquidation Trust Agreement, the solicitation of votes with respect to this Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; except, that nothing in this section shall be construed to release any party or entity from willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order; except, further, that the foregoing releases shall not apply to any holder of a Claim or Equity Interest if such holder elects to "opt out" of the releases provided in this Section on its timely submitted ballot.

4

**Exhibit 3**

(Class 5 – Unsecured Claims Ballot)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| REVEL AC, INC., et al., | ) | Case No. 14-22654 (GMB) |
| | ) | |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |
| | ) | |

[(Creditor Name)        (unique I.D.#)        (Voting class and voting amount)        (Debtor)]

[Creditor Address]

### BALLOT FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS

### Class 5 – Unsecured Claims

This is a ballot to vote to accept or reject the Second Amended Joint Chapter 11 Plan (the "Plan") for Revel AC, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") for the above-listed claim.  If you have more than one claim entitled to vote, you will receive an additional ballot(s) on which to cast your vote.

> PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING.  PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE OR BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE SOLICITATION AND TABULATION AGENT.  THIS BALLOT **MUST BE ACTUALLY RECEIVED** BY THE SOLICITATION AND TABULATION AGENT ON OR BEFORE **JUNE 2, 2015 AT 4:00 P.M., PREVAILING EASTERN TIME**.

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).  The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**Item 1.  Voting Classification and Amount.**  The undersigned is a holder of a Class 5 – Unsecured Claim (as defined in the Plan) against the Debtors for the amount set forth above for voting purposes.

**Item 2.  Vote.**  The undersigned votes the above-listed Class 5 – Unsecured Claim (check one box):

☐   Accept the Plan            ☐   Reject the Plan

**Item 3. Opt-Out Election.**  Check this box if you elect <u>not</u> to grant the releases contained in Section 8.6 of the Plan as they relate to the opt-out release parties set forth in Section 8.6 of the Plan. Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 8.6 of the Plan to the fullest extent permitted by applicable law.  The full text of Section 8.6 of the Plan is set forth at the end of this Ballot.

☐   The undersigned elects <u>not</u> to grant the releases contained in
      Section 8.6 of the Plan.

Name of Creditor:_____
(Print or Type)

By:_____
(Signature of Creditor or Authorized Agent)
Print Name of Signatory:_____
Title:_____
(If Appropriate)
Street Address:_____

_____
(City, State and Zip Code)
Telephone Number:  (____) _____

_____
(Social Security or Federal Tax I.D. No.)
Date Completed:_____

### PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT

This Ballot is submitted to you to solicit your vote to accept the Plan, which is described in the disclosure statement in support of the Plan (the "Disclosure Statement").  A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement.  The United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") approved the Disclosure Statement on May 4, 2015 (the "Disclosure Statement Order").  The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan.  A copy of the Disclosure Statement accompanies this Ballot.  If you did not receive a copy of the Plan and Disclosure Statement, you may obtain a copy by contacting the Debtors' Solicitation and Tabulation Agent, AlixPartners, LLP ("AlixPartners"), at (888) 369-8931.  Additionally, the Plan and Disclosure Statement are available at www.revelcaseinfo.com and www.njb.uscourts.gov.

Please complete, sign and date this Ballot and return it to the Debtors' Solicitation and Tabulation Agent, AlixPartners, REG Claims and Noticing Agent, 2101 Cedar Springs Road, Suite 1100, Dallas, TX 75201, in the enclosed preaddressed, postage prepaid envelope or by first class mail, overnight courier or hand delivery.  **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m. Prevailing Eastern Time,**

2

**on June 2, 2015, it will not be counted.  Ballots transmitted by facsimile, telecopy transmission or electronic mail will not be accepted and will not be counted as a vote to accept or reject the Plan.**

On May 4, 2015, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures are set forth in the Disclosure Statement Order that accompanies this Ballot.

