| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br>**MORRISON COHEN LLP**<br>Robert K. Dakis, Esq.<br>909 Third Avenue<br>New York, N.Y. 10022<br>(212) 735-8600<br>bankruptcy@morrisoncohen.com<br><br>*Counsel to American Cut AC Marc Forgione, LLC;*<br>*Azure AC Allegretti, LLC; and Lugo AC, LLC* | |
| In re:<br><br>REVEL AC, INC, *et al*.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 14-22654 (MBK)<br><br>Jointly Administered |

**RESPONSE TO THE DEBTORS' OMNIBUS OBJECTION TO CERTAIN
ADMINISTRATIVE EXPENSE REQUESTS**

American Cut AC Marc Forgione, LLC; Azure AC Allegretti, LLC; and Lugo AC, LLC, (collectively, the "LDV Tenants"), hereby respond to the Debtors' Omnibus Objection to Certain Administrative Expense Requests (Dkt. No. 1634), respectfully representing as follows:

1.     The Debtors have objected to the LDV Tenants' Administrative Expense Requests ("Administrative claims") on the grounds that the LDV Tenants made valid elections under Bankruptcy Code Section 365(h) to remain in possession of their respective properties. As such, the Debtors contend, the LDV Tenants waived their Administrative claims[1]. The LDV

---

[1] The Debtors further contend that the LDV Tenants' leases provided no concrete benefit to the Debtors' estates because the Debtors had shut down operations. The LDV Tenants believe that this assertion is curious, given that according to the Debtors, this same shut-down purportedly saved the Debtors' estates millions of dollars per month

#5746243 v1 \022103 \0032

1

Tenants agree that to the extent that their election is valid, those claims have been waived. However, Polo North Country Club, Inc., ("Polo North") has suggested that the LDV Tenants' election is not valid. As such, to the extent that the Court were to later determine that Polo North is correct in this regard, which it is not, the LDV Tenants must preserve and reserve their existing claims and rights to re-assert their Administrative claims at such time as the Court may make such a determination, if ever.

2.     For the foregoing reasons, the LDV Tenants hereby respectfully request that any Order entered in respect of the Debtors' Omnibus Objection reflect the LDV Tenants' reservation of their rights to re-assert their Administrative claims, as stated herein.


Dated: May 19, 2015
       New York, New York

MORRISON COHEN LLP


/s/ Robert K. Dakis
Robert K. Dakis
909 Third Avenue
New York, NY 10022
(212) 735-8600
bankruptcy@morrisoncohen.com

*Counsel to American Cut AC Marc Forgione, LLC; Azure AC Allegretti, LLC; and Lugo AC, LLC*

---

at the expense of the LDV Tenants' businesses. However, given that the LDV Tenants agree with the Debtors that their Objections under Section 365(h) are valid, the Court need not address that matter at this time.

#5746243 v1 \022103 \0032