JOHN J. HOFFMAN
Acting Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey  08625-0106

By:  Heather Lynn Anderson (15962003)
     Deputy Attorney General
     (609) 984-8150

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| REVEL AC, INC., et al., | ) | Case No.: 14-22654 (MBK) |
| | ) | |
| Debtors. | ) | Hearing Date: June 4, 2015 |

THE STATE OF NEW JERSEY, DIVISION OF TAXATION'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM

The State of New Jersey, Division of Taxation ("N.J. Division") responds to the Debtor's Objection to Claim as follows:

1. In the objection, the Debtor seeks to expunge Claim No. 424 filed by the N.J. Division because "Debtors do not believe that they owed any corporate business tax for 2014 as they did not generate any profit during that period."

2. However, the Debtors fail to recognize that the debt is unrelated to profits, and instead is based upon a tax credit that was not properly earned by the Debtors, and therefore must be repaid to the N.J. Division.

3. Debtor Revel AC, Inc., EIN ending -856, filed its 2012 New Jersey Corporation Business Tax return, on or about May 24, 2013. Exhibit A.

4. On its return, Revel AC claimed a New Jobs Investment Tax Credit in the amount of $12,881,810. Exhibit A, Schedule A-3.

5. Based upon this credit, Revel AC received a refund in the amount of $12,881,810, equal to the New Jobs Investment Tax Credit. Exhibit A, Line 24.

6. On or about April 15, 2014, Revel AC filed an amended 2012 Corporation Business Tax return. Exhibit B.

7. On its amended return, Revel AC increased its 2012 New Jobs Investment Tax Credit from $12,881,810, as originally reported, to $15,083,091. Exhibit B, Schedule A-3.

8. As a result of the increased credit, Revel AC received an additional refund in the amount of $2,201,281. Exhibit B, Line 24.

9. The New Jobs Investment Tax Credit is a credit against Corporation Business Tax for "the direct consequence of the taxpayer's qualified investment in a new or expanded business facility in this State which results in the creation of at least ... 50 new jobs." N.J.S.A. 54:10A-5.6(a).

10. The amount of credit allowed under the New Jobs Investment Credit Act "shall be taken over a five-year period, at

the rate of one-fifth of the amount thereof per tax year." N.J.S.A. 54:10A-5.6(c).

11. If a taxpayer who claimed the New Jobs Investment Tax Credit ceases operation within five years of the claim, then the taxpayer is required to repay some of the credit allowed in earlier years. N.J.S.A. 54:10A-5.10(b). Specifically, the taxpayer must "redetermine the amount of credit allowed in earlier years" by the amount of time the property was actually in use. Ibid. The taxpayer must also file a reconciliation statement with its Corporation Business Tax return for the year in which the business ceased operation, and pay any amounts due resulting from the reduction of credit. Ibid.

12. In the present matter, Debtor claimed the New Jobs Investment Tax Credit beginning in 2012. It ceased operations in 2014, within 5 years of the credit. Therefore, Debtor was required, by statute, to redetermine the applicable credit and claim the amounts due on its 2014 Corporation Business Tax return.

13. To date, Debtors have not filed their 2014 Corporation Business Tax return, nor have debtors filed any reconciliation of the New Jobs Investment Tax Credit, as required by law.

14. The N.J. Division filed a proper proof of claim with an estimate of the amounts due for the 2014 Corporation Business

Taxes resulting from the redetermination of the New Jobs Investment Tax Credit.

15. A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. In re Fullmer, 962 F. 2d 1463 (10th Cir. 1994), Bankr. Rule 3001(f).

16. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. See In re Wells, 51 B.R. 563, 566 (D. Colo 1985), Collier on Bankruptcy, §502.02. ("Should objection be taken, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

17. "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." In re Domme, Jr., 163 B.R. 363 (D. Kan. 1994); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Resyn Corp. v. United States, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994); see also Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (citing that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

18. Here, Debtor has not provided any evidence to overcome the N.J. Division's proof of claim. It has not filed its 2014 Corporation Business Tax return, nor has it filed any reconciliation of the redetermination of credit. Accordingly, the claim should be allowed in full as filed.

For the above stated reasons, the N.J. Division respectfully requests that Debtor's objection to its claim number 424 be denied and the claim be allowed in its entirety. Furthermore, the N.J. Division respectfully requests that the court require the Debtor to file its 2014 Corporation Business Tax return.

```
                              Respectfully submitted,

                              JOHN J. HOFFMAN
                              ACTING ATTORNEY GENERAL OF NEW JERSEY


                    By:   /s/ Heather Lynn Anderson
                          Heather Lynn Anderson
Dated: 5/26/15            Deputy Attorney General
```