**COLE SCHOTZ P.C.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Ryan T. Jareck, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Counsel to Shaun Martin,
Liquidation Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
HONORABLE MICHAEL B. KAPLAN
CASE NO. 14-22654 (MBK)

Chapter 11
(Jointly Administered)

In re:

REVEL AC, INC., *et al.*,[1]

Confirmed Debtors.

**LIQUIDATION TRUSTEE'S REPLY TO OBJECTION OF LYNDON STOCKTON TO LIQUIDATION TRUSTEE'S SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS IMPROPERLY ASSERTED AS PRIORITY CLAIMS**

**HEARING DATE AND TIME:**
January 4, 2016, at 10:00 a.m. (EST)

**ORAL ARGUMENT REQUESTED**

TO:   HONORABLE MICHAEL B. KAPLAN
      United States Bankruptcy Judge

---

[1] The Confirmed Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are: Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).

Shaun Martin, liquidation trustee (the "**Liquidation Trustee**") for Revel AC, Inc. and its affiliated debtors and debtors-in-possession (the "**Confirmed Debtors**"), hereby files his reply (the "**Reply**") to the objection [Docket No. 2015] (the "**Stockton Objection**") of Lyndon Stockton ("**Stockton**") to the Liquidation Trustee's second omnibus objection (substantive) (the "**Objection**") seeking to reclassify certain claims improperly asserted as priority claims, and respectfully states as follows:

**REPLY**

1.  In the Stockton Objection, Stockton asserts he is entitled to a priority claim under Section 507(a)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") for unpaid wages. See Stockton Objection, ¶ 15.

2.  Section 507(a)(4) of the Bankruptcy Code provides for priority claims to the extent of $12,475 for wages, salaries and commissions earned within 180 days of the filing of the petition. 11 U.S.C. § 507(a)(4). Because the primary goal of the Bankruptcy Code is to secure equal distribution among creditors, it is well established that priority statutes are to be strictly construed and that priority should not be given to claims unless found on a clear statutory purpose. See Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 667 (2006) ("[W]e are guided in reaching our decision by the equal distribution objective underlying the Bankruptcy Code, and the corollary principle that provisions allowing preferences must be tightly construed."); Nathanson v. Nat'l Labor Relations Bd., 344 U.S. 25, 29 (1952) ("[I]f one claimant is to be preferred over others, the purpose should be clear from the statute."); see also In re Hutchison, 223 B.R. 586, 588 (Bankr. M.D. Fla. 1998) ("Priority statutes are to be given strict construction since every such claim reduces the funds available to general creditors.").

3. In the Stockton Objection, Stockton concedes that he was terminated on August 24, 2012, which is *664 days* before the June 19, 2014 commencement of these cases (the "**Petition Date**") - - well beyond the 180 day period prior to the Petition Date (*i.e.*, between December 21, 2013 and the Petition Date). See Stockton Objection, Ex. A (narrative to proof of claim). Stockton has not and cannot meet his evidentiary burden of demonstrating that he "earned" wages, salaries and/or commissions during the relevant time period given his August 24, 2012 termination. See In re 710 Long Ridge Rd. Operating Co., II, LLC, 505 B.R. 163, 173 (Bankr. D.N.J. 2014) (it is the claimant's burden to demonstrate by a preponderance of the evidence that its claim is entitled to priority treatment); In re NE Opco, Inc., 2013 WL 5880660, at *4 (Bankr. D. Del. Nov. 1, 2013) (the party asserting priority bears the burden of establishing that its claim qualifies for priority status); 4 COLLIER ON BANKRUPTCY ¶ 507.01 ("[t]he party seeking to establish a priority claim bears the burden of proving that the party's claim qualifies for priority status.").