**By signing this Ballot, you make the following certifications:**

- "I have received a CD-ROM or have otherwise obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class of claims voting on the Plan and at least two-thirds in amount of the allowed interests in each class of interests voting on the Plan.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  **To have your vote count you must complete and return this Ballot, voting your entire claim to accept or reject the Plan, by 4:00 p.m., Prevailing Eastern Time, so that it is actually received by the Solicitation and Tabulation Agent on or before June 2, 2015.  Unsigned Ballots will not be counted.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtor of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT ALIXPARTNERS, AT (888) 369-8931.**

**Section 1.1(mmmm) of the Plan defines "Released Parties" to mean:**

**all Persons that are or were at any time on or after the Petition Date, and whether or not any such Person currently retains such capacity or position, (i) Debtors; (ii) directors, officers, agents, members of management and other employees of the Debtors, respectively; (iii) the Liquidation Trustee; (iv) the Committee and its members; (v) the DIP Lenders and DIP Agent, in such capacities, and as the First Lien Agent and/or First Lien Lenders, as applicable, under the First Lien Credit Documents; (vi) the Second Lien Agent; (vii) any secured lender that votes in favor of and does not file an objection to the Plan; (viii) predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i) and (ii) above on or after the Petition Date; and (ix) predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment**

Americas 90557745 (2K)

bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (iii) through (vii) above

Section 8.6 of the Plan, entitled "Releases by Creditors and Equity Security Holders," states:

Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each holder of a Claim against or Equity Interest in any of the Debtors who either voted in favor of, or is conclusively presumed to have accepted, this Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan or the Disclosure Statement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the negotiation, formulation or preparation of this Plan, the DIP Documents, the Liquidation Trust Agreement, the solicitation of votes with respect to this Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; except, that nothing in this section shall be construed to release any party or entity from willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order; except, further, that the foregoing releases shall not apply to any holder of a Claim or Equity Interest if such holder elects to "opt out" of the releases provided in this Section on its timely submitted ballot.

4

## **Exhibit 4**

(Temporary Allowance Ballot)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| REVEL AC, INC., et al., | ) | Case No. 14-22654 (GMB) |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors.[1] | ) |  |
|  | ) |  |

[(Creditor Name)      (unique I.D. #)]

[Creditor Address]

## PROVISIONAL BALLOT FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT CHAPTER 11 PLAN (THE "PLAN") FOR REVEL AC, INC. AND ITS AFFILIATED DEBTORS (COLLECTIVELY, THE "DEBTORS")

**This is a provisional Ballot ("Provisional Ballot") that has been sent to you because you have filed a motion requesting the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") to temporarily allow your claim for voting purposes. Receipt of this Provisional Ballot does not mean that your claim has been allowed for voting purposes. Rather, the amount and classification of your claim (if any) shall be determined by order of the Bankruptcy Court on or before May 26, 2015. The Debtors have provided you with this Provisional Ballot to provide you with sufficient time to review the Plan, Disclosure Statement and related materials so that you may determine how to vote on the Plan if your claim is ultimately allowed for voting purposes. Please review the voting procedures set forth in the enclosed Order, complete this Provisional Ballot as directed and return it to the Solicitation and Tabulation Agent as indicated on this Provisional Ballot, in the envelope provided herein (or by first class mail, overnight courier or hand delivery) by no later than June 2, 2015 at 4:00 p.m. (Prevailing Eastern Time) (the "Voting Deadline"). If the Bankruptcy Court ultimately allows your claim for voting purposes, then your vote will be counted if and only if the Solicitation and Tabulation Agent actually receives a fully executed copy of this Provisional Ballot by the Voting Deadline. If you have any questions about this Provisional Ballot, please contact the Solicitation and Tabulation Agent.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors' corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

PLEASE READ THIS ENTIRE BALLOT BEFORE COMPLETING.  PLEASE COMPLETE, DATE AND SIGN THIS BALLOT AND RETURN IT IN THE ENCLOSED PREADDRESSED, POSTAGE PREPAID ENVELOPE OR BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE SOLICITATION AND TABULATION AGENT.  THIS BALLOT **MUST BE ACTUALLY RECEIVED** BY THE SOLICITATION AND TABULATION AGENT ON OR BEFORE **June 2, 2015 AT 4:00 P.M., PREVAILING EASTERN TIME**.

**Item 1:  Voting Classification and Amount.**  The amount and classification of your claim (if any) for voting purposes shall be determined by order of the Bankruptcy Court on or before [the Temporary Allowance Hearing], 2015.