4. The fact that Stockton and the Debtors were participating in arbitration as of the Petition Date with respect to claims arising out of Stockton's termination on August 24, 2012 does not elevate Stockton's claim to priority status. The character of a claim is fixed at the time the claim arises, and the mere fact that alleged damages may have accrued during the prepetition priority period does not alter the character of the claim itself. See 710 Long Ridge, 505 B.R. at 179. In 710 Long Ridge, the union and National Labor Relations Board filed, among other claims, a claim for priority wages associated with a back-pay claim for alleged unfair labor practices (failure to reinstate striking employees). Id. at 177. The Court found that the date of the alleged unfair labor practice was the relevant date for purposes of determining priority. Id. at 181. The Court further found that the alleged unfair labor practice was not a continuing

actionable violation of the National Labor Relations Act. Id. Because the date of the claim arose outside the priority period, the union and the National Labor Relations Board were not afforded priority claims. Id.

5. Belson v. Olson Rug Company, 483 B.R. 660 (N.D. Ill. 2012) is also on point. In that case, Belson obtained a verdict of $350,865.51 against Olson Rug Company for retaliatory discharge. Belson contended that $11,725 of the claim was entitled to priority under 11 U.S.C. § 507(a)(4). The district court affirmed the bankruptcy court's finding that the claim was not entitled to priority status pursuant to 11 U.S.C. § 507(a)(4). The court found that a terminated employee's claim for wages is earned no later than the date they are terminated. Id. at 664-65. The court held that it did not matter that the damages calculation includes wages that might have been earned during the priority period, had the employee not been unlawfully discharged. The court in Belson relied upon various cases including WARN Act cases. These cases hold damages are earned upon termination and therefore even if the backpay under the WARN Act is calculated based upon compensation that would have been earned during the priority period or post-petition, the claim is an unsecured claim if the termination date is outside the period. Id. at 668 (citing In re Cargo, Inc., 138 B.R. 923, (Bankr. N.D. Iowa 1992); In re Kitty Hawk, Inc., 255 B.R. 428, 438 (Bankr. N.D. Tex 2000); In re Hanlin Grp, Inc., 176 B.R. 329, 333-34 (Bankr. D.N.J. 1995)).

6. Similarly, in In re Gen Info. Servs., 68 B.R. 419 (Bankr. E.D. Pa 1986), the court denied priority status to a severance claim where an employee was terminated prior to the then ninety-day period. In so holding, the court noted that "[t]he fact that payments, 'as a matter of accounting,' were to continue over a three months [sic] period following his termination is irrelevant for the purpose of determining priority status under § 507." Id. at 421; see also In re

Thomaston Mills, Inc., 329 B.R. 780, 783 (Bankr. M.D. Ga. 2005) (severance payment owed to employee prior to the wage priority period was earned upon termination and was not entitled to priority status); In re Murray Indus., Inc., 114 B.R. 749, 751 (Bankr. M.D. Fla. 1990) (employee's claim against employer was classified a general unsecured claim because the claim arose from termination which occurred outside the statutory priority period); In re Eagle Bus Mfg., Inc., 158 B.R. 421, 423 (S.D. Tex. 1993) (rejecting continuing actionable violation argument and denying priority claim);

7. Here, even if Stockton could somehow argue that damages from his alleged unlawful termination would include a component of wages that would continue during the 180 day period - - which the Liquidation Trustee disputes in light of the termination occurring close to two (2) years prior to the Petition Date - - cases that have dealt with the issue of when wages are earned under Section 507 in various contexts consistently rule that the mere fact wages would continue to accrue during the 180–day statutory period does not affect the nature or the fixing of the claim itself. Accordingly, any continuing actionable or accrual argument should be rejected by this Court.