**Item 2:  Vote.**  The undersigned votes all of its claims to (check one box):

☐  Accept the Plan          ☐  Reject the Plan

**Item 3. Opt-Out Election.**  Check this box if you elect <u>not</u> to grant the releases contained in Section 8.6 of the Plan as they relate to the opt-out release parties set forth in Section 8.6 of the Plan. Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 8.6 of the Plan to the fullest extent permitted by applicable law.  The full text of Section 8.6 of the Plan is set forth at the end of this Ballot.

☐  The undersigned elects <u>not</u> to grant the releases contained in
   Section 8.6 of the Plan.

Name of Creditor:_____
                          (Print or Type)

By:_____
           (Signature of Creditor or Authorized Agent)
Print Name of Signatory:_____
Title:_____
                    (If Appropriate)
Street Address:_____

_____
           (City, State and Zip Code)
Telephone Number:  (____) _____

_____
           (Social Security or Federal Tax I.D. No.)
Date Completed:_____

**PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT**

This Provisional Ballot is submitted to you to solicit your vote to accept the Plan, which is described in the disclosure statement in support of the Plan (the "Disclosure Statement").  A copy of the Plan is attached as Exhibit "A" to the Disclosure Statement.  The United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") approved the Disclosure Statement on May 4, 2015.  The

Americas 90557745 (2K)

Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement accompanies this Ballot. If you did not receive a copy of the Plan and Disclosure Statement, you may obtain a copy by contacting the Debtors' Solicitation and Tabulation Agent, AlixPartners, LLP ("AlixPartners"), at (888) 369-8931. Additionally, the Plan and Disclosure Statement are available at www.revelcaseinfo.com and www.njb.uscourts.gov.

Please complete, sign and date this Ballot and return it to the Debtor's Solicitation and Tabulation Agent, AlixPartners, REG Claims and Noticing Agent, 2101 Cedar Springs Road, Suite 1100, Dallas, TX 75201, in the enclosed preaddressed, postage prepaid envelope or by first class mail, overnight courier or hand delivery. **If your Ballot is not ACTUALLY RECEIVED by 4:00 p.m. Prevailing Eastern Time, on June 2, 2015, it will not be counted. Ballots transmitted by facsimile, telecopy transmission or electronic mail will not be accepted and will not be counted as a vote to accept or reject the Plan.**

On May 4, 2015, the Bankruptcy Court also approved certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are set forth in the Disclosure Statement Order that accompanies this Ballot.

**By signing this Provisional Ballot, you make the following certifications:**

- "I have received a CD-ROM or have otherwise obtained a copy of the Disclosure Statement and the exhibits thereto, including the Plan."

- "I understand that, if this Ballot is validly executed and returned without checking a box to ACCEPT or REJECT, this Ballot will not be counted."

- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed herein."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the allowed claims in each class of claims voting on the Plan and at least two-thirds in amount of the allowed interests in each class of interests voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have your vote count you must complete and return this Ballot, voting your entire claim to accept or reject the Plan, by 4:00 p.m., Prevailing Eastern Time, so that it is actually received by the Solicitation and Tabulation Agent on or before June 2, 2015. Unsigned Ballots will not be counted.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtor of the validity of a claim or interest.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF ANY ENCLOSED MATERIALS, PLEASE CONTACT ALIXPARTNERS, AT (888) 369-8931.**

**Section 1.1(mmmm) of the Plan defines "Released Parties" to mean:**

**all Persons that are or were at any time on or after the Petition Date, and whether or not any such Person currently retains such capacity or position, (i) Debtors; (ii) directors, officers, agents, members of management and other employees of the Debtors, respectively; (iii) the Liquidation Trustee; (iv) the Committee and its members; (v) the DIP Lenders and DIP Agent, in such capacities, and as the First Lien Agent and/or First Lien Lenders, as applicable, under the First**

Lien Credit Documents; (vi) the Second Lien Agent; (vii) any secured lender that votes in favor of and does not file an objection to the Plan; (viii) predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i) and (ii) above on or after the Petition Date; and (ix) predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (iii) through (vii) above

Section 8.6 of the Plan, entitled "Releases by Creditors and Equity Security Holders," states:

Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each holder of a Claim against or Equity Interest in any of the Debtors who either voted in favor of, or is conclusively presumed to have accepted, this Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan or the Disclosure Statement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the negotiation, formulation or preparation of this Plan, the DIP Documents, the Liquidation Trust Agreement, the solicitation of votes with respect to this Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; except, that nothing in this section shall be construed to release any party or entity from willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order; except, further, that the foregoing releases shall not apply to any holder of a Claim or Equity Interest if such holder elects to "opt out" of the releases provided in this Section on its timely submitted ballot.