8. For these same reasons, the potential for Stockton to assert a priority claim associated with priority wages in the "Revel 1" case, see Case No. 13-16253 (GMB), does not transform that claim to a priority claim in the present Revel case. Pursuant to the joint plan of reorganization approved in the "Revel 1" case (the "**Revel 1 Plan**"), see Case No. 13-16253 (GMB), Docket No. 281, in exchange for full and final satisfaction, settlement, release and discharge of a priority claim, each holder of such claim shall be paid in full in cash on or as reasonably practicable after the date on which such priority claim against the "Revel 1" debtors becomes an allowed priority claim. To the extent Stockton obtains an allowed priority claim

against the "Revel 1" debtors, his recourse is limited to the "Revel 1" debtors under the Plan. See Plan, Art. VII, § I (governing distributions after allowance) and Art. XI (retention of jurisdiction).

9. Accordingly, in light of the narrow construction of Section 507 of the Bankruptcy Code, and Stockton's failure to demonstrate an entitlement to a priority claim, the Objection should be granted and Stockton should not be afforded a priority claim.

WHEREFORE, for the reasons stated in this Reply and the Objection, the Liquidation Trustee respectfully requests that the Court enter the proposed Order granting the Objection (the "**Proposed Order**"),[2] (a) overruling the Stockton Objection, (b) granting the relief requested in the Objection, and (c) granting such other and further relief that the Court deems just and proper.

Respectfully submitted,

COLE SCHOTZ P.C.
Counsel to Shaun Martin,
Liquidation Trustee

By: _/s/ Ryan T. Jareck_
    Michael D. Sirota
    Warren A. Usatine
    Ryan T. Jareck

DATED: December 29, 2015

---

[2] The Proposed Order is attached hereto as **Exhibit A**. In addition to the Stockton Objection, counsel to the Liquidation Trustee received an informal objection from the Office of the Attorney General as it relates to the proofs of claim filed by the Division of Taxation that are the subject of the Objection. Those claims had previously been released as part of the settlement with the State of New Jersey approved by Order of the Court on June 30, 2015 [Docket No. 1912]. Accordingly, the Proposed Order granting the Objection has removed Claim No. 423 and Claim No. 426 and the informal objection of the Office of the Attorney General is, therefore, moot.

53113/0002-12619099v1

# EXHIBIT A

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>COLE SCHOTZ P.C.<br>A Professional Corporation<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, NJ 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Ryan T. Jareck, Esq.<br>Attorneys for Shaun Martin,<br>Liquidation Trustee |
| In re:<br><br>REVEL AC, INC., *et al.*,[1]<br><br>Confirmed Debtors. |

Case No. 14-22654 (MBK)

(Jointly Administered)

Judge:  Michael B. Kaplan

Chapter 11

**HEARING DATE AND TIME:**
January 4, 2016, at 10:00 a.m. (EST)

# ORDER GRANTING LIQUIDATION TRUSTEE'S SECOND OMNIBUS OBJECTION (SUBSTANTIVE) AND RECLASSIFYING CERTAIN CLAIMS IMPROPERLY ASSERTED AS PRIORITY CLAIMS

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal identification number are:  Revel AC, Inc. (3856), Revel AC, LLC (4456), Revel Atlantic City, LLC (9513), Revel Entertainment Group, LLC (2321), NB Acquisition, LLC (9387) and SI LLC (3856).

53113/0002-12434081v1

(Page 2)
Debtor: REVEL AC, INC., *et al.*
Case No. 14-22654 (MBK)
Caption of Order: ORDER GRANTING LIQUIDATION TRUSTEE'S SECOND OMNIBUS OBJECTION (SUBSTANTIVE) AND RECLASSIFYING CERTAIN CLAIMS IMPROPERLY ASSERTED AS PRIORITY CLAIMS

___

THIS MATTER having been opened to the Court by Shaun Martin, liquidation trustee (the "**Liquidation Trustee**") for Revel AC, Inc. and its affiliated debtors and debtors-in-possession (the "**Confirmed Debtors**"), by and through his counsel, Cole Schotz P.C., upon a second omnibus objection (the "**Objection**") [2] seeking to reclassify certain claims improperly asserted as priority claims (the "**Improperly-Asserted Priority Claims**"); and good and sufficient notice of the Objection having been provided, as evidenced by the Affidavit of Service filed with the Court; and the Court having considered the moving papers, the opposition thereto, if any, and the arguments of counsel, if any; and good cause appearing for the entry of this Order;

IT IS ORDERED as follows:

1. Each of the Improperly-Asserted Priority Claims enumerated in **Exhibit A** attached hereto are **RECLASSIFIED** as general unsecured claims.