Americas 90557745 (2K)

**<u>Exhibit 5</u>**

(Confirmation Hearing Notice)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| REVEL AC, INC., <u>et al.</u>, | ) | Case No. 14-22654 (GMB) |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors.[1] | ) |  |
|  | ) |  |

**NOTICE OF (A) SOLICITATION OF VOTES TO ACCEPT OR REJECT THE SECOND
AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS AFFILIATED
DEBTORS, (B) HEARING TO CONSIDER PLAN CONFIRMATION AND
(C) DEADLINE FOR FILING OBJECTIONS TO THE PLAN**

TO ALL CREDITORS OF THE DEBTORS HOLDING CLAIMS THAT ARE
IMPAIRED UNDER THE PLAN AND OTHER PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that on May 4, 2015, the United States Bankruptcy Court
for the District of New Jersey (the "Court") entered an order (the "Order") approving the
disclosure statement (the "Disclosure Statement") relating to the Second Amended Joint Chapter
11 Plan (the "Plan") for Revel AC, Inc. and its affiliated debtors and debtors in possession
(collectively, the "Debtors"). Please note that capitalized terms used but not otherwise defined in
this notice have the meanings set forth in the Plan.

NOTICE IS HEREBY GIVEN that pursuant to the Order, solicitation materials
consisting of a CD-ROM containing the Disclosure Statement, the Plan and all exhibits thereto,
and an appropriate paper ballot for the purpose of voting to accept or reject the Plan have been
mailed to all known holders of impaired claims against the Debtors entitled to vote on the Plan.
If you are a holder of an impaired claim against the Debtors and have not received the foregoing
solicitation materials, you may obtain the same by request to AlixPartners, LLP ("AlixPartners"),
at (888) 369-8931. Additionally, the Plan and Disclosure Statement are available at
www.njb.uscourts.gov and www.revelcaseinfo.com.

NOTICE IS FURTHER GIVEN that all ballots cast to accept or reject the Plan must be
properly completed, executed and mailed or delivered to the Debtors' Solicitation and Tabulation
Agent, AlixPartners, REG Claims and Noticing Agent, 2101 Cedar Springs Road, Suite 1100,
Dallas, TX 75201, so that they are ACTUALLY RECEIVED no later than 4:00 p.m., Prevailing
Eastern Time, on June 2, 2015. **If your ballot is not properly completed or not received by**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax
identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel
Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors'
corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**such time, it will not be counted as a vote to accept or reject the Plan. Ballots transmitted by facsimile, telecopy transmission or electronic mail will not be accepted and will not be counted as a vote to accept or reject the Plan.**

NOTICE IS FURTHER GIVEN that the Court has fixed June 9, 2015 at 1:30 p.m., Prevailing Eastern Time, as the date and time for the hearing to consider confirmation of the Plan and related matters (the "Confirmation Hearing"). The Confirmation Hearing will be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, 401 East State Street, 2nd Floor, Room 8, Trenton, New Jersey. The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing.

NOTICE IS FURTHER GIVEN that objections, if any, to the confirmation of the Plan must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or interest of such party, (b) state with particularity the basis and nature of each objection to confirmation of the Plan and (c) be filed, together with proof of service, with the Court and served so that they are received no later than 4:00 p.m., Prevailing Eastern Time, on June 2, 2015, by the Court, and the following parties: (a) Co-Counsel for the Debtors: White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Attn: John K. Cunningham, Esq., and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey, Attn: Michael J. Viscount, Esq.; (b) counsel for the Committee: Cole Schotz P.C., Court Plaza North, 25 Main Street P.O. Box 800, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq.; (c) counsel for the DIP Agent: Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attn: Thomas R. Kreller, Esq.; and (d) the Office of the United States Trustee, District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Mitchell Hausman, Esq. Objections that are not timely filed and served may not be considered by the Bankruptcy Court.