2. The Liquidation Trustee is authorized to take any action necessary or appropriate to implement this Order and give effect to the relief granted therein.

3. AlixPartners, the Court-appointed claims agent in the Debtors' cases, is directed to revise the official Claims Registry to reflect the relief granted in this Order.

___

[2] Capitalized terms used not but otherwise defined herein shall have the same meaning ascribed to them in the Objection.

53113/0002-12434081v1

(Page 3)
Debtor: REVEL AC, INC., *et al.*
Case No. 14-22654 (MBK)
Caption of Order: ORDER GRANTING LIQUIDATION TRUSTEE'S SECOND OMNIBUS OBJECTION (SUBSTANTIVE) AND RECLASSIFYING CERTAIN CLAIMS IMPROPERLY ASSERTED AS PRIORITY CLAIMS

_____

4. The Liquidation Trustee has the right to (a) object further to any of the Improperly-Asserted Priority Claims enumerated or mentioned in **Exhibit A** hereto on any additional basis, and (b) amend, modify, or supplement the Objection as may be necessary or appropriate.

5. The Objection comprises many objections to claims, and each of those objections initiates a distinct contested matter as contemplated by FED. R. BANKR. P. 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending an appeal by a claimant (a) would stay the contested matter that involves the claim of that claimant and (b) would not stay the Order with respect to the other contested matters.

6. This Order is without prejudice to the Liquidation Trustee's right to object to any other claim or interest asserted in their cases.

7. The Court retains jurisdiction to hear and determine any matter arising from or related to the Objection or this Order, including its interpretation, enforcement, or implementation.

8. The Court retains jurisdiction over the claimants whose claims are subject to the Objection with respect to any matter arising from or related to the Objection or this Order, including its interpretation, enforcement, or implementation.