**NOTICE IS FURTHER GIVEN that except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against or Equity Interests in the Debtors or the Estates are, with respect to any such Claims or Equity Interests, permanently enjoined under the Plan and after the Confirmation Date from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the**

Americas 90557745 (2K)

**Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order, including, but not limited to, the releases and exculpations provided under Sections 8.5, 8.6 and 15.5 of the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan.  Each holder of an Allowed Claim or Allowed Equity Interest shall be deemed to have specifically consented to the injunctions set forth in the Plan.**

Dated:   May [__], 2015
        Atlantic City, New Jersey

                            FOX ROTHSCHILD LLP

                    By: _____
                        Michael J. Viscount, Jr., Esq.
                        John H. Strock, Esq.
                        1301 Atlantic Avenue, Suite 400
                        Atlantic City, NJ 08401
                        (609) 348-4515/fax (609) 348-6834
                        mviscount@foxrothschild.com
                        jstrock@foxrothschild.com

                            – and –

                        John K. Cunningham, Esq.
                        (admitted *pro hac vice*)
                        Richard S. Kebrdle, Esq.
                        (admitted *pro hac vice*)
                        Kevin M. McGill, Esq.
                        (admitted *pro hac vice*)
                        WHITE & CASE LLP
                        Southeast Financial Center
                        200 South Biscayne Boulevard, Suite 4900
                        Miami, Florida 33131
                        (305) 371-2700/fax (305) 358-5744
                        jcunningham@whitecase.com
                        rkebrdle@whitecase.com
                        kmcgill@whitecase.com

Americas 90557745 (2K)

*Co-Counsel to the Debtors and Debtors in Possession*

Americas 90557745 (2K)

**Exhibit 6**

(Notice of Non-Voting Status – Unimpaired Classes)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| REVEL AC, INC., <u>et al.</u>, | ) | Case No. 14-22654 (GMB) |
| | ) | |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |
| | ) | |

**NOTICE OF (A) HEARING TO CONSIDER CONFIRMATION OF THE
SECOND AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC.
AND ITS AFFILIATED DEBTORS, (B) TREATMENT OF UNIMPAIRED
CLASSES OF CLAIMS AND EQUITY INTERESTS AND (C) DEADLINE
<u>FOR FILING OBJECTIONS TO THE PLAN</u>**

TO ALL CREDITORS AND EQUITY HOLDERS OF THE DEBTORS
HOLDING CLAIMS OR EQUITY INTERESTS THAT ARE UNIMPAIRED
UNDER THE PLAN AND OTHER PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that on May 4, 2015, the United States Bankruptcy Court
for the District of New Jersey (the "Court") entered an order (the "Order") approving the
disclosure statement (the "Disclosure Statement") relating to the Second Amended Joint Chapter
11 Plan (the "Plan") for Revel AC, Inc. and its affiliated debtors and debtors in possession
(collectively, the "Debtors"). Please note that capitalized terms used but not otherwise defined in
this notice have the meanings set forth in the Plan.

NOTICE IS FURTHER GIVEN that pursuant to the Order, solicitation materials
consisting of a CD-ROM containing a copy of the Disclosure Statement, the Plan and all exhibits
thereto need not be mailed to any holder of an unimpaired claim unless such party makes a
specific request in writing for the same. Such solicitation materials are available upon request to
AlixPartners, LLP ("AlixPartners"), at (888) 369-8931. Additionally, the Plan and Disclosure
Statement are available at www.njb.uscourts.gov and www.revelcaseinfo.com.