9. A true copy of this Order shall be served on all interested parties within seven (7) days of the date hereof.

53113/0002-12434081v1

**Revel Priority Claims**

| CurrentCaseNum | CreditorName | Address | Claim No. | Amount | Asserted Status |
|---|---|---|---|---|---|
| 14-22659 (GMD) | AAAA Bike Shop, Michael Wiesen | 5300 Ventnor Avenue, Ventnor, NJ 08406 | 415 | $452.54 | Priority Claim |
| 14-22659 (GMD) | Action Travel | 5900 Harper Road, Solon, OH 44139 | 54 | $25.00 | Priority Claim |
| 14-22654 (GMD) | Arch Specialty Insurance Company | c/o Francine Petrosino, Arch Insurance Group, 300 Plaza Three - 3rd Floor, Jersey City, NJ 07311 -and- Arch Insurance Group c/o Stroock & Stroock & Lavan LLP, Attn: Gabriel E. Sasson, Esq., 180 Maiden Lane, New York, NY 10038-4982 | 337 | $58,286.00 | Priority Claim |
| 14-22654 (GMD) | CDW, LLC | 200 N. Milwaukee Avenue, Verona Hills, IL 60061, Attn: Vida Krug | 5 | $819.01 | Priority Claim |
| 14-22654 (GMD) | Clark Iii, William H. | PO Box 7563, Atlantic City, NJ 08404 | 59 | $2,150.00 | Priority Claim |
| 14-22659 (GMD) | CONFERENCE DIRECT | P.O. Box 69777, Los Angeles, CA 90069 | 339 | $12,475.00 | Priority Claim |
| 14-22654 (GMD) | Downing, Ronnie W. | 324 Tennessee Avenue, Atlantic City, NJ 08401 | 402 | $1,124.50 | Priority Claim |
| 14-22654 (GMD) | Elton Sr., Leah M. | 6025 Hoover Drive, Mays Landing, NJ 08330 | 442 | $760.00 | Priority Claim |
| 14-22654 (GMD) | Geoffrey Wolf | 3436 Ward Street, Apt. 2, Pittsburgh, PA 15213 | 434 | $30.00 | Priority Claim |
| 14-22654 (GMD) | Glebocki, Theresa | 20 Arlene Drive, Little Egg Harbor, NJ 08087 | 237 | $12,475.00 | Priority Claim |
| 14-22659 (GMD) | HeliFlite Shares LLC | 15 Brewster Road, Attn: Kurt Carlson, CEO, Newark, NJ 07114 | 266 | $1,686.11 | Priority Claim |
| 14-22659 (GMD) | I.U.O.E. Local 68 Employee Benefit Funds | Joint Administration Account, Engineers 68, P.O. Box 805, 14 Fairfield Place, West Caldwell, NJ 07006 | 410 | $122,770.36 | Priority Claim |
| 14-22654 (GMD) | James Ziereis | 721 Shore Road, Linwood, NJ 08221 | 106 | $8,591.00 | Priority Claim |
| 14-22654 (GMD) | John R. Gunnels III | 814 Harlequin Drive, Galloway, NJ 08205 | 414 | $12,475.00 | Priority Claim |
| 14-22654 (GMD) | Lavenson, Lucas R. | 107 S. Argyle Avenue, Margate City, NJ 08402 -and- c/o Cooper Levenson, P.A., Attn: Eric Browndorf, Esq., 1125 Atlantic Ave.,, Atlantic City, NJ 08401 | 109 | $690.55 | Priority Claim |
| 14-22659 (GMD) | Lyndon Stockton | c/o Wilentz, Goldman & Spitzeer, P.A., Attn: David H. Stein, Esq., 90 Woodbridge Center Drive, P.O. Box 10, Woodbridge, NJ 07095 | 126 | $12,475.00 | Priority Claim |
| 14-22659 (GMD) | McNab, Gloria P | 101 S. Plaza Place, Atlantic City, NJ 08401 | 110 | $1,345.26 | Priority Claim |
| 14-22654 (GMD) | Nanta Susevi Cowan | 112 Daphne Drive, Galloway, NJ 08205 | 431 | $900.00 | Priority Claim |
| 14-22654 (GMD) | Onpeak LLC | 350 North Clark, Suite 200, Chicago, IL 60654 | 443 | $4,713.20 | Priority Claim |
| 14-22654 (GMD) | Pickus, Loretta I. | 2317 Burroughs Avenue, Northfield, NJ 08225 | 236 | $12,475.00 | Priority Claim |
| 14-22654 (GMD) | Revel - Alvin Mears | 496 S. Holly Ave., Galloway, NJ 08205 | 444 | $77.35 | Priority Claim |
| 14-22654 (GMD) | Revel Casino | Amal Ashok, 4310 State Road, Drexel Hill, PA 19026 | 446 | $100.00 | Priority Claim |
| 14-22654 (GMD) | Richard Linda Sullivan | 908 Madison Avenue, Toms River, NJ 08757 | 240 | $1,020.00 | Priority Claim |
| 14-22659 (GMD) | Steven L. Ladany | 69 Grandview Blvd., Reading, PA 19609 | 264 | $12,475.00 | Priority Claim |
| 14-22654 (GMD) | Strike Force of New Jersey, Inc. | 51 Progress Street, Union, NJ 07083 | 299 | $17,967.19 | Priority Claim |
| 14-22658 (GMD) | Susan Goldenberg | 11 Jockey Court, Marlboro, NJ 07746 | 428 | $400.00 | Priority Claim |
| 14-22659 (GMD) | The Life in Motion Group LLC | 122 W 26th Street, #1103, New York, NY 10001 | 450 | $67.60 | Priority Claim |