NOTICE IS FURTHER GIVEN that under the terms of the Plan, your claim against the
Debtors is not impaired pursuant to section 1124 of the Bankruptcy Code and, therefore,
pursuant to section 1126(f) of the Bankruptcy Code, you are (i) deemed to have accepted the
Plan and (ii) not entitled to vote on the Plan. If you have any questions regarding the status of
your claims, you should contact AlixPartners at (888) 369-8931.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax
identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel
Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors'
corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

**NOTICE IS FURTHER GIVEN** that Section 8.6 of the Plan, entitled "Releases by Creditors and Equity Security Holders," states:

> **Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each holder of a Claim against or Equity Interest in any of the Debtors who either voted in favor of, or is conclusively presumed to have accepted, this Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan or the Disclosure Statement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the negotiation, formulation or preparation of this Plan, the DIP Documents, the Liquidation Trust Agreement, the solicitation of votes with respect to this Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; except, that nothing in this section shall be construed to release any party or entity from willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order; except, further, that the foregoing releases shall not apply to any holder of a Claim or Equity Interest if such holder elects to "opt out" of the releases provided in this Section on its timely submitted ballot.**

Holders of unimpaired claims and equity interests may elect **not** to grant the releases contained in Section 8.6 of the Plan as they relate to the opt-out release parties set forth in Section 8.6 of the Plan ("Opt-Out Election"). Opt-Out Elections must be in writing, and must (a) state the name and address of the holder and the nature and amount of the claim or interest of such party, (b) state with clarity that the holder is making the Opt-Out Election and (c) be received no later than 4:00 p.m., Prevailing Eastern Time, on June 2, 2015, by the Debtors' Solicitation and Tabulation Agent, AlixPartners, REG Claims and Noticing Agent, 2101 Cedar Springs Road, Suite 1100, Dallas, TX 75201, by first class mail, overnight courier or hand delivery. If the Opt-Out Election is not ACTUALLY RECEIVED by 4:00 p.m. Prevailing Eastern Time, on June 2, 2015, it will not be counted. Transmissions by facsimile, telecopy transmission or electronic mail will not be accepted and will not be counted as an Opt-Out Election. Election to withhold consent is at your option. Failure to submit an Opt-Out Election according to the instructions above will be

Americas 90557745 (2K)

**deemed a consent to the releases set forth in Section 8.6 of the Plan to the fullest extent permitted by applicable law.**

NOTICE IS FURTHER GIVEN that the Court has fixed June 9, 2015 at 1:30 p.m., Prevailing Eastern Time, as the date and time for the hearing to consider confirmation of the Plan and related matters (the "Confirmation Hearing"). The Confirmation Hearing will be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, 401 East State Street, 2nd Floor, Room 8, Trenton, New Jersey. The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing.

NOTICE IS FURTHER GIVEN that objections, if any, to the confirmation of the Plan must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or interest of such party, (b) state with particularity the basis and nature of each objection to confirmation of the Plan and (c) be filed, together with proof of service, with the Court and served so that they are received no later than 4:00 p.m., Prevailing Eastern Time, on June 2, 2015, by the Court, and the following parties: (a) Co-Counsel for the Debtors: White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Attn: John K. Cunningham, Esq., and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey, Attn: Michael J. Viscount, Esq.; (b) counsel for the Committee: Cole Schotz P.C., Court Plaza North, 25 Main Street P.O. Box 800, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq.; (c) counsel for the DIP Agent: Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attn: Thomas R. Kreller, Esq.; and (d) the Office of the United States Trustee, District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Mitchell Hausman, Esq. Objections that are not timely filed and served may not be considered by the Bankruptcy Court.

**NOTICE IS FURTHER GIVEN that except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against or Equity Interests in the Debtors or the Estates are, with respect to any such Claims or Equity Interests, permanently enjoined under the Plan and after the Confirmation Date from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect**

**transferee of any property of, or successor in interest to, any of the foregoing Persons; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order, including, but not limited to, the releases and exculpations provided under Sections 8.5, 8.6 and 15.5 of the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan.  Each holder of an Allowed Claim or Allowed Equity Interest shall be deemed to have specifically consented to the injunctions set forth in the Plan.**

Dated:   May [__], 2015
         Atlantic City, New Jersey

                      FOX ROTHSCHILD LLP

          By: _____
                Michael J. Viscount, Jr., Esq.
                John H. Strock, Esq.
                1301 Atlantic Avenue, Suite 400
                Atlantic City, NJ 08401
                (609) 348-4515/fax (609) 348-6834
                mviscount@foxrothschild.com
                jstrock@foxrothschild.com

                    – and –

                John K. Cunningham, Esq.
                (admitted *pro hac vice*)
                Richard S. Kebrdle, Esq.
                (admitted *pro hac vice*)
                Kevin M. McGill, Esq.
                (admitted *pro hac vice*)
                WHITE & CASE LLP
                Southeast Financial Center
                200 South Biscayne Boulevard, Suite 4900
                Miami, Florida 33131
                (305) 371-2700/fax (305) 358-5744
                jcunningham@whitecase.com
                rkebrdle@whitecase.com
                kmcgill@whitecase.com

                *Co-Counsel to the Debtors and Debtors in Possession*

Americas 90557745 (2K)

## **Exhibit 7**

(Notice of Non-Voting Status – Deemed Rejecting Classes)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| REVEL AC, INC., et al., | ) Case No. 14-22654 (GMB) |
|  | ) |
|  | ) Jointly Administered |
| Debtors.[9] | ) |
|  | ) |

**NOTICE OF (A) HEARING TO CONSIDER CONFIRMATION OF THE SECOND
AMENDED JOINT CHAPTER 11 PLAN FOR REVEL AC, INC. AND ITS
AFFILIATED DEBTORS, (B) TREATMENT OF CLASSES OF CLAIMS AND
EQUITY INTERESTS DEEMED TO HAVE REJECTED THE PLAN AND
(C) DEADLINE FOR FILING OBJECTIONS TO THE PLAN**

TO ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS IN THE
DEBTORS THAT ARE DEEMED TO HAVE REJECTED THE PLAN:

NOTICE IS HEREBY GIVEN that on May 4, 2015, the United States Bankruptcy Court
for the District of New Jersey (the "Court") entered an order (the "Order") approving the
disclosure statement (the "Disclosure Statement") relating to the Second Amended Joint Chapter
11 Plan (the "Plan") for Revel AC, Inc. and its affiliated debtors and debtors in possession
(collectively, the "Debtors"). Please note that capitalized terms used but not otherwise defined in
this notice have the meanings set forth in the Plan.

NOTICE IS FURTHER GIVEN that pursuant to the Order, solicitation materials
consisting of a CD-ROM containing a copy of the Disclosure Statement, the Plan and all exhibits
thereto need not be mailed to any holder of a claim or equity interest that has been deemed to
have rejected the Plan unless such party makes a specific request in writing for the same. Such
solicitation materials are available upon request to AlixPartners, LLP ("AlixPartners") at (888)
369-8931. Additionally, the Plan and Disclosure Statement are available at
www.njb.uscourts.gov and www.revelcaseinfo.com.

NOTICE IS FURTHER GIVEN that under the terms of the Plan, all Class 6 – CPR
Claims and Class 7 – Revel Equity Interests will receive no distributions under the Plan.

NOTICE IS FURTHER GIVEN that, because the Class 6 – CPR Claims and Class 7 –
Revel Equity Interests will not receive any distributions on account of their claims and equity
interests, they are deemed, under section 1126(g) of the Bankruptcy Code, to have voted to reject

---

[9]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax
identification number, are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel
Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856). The location of the Debtors'
corporate headquarters is 500 Boardwalk, Atlantic City, New Jersey 08401.

the Plan.  The Debtors will inform the Court of the deemed rejection by the Class 6 – CPR Claims and Class 7 – Revel Equity Interests at the hearing on confirmation of the Plan.  Because no class of holders of claims or interests junior to the Class 6 – CPR Claims and Class 7 – Revel Equity Interests will receive any distribution under the Plan, pursuant to section 1129(b) of the Bankruptcy Code, the Court can confirm the Plan over the deemed rejection by the holders of the CPR Claims and the equity holders of Revel AC, Inc. if the Court finds that the Plan is fair and equitable and that the Plan does not discriminate unfairly.

**NOTICE IS FURTHER GIVEN that Section 8.6 of the Plan, entitled "Releases by Creditors and Equity Security Holders," states:**

> **Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each holder of a Claim against or Equity Interest in any of the Debtors who either voted in favor of, or is conclusively presumed to have accepted, this Plan, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan or the Disclosure Statement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the negotiation, formulation or preparation of this Plan, the DIP Documents, the Liquidation Trust Agreement, the solicitation of votes with respect to this Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; <u>except</u>, that nothing in this section shall be construed to release any party or entity from willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order; <u>except</u>, <u>further</u>, that the foregoing releases shall not apply to any holder of a Claim or Equity Interest if such holder elects to "opt out" of the releases provided in this Section on its timely submitted ballot.**

**Holders of claims and equity interest that are deemed to have rejected the Plan may elect <u>not</u> to grant the releases contained in Section 8.6 of the Plan as they relate to the opt-out release parties set forth in Section 8.6 of the Plan ("Opt-Out Election").  Opt-Out Elections must be in writing, and must (a) state the name and address of the holder and the nature and amount of the claim or interest of such party, (b) state with clarity that the holder is making the Opt-Out Election and (c) be received no later than 4:00 p.m., Prevailing**

**Eastern Time, on June 2, 2015, by the Debtors' Solicitation and Tabulation Agent, AlixPartners, REG Claims and Noticing Agent, 2101 Cedar Springs Road, Suite 1100, Dallas, TX 75201, by first class mail, overnight courier or hand delivery. If the Opt-Out Election is not ACTUALLY RECEIVED by 4:00 p.m. Prevailing Eastern Time, on June 2, 2015, it will not be counted. Transmissions by facsimile, telecopy transmission or electronic mail will not be accepted and will not be counted as an Opt-Out Election. Election to withhold consent is at your option. Failure to submit an Opt-Out Election according to the instructions above will be deemed a consent to the releases set forth in Section 8.6 of the Plan to the fullest extent permitted by applicable law.**

NOTICE IS FURTHER GIVEN that the Court has fixed June 9, 2015 at 1:30 p.m., Prevailing Eastern Time, as the date and time for the hearing to consider confirmation of the Plan and related matters (the "Confirmation Hearing"). The Confirmation Hearing will be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, 401 East State Street, 2nd Floor, Room 8, Trenton, New Jersey. The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing.

NOTICE IS FURTHER GIVEN that objections, if any, to the confirmation of the Plan must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or interest of such party, (b) state with particularity the basis and nature of each objection to confirmation of the Plan and (c) be filed, together with proof of service, with the Court and served so that they are received no later than 4:00 p.m., Prevailing Eastern Time, on June 2, 2015, by the Court, and the following parties: (a) Co-Counsel for the Debtors: White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Attn: John K. Cunningham, Esq., and Fox Rothschild LLP, 1301 Atlantic Avenue, Suite 400, Atlantic City, New Jersey, Attn: Michael J. Viscount, Esq.; (b) counsel for the Committee: Cole Schotz P.C., Court Plaza North, 25 Main Street P.O. Box 800, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq.; (c) counsel for the DIP Agent: Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attn: Thomas R. Kreller, Esq.; and (d) the Office of the United States Trustee, District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Mitchell Hausman, Esq. Objections that are not timely filed and served may not be considered by the Bankruptcy Court.

**NOTICE IS FURTHER GIVEN that except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against or Equity Interests in the Debtors or the Estates are, with respect to any such Claims or Equity Interests, permanently enjoined under the Plan and after the Confirmation Date from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any**

**judgment, award, decree or order against the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estates or any of their Assets, the Liquidation Trustee, the Buyer, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order, including, but not limited to, the releases and exculpations provided under Sections 8.5, 8.6 and 15.5 of the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan.  Each holder of an Allowed Claim or Allowed Equity Interest shall be deemed to have specifically consented to the injunctions set forth in the Plan.**

Dated:   May [__], 2015
       Atlantic City, New Jersey

                    FOX ROTHSCHILD LLP

               By: _____
                    Michael J. Viscount, Jr., Esq.
                    John H. Strock, Esq.
                    1301 Atlantic Avenue, Suite 400
                    Atlantic City, NJ 08401
                    (609) 348-4515/fax (609) 348-6834

                              – and –

                    John K. Cunningham, Esq.
                    (admitted *pro hac vice*)
                    Richard S. Kebrdle, Esq.
                    (admitted *pro hac vice*)
                    Kevin M. McGill, Esq.
                    (admitted *pro hac vice*)
                    WHITE & CASE LLP
                    Southeast Financial Center
                    200 South Biscayne Boulevard, Suite 4900
                    Miami, Florida 33131
                    (305) 371-2700/fax (305) 358-5744

                    *Co-Counsel to the Debtors and Debtors in Possession